**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE
IDENTIFICATION NO. PA 44099
LAW OFFICES
712 MONROE STREET
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

ATTORNEY FOR: County of Monroe, Monroe County
Office of Children & Youth

---

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY LEE, JAMIE HOAGLAND, AND ABBEY HOAGLAND, Individually and as Co-Administrators of the ESTATE OF MALINDA HOAGLAND, Plaintiffs, <br><br> v. <br><br> COUNTY OF CHESTER, et al. Defendants. | NO. 2:24-cv-04180 <br><br> Jury Trial Demanded |

**Brief in Support of Motion to Dismiss Complaint
Pursuant to Rule 12(b)(6) On Behalf of the Defendants,
County of Monroe and Monroe County Office of Children & Youth**

## I.    Procedural History

The plaintiffs filed a complaint (Doc. No. 1) on August 14, 2024 that

named seven defendants:

1. Chester County and Monroe County Children & Youth Services;

2.   Three schools in Chester County;

3.  One school in Montgomery County; and

4. The Commonwealth of Pennsylvania.

Monroe County and Monroe County Children & Youth Services filed a Rule 12(b)(6) motion to dismiss the plaintiffs' complaint concurrently with this brief.

## II.   Facts

Malinda Hoagland died in Chester County on May 4, 2024 at the age of twelve due to physical abuse allegedly inflicted by her father, Rendell Hoagland, and her step-mother, Cindy Warren. The pair are facing 1st degree murder charges in Chester County.

According to the plaintiffs' complaint, Malinda was enrolled in the Upper Dublin School District in August 2021. Although plaintiffs do not claim that Malinda lived in Monroe County since that time, they allege that when she had been living with her parents in Monroe County several years ago, that Monroe CYS intentionally placed her in their home despite knowing that Warren had a prior history of abusing a child. Complaint, ¶ 1[1].

---

[1] Discovery has just begun but it will reveal that Monroe CYS did not place Malinda in her parents' home.

The plaintiffs sue all defendants for having failed to protect Malinda by removing her from the Hoagland home. The causes of action against the Monroe defendants are:

1. Count 3: State-created danger;

2. Count 7: *Monell* claim for unlawful customs, practices, and policies;

3. Count 11: *Monell* claim for failure to train;

4. Count 15: State law claim for negligence and recklessness which includes a demand for punitive damages;

5. "First Cause of action" against all defendants including Monroe defendants: wrongful death;

6. "Second Cause of action" against all defendants including Monroe defendants: survival action.

The Monroe defendants' motion seeks the dismissal of Monroe CYS because it is not a property party. They seek the dismissal of all claims under Pennsylvania law due to the immunity protections in the Pennsylvania Political Subdivision Tort Claims Act. Finally, they seek the dismissal of the punitive damages claims against the Monroe County defendants because punitive damages are not recoverable as a matter of law against political subdivisions.

## III.   Issues

A.  Should Monroe County CYS be dismissed as a party because it is not a proper Section 1983 defendant?

B.  Are plaintiffs' negligence claims against Monroe County and Monroe County CYS under Pennsylvania state law barred by the immunity provisions in the Pennsylvania Political Subdivision Tort Claims Act?

C.  Are punitive damages recoverable against Monroe County and Monroe County CYS?

## IV.   Argument

### A.   Standard of Review

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Fowler v. UPMC* Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation

omitted). After Twombly and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler, 578 F.3d at 210 (internal quotation marks and citation omitted). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

### B.    Monroe County CYS is not a Proper Section 1983 Defendant

Monroe County CYS is not a proper Section 1983 defendant.

The courts have consistently held that such agencies do not have a separate legal existence from the county itself and therefore cannot be sued independently under Section 1983.

For instance, in *Dennis v. Evans*, 2011 U.S. Dist. LEXIS 25557 (M.D. Pa. 2011), the court found that Luzerne County Children and Youth Services was not a separate entity from the county and could not be sued under Section 1983.; see also *Nin v. Luzerne Cty. Children & Youth Servs.*, 2017 U.S. Dist. LEXIS 175189 (M.D. Pa. 2017), noting that Luzerne CYS is an

agency of Luzerne County and does not have a separate corporate existence; see also *Kane v. Chester County Dep't of Children, Youth & Families*, 10 F. Supp. 3d 671, 685 (E.D. Pa. 2014) ("… I conclude that the Chester County Department of Children, Youth and Families is not a legal entity separate from the County of Chester.").

Therefore, the proper defendant in this case is Monroe County itself, which is already a party, and not its CYS agency.

### C. Negligence Claims Under PA Law are barred by Immunity

In Count 15, the plaintiff includes claims against the County and its CYS agency alleging negligence under state law. These claims are necessarily included in the plaintiffs' wrongful death and survival action. These claims under Pennsylvania law are barred by the immunity protections in the Pennsylvania Political Subdivision Tort Claims Act.

