IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-4180** |
| | : | |
| **COUNTY OF CHESTER, COUNTY OF MONROE, COATESVILLE AREA SCHOOL DISTRICT, NORTH BRANDYWINE MIDDLE SCHOOL, UPPER DUBLIN SCHOOL DISTRICT, HORACE S. SCOTT MIDDLE SCHOOL, ADELAIDE GRACE, EVE LARGE, DOUG WAEGEL, CATHERINE VAN VOOREN, TOMAS HANNA, KATHRYN LAMOTHE, LAURIE SMITH, STEVEN M YANNI, and EUGENIA ROBERTS** | : | |

# ORDER

**AND NOW**, this 30th day of May 2025, with the benefit of extensive oral argument (ECF 59) on pending Motions to dismiss (ECFs 24, 28, 33, 43) allowing us to better understand the Plaintiffs' theory of state created danger and narrow the parties upon consent, mindful Plaintiffs' prolix allegations are presently inconsistent with Federal Rule 8 and Plaintiffs will benefit from specifying the fact basis for their allegations as to each state actor mindful of our scrutiny of their substantive due process state created danger theory with the benefit of oral argument, consistent with Plaintiffs' alternative requested relief of leave to amend (ECFs 25, 40, 54, 55), and for good cause after balancing the inefficiencies to counsel and parties in granting Plaintiffs leave to today amend rather than further awaiting analysis before granting leave to amend, it is **ORDERED** we:

1.  **DISMISS**, with consent, the claims against Chester County Children, Youth & Families, Monroe County Office of Children & Youth, and the individual state actors in their official capacity <u>only</u> (mindful they may plead claims against the state actors consistent with Rule 11 in their individual capacity subject to further review) requiring we **amend** the caption as above;

2.  **GRANT** Plaintiffs' alternative requests for leave to file an amended Complaint no later than **June 16, 2025** not exceeding thirty-five pages compliant with Federal Rule 8 but specifically defining their fact allegations as to each state actor for which they can plead some nexus to the 2024 harm within our limited subject matter jurisdiction (rather than copying the same conclusions) and consistent with their oral argument mindful they appear to be asking us to further extend our Court of Appeals's 2016 decision in *L.R. v. Sch. Dist. of Phila.*,[1] so as to proceed on the claims giving rise to our federal question subject matter jurisdiction; and,

3.  **DENY** Defendants' Motions to dismiss (ECF 24, 28, 33, 43) as **moot** without prejudice to Defendants timely responding to the second amended Complaint no later than **July 1, 2025** compliant with our Policies.

*[signature]*
**KEARNEY, J.**

---

[1] 836 F.3d 235 (3d Cir. 2016) (kindergarten teacher created danger by permitting student to leave with adult who had no identification as his actions "resulted in a drastic change to the classroom status quo, not a maintenance of a situation that was already dangerous" ); *Kneipp v. Tedder*, 95 F.3d 1199, 1209 (3d Cir.1996) (police created danger by detaining an intoxicated woman, allowing her husband to go home, and then sending the woman home unescorted in the cold because but for their intervention the woman's husband would have escorted her home safely). *But see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989) (the Due Process Clause imposes no affirmative duty to protect a citizen who is not in state custody, although certain special relationships may give rise to an affirmative duty, but returning a child to his father's custody "placed him in no worse position"); *Morrow v. Balaski*, 719 F.3d 160, 171 (3d Cir. 2013) (public

---

schools do not generally have a constitutional duty to protect students from private actors but the "special relationship" exception might arise between a particular school and a particular student under certain and unique circumstances not including a school's *in loco parentis* authority or compulsory attendance laws), *as amended* (June 14, 2013); *Sanford v. Stiles*, 456 F.3d 298, 312 (3d Cir. 2006) (school guidance counselor did not create or enhance the danger of a student committing suicide).