IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND, as Co-Administrators of the Estate of Malinda Hoagland, | : : : : : | CIVIL ACTION |
| v. | : : | NO. 24-4180 |
| COUNTY OF CHESTER, COUNTY OF MONROE, ADELAIDE GRACE, EVE LARGE, and DOUG WAEGEL | : : : : | |

## ORDER

**AND NOW**, this 13th day of August 2025, upon studying the second amended Complaint (ECF 65) filed with leave after extensive oral argument focusing on how the Plaintiffs can plead a substantive due process and municipal liability claim (ECF 62), Defendant Chester County's and its agents' Motion to dismiss (ECF 68), Defendant Coatesville School District's and its Schools' and agents' Motion to dismiss (ECF 69), Upper Dublin School District and its Superintendent's Motion to dismiss (ECF 70), Plaintiffs' Oppositions (ECFs 72, 73, 74), reply Memoranda (ECFs 79, 80. 81), for reasons detailed in today's accompanying Memorandum, and further mindful of the parties' collective obligations towards resolving claims at all stages, it is **ORDERED** we:

1.  **GRANT** the Coatesville School District parties' Motion to dismiss (ECF 69) with prejudice requiring we **dismiss** Coatesville Area School District, North Brandywine Middle School, Horace S. Scott Middle School, Catherine Van Vooren, Tomas Hanna, Kathryn Lamothe, and Eugenia Roberts with prejudice;

2.      **GRANT** the Upper Dublin School District's and Superintendent's Motion to dismiss (ECF 70) with prejudice requiring we **dismiss** Upper Dublin School District and Steven Yanni with prejudice;

3.      **GRANT in part** and **DENY in part** the Chester County parties' Motion to dismiss (ECF 68) requiring we **dismiss** the civil rights and municipal liability claims with prejudice but allowing Plaintiffs to proceed as Co-Administrators for the Estate of Malinda Hoagland solely on the negligence, survival, and wrongful death claims against Chester County, Eve Large, and Doug Waegel requiring they file an Answer to the remaining allegations against them by no later than **August 27, 2025;**

4.      **DISMISS** all claims by the Plaintiffs in their individual capacities with prejudice allowing them to proceed solely as Co-Administrators on behalf of the Estate of Malinda Hoagland;

5.      **AMEND** the caption as above to reflect the parties for the remaining claims;

6.      **DIRECT** the parties' experienced counsel forthwith meaningfully meet and confer (not just email) to begin addressing resolving this long-pending case including requiring:

a. Plaintiffs' counsel email a detailed written Rule 408 demand upon each of the remaining Defendants' counsel no later than **August 20, 2025** with a detailed written response emailed back to the Plaintiffs' counsel by no later than **August 26, 2025;** and,

b. Plaintiffs file a status Memorandum not exceeding three pages **showing cause** on or before **August 28, 2025** as to why we should not appoint a Rule 53 Special Settlement Master chosen by the parties and available over the next three weeks or, absent agreement on the identity of a Special Master, showing cause why we should not appoint court approved mediator Honorable Joseph P. Walsh (Ret.) to promptly meet with counsel at his normal hourly rates and, should

demonstrated good faith progress be shown toward resolving the claims, timely move to adjourn the initial pretrial conference until **September 23, 2025** to allow the parties to engage in meaningful settlement discussions.

_____
KEARNEY, J.