Negligence claims against a county in Pennsylvania are generally barred by the Political Subdivision Tort Claims Act (PSTCA) unless the claim falls within one of the specific exceptions enumerated in the Act. The PSTCA provides broad governmental immunity to local agencies, including counties, shielding them from liability for damages arising from any injury to a person or property caused by any act of the local agency or its

employees, except as otherwise provided by the Act. *Miramontez v. Huss*,
2014 Pa. Dist. & Cnty. Dec. LEXIS 5591 (Allegheny Cty. CCP 2014);
*Williams v. Searfoss*, 2015 Pa. Dist. & Cnty. Dec. LEXIS 33 (Bucks Cty.
CCP, 2015).

To overcome this immunity, a plaintiff must establish that the
negligence falls within one of the nine specific exceptions to immunity
listed in the PSTCA. These exceptions are:

"(b) Acts which may impose liability. — The following acts by a local
agency or any of its employees may result in the imposition of liability on a
local agency:

(1) Vehicle liability.

(2) Care, custody or control of personal property.

(3) Real property.

(4) Trees, traffic controls and street lighting.

(6) Streets.

(7) Sidewalks.

(8) Care, custody or control of animals.

(9) Sexual abuse.

42 Pa. Cons. Stat. Ann. § 8542.

Additionally, the courts have consistently held that these exceptions

must be narrowly construed to fulfill the legislative intent of insulating local agencies from tort liability. "The expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires courts to interpret the exceptions to governmental immunity narrowly against injured plaintiffs." *Thomas v. City of Phila.*, 668 A.2d 292, 297 (Pa. Commw. Ct. 1995). The failure of a County CYS to protect a child from harm does not fit within one of the exceptions to PSTCA immunity. See e.g. *Sayles v. Dep't of Pub. Welfare*, 41 Pa. D. & C.4th 172 (Monroe County C.C.P. 1999).

The plaintiffs have not alleged that Malinda's parents sexually abused her, which is the only abuse exception in the PSTCA. Even if they were to make such a claim, it is the sexual abuse of the agencies' employees that should be the focus of the narrow exception and not the plaintiffs claim against an agency for its failure to protect.

Because Plaintiffs' claims do not fall within any of the exceptions to Tort Claims Act Immunity, no claims under Pennsylvania state law are permissible.

**D. Punitive Damages are not Recoverable against Monroe County or its agency, Monroe County CYS**

Punitive damages are not recoverable against a county in a federal

civil rights lawsuit based on Section 1983 nor are they recoverable under state law.

The Supreme Court has established that municipalities, which include counties, are immune from punitive damages under Section 1983. This principle was affirmed in the case of City of *Newport v. Fact* Concerts, Inc., where the Court held that punitive damages may not be awarded against municipalities under Section 1983. *Wiggins v. McAndrew*, 2018 U.S. Dist. LEXIS 131671 (M.D. Pa. 2018); *Hayes v. Erie County Office of Children & Youth*, 497 F. Supp. 2d 684 (W.D. Pa. 2007); *Yocum v. Hermick*, 2013 U.S. Dist. LEXIS 145002 (W.D. Pa. 2013).

For the same reason, claims for punitive damages against county employees in their official capacities are also barred, as such claims are considered equivalent to claims against the county itself. *Wiggins v. McAndrew*, *supra*.

Punitive damages may be sought only against individual defendants in their personal capacities if their conduct is shown to be motivated by evil motive or intent or involves reckless or callous indifference to the federally protected rights of others. *Wiggins v. McAndrew*, *supra*.

However, in this case, no Monroe County employees are individually named as defendants. Therefore, all punitive damages claims against the

County defendants based on constitutional violations under Section 1983 should be dismissed.

Similarly, even if plaintiff's state law claims were not barred by the Tort Claims Act, there is no right to recovery of punitive damages under state law. In *Westmoreland County Indus. Dev. Auth. v. Allegheny County Bd. of Prop. Assessment, Appeals & Review*, 723 A.2d 1084 (Pa. Cmwlth. 1999), the court explicitly stated that punitive damages are not recoverable against a municipality unless such recovery is expressly authorized by statute. This position is further supported by *Feingold v. SEPTA*, 512 Pa. 567 (Pa. 1986), where the Pennsylvania Supreme Court held that punitive damages against Commonwealth agencies, including counties, are inappropriate due to the public policy implications of punishing taxpayers.

## V.    Conclusion

WHEREFORE, the defendants, Monroe County and Monroe County CYS, request that the court:

(a)    dismiss Monroe County Office of Children & Youth as a party;

(b)  dismiss all negligence and claims under Pennsylvania state law against the defendants; and

(c) dismiss all punitive damages claims.

NEWMAN|WILLIAMS

By: <u>s/ Gerard J. Geiger, Esq.</u>
Attorney I.D. # PA44099

Date: September 3, 2024

Certificate of Service

I hereby certify that, on this date, a copy of this document was served upon all counsel of record via ECF.


NEWMAN|WILLIAMS

By: <u>s/ Gerard J. Geiger, Esq.</u>
                   Attorney I.D. # PA44099

Date: September 3, 2024