**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND,** | : **CIVIL ACTION** |
| **ABBEY HOAGLAND, as Co-** | : |
| **Administrators of the Estate of Malinda** | : |
| **Hoagland,** | : |
| | : |
| **v.** | : **NO. 24-4180** |
| | : |
| **COUNTY OF CHESTER, COUNTY** | : |
| **OF MONROE, ADELAIDE GRACE,** | : |
| **EVE LARGE, and DOUG WAEGEL** | : |

## ORDER

**AND NOW**, this 27th day of August 2025, upon studying Plaintiffs' Motion for entry of

final judgment (ECF 92) on some but not all their claims based on our August 13, 2025 dismissal

of the federal questions against the state actors who moved for relief (ECF 88), advising

Defendants oppose today's Motion (ECF 92 ¶ 5), reminding the parties we retained supplemental

jurisdiction (given our continuing federal question jurisdiction over the substantive due process

claim against the Monroe County Defendants) over the Pennsylvania law claims against the

Chester County Defendants based on the facts in claims pleaded against all state actors and mindful

of potential third-party claims for contribution given the temporal disconnect between the alleged

conduct involving state actors in Monroe County and Chester County, and finding Plaintiffs do

not meet their burden to appeal before final order through a partial final judgment potentially

resulting in piecemeal appeals, it is **ORDERED** Plaintiffs' Motion (ECF 92) is **DENIED**.[1]

KEARNEY, J.

[1] The deceased Malinda Hoagland's sisters as the Administrators of her Estate now ask we certify a final judgment on part of our August 13, 2025 Order (ECF 88) granting the Motions to dismiss of Coatesville School District, its Schools, and agents, Upper Dublin School District and its Superintendent, and Chester County and its agents in part as to the federal questions. We now proceed on setting a trial date (assuming we retain subject matter and supplemental jurisdiction) on the state law negligence, survival, and wrongful death claims against Chester County and its agents and Monroe County and its agents. We are also presently proceeding on the earlier unchallenged substantive due process and municipal liability claims against Monroe County and its agents pleaded in the Sisters' second amended Complaint. We retained supplemental jurisdiction over the state law claims against Chester County and its agents only because we presently retain federal question jurisdiction over the Sisters' substantive due process claim against Monroe County and its agents.

The Sisters offer no basis for the exception of appeals based only on final orders or specific grants of interlocutory appeals. The Supreme Court through Rule 54(b) provides "when an action presents more than one claim for relief," we may direct "entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). "'Rule '54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.' Rather, '[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice…'" *Stockdale v. Allstate Fire & Cas. Ins. Co.*, No. 19-845, 2020 WL 1701695, at *2 (E.D. Pa. Apr. 8, 2020) (quoting *Panichella v. Pennsylvania R. R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)). The burden is on the party moving for certification. *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003–04 (3d Cir. 1992). We enjoy broad discretion in determining whether certification is appropriate. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

The Sisters must show a credible basis to certify a final decision disposing of some but not all claims when they shotgun sue several "Defendants" for alleging allowing Melinda's father and his partner Ms. Warren to assault Melinda in their home. The Sisters must show (1) there has been a final judgment on the merits; and (2) there is "no just reason for delay." *Diaz v. FCA US LLC*, 134 F.4th 715, 721 (3d Cir. 2025).

The question today, as in many cases, is whether the Sisters show "no just reason for delay" as we dismissed several claims with prejudice two weeks ago. Our Court of Appeals directs us to consider the following factors to determine whether there is "no just reason for delay" possibly allowing a piecemeal appeal: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Id.* at 722 (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

We deny the Sisters' Motion to certify the entry of final judgment on some but not all claims under Rule 54(b). Our Court of Appeals first requires we assess the "relationship between the adjudicated and unadjudicated claims." The dismissed claims against Chester County, Coatesville and Upper Dublin schools, and their agents stem from the same course of events and alleged failures as the surviving state law claims against Monroe County and Chester County and civil rights claims against Monroe County. The Sisters, through multiple attempts at pleading individual liability, instead repeatedly shotgun pleaded failures by "Defendants" generally, including ignoring multiple reports of abuse, misusing authority to release Malinda to Ms. Warren, and disregarding the custody order forbidding Ms. Warren's custody alleging involving Monroe County. The Sisters chose to allege factually intertwined claims across the present and dismissed state actors and questions of causation and responsibility could readily overlap. This factor weighs heavily against certification. *Gerardi v. Pelullo*, 16 F.3d 1363, 1372 (3d Cir. 1994) (reversing Rule 54(b) certification because "the facts underlying the [certified] claim . . . may be intertwined with the remaining issues"); *see also Danieli Corp. v. SMS Grp.*, Inc., No. 21-1716, 2024 WL 5443176, at *2 (W.D. Pa. Oct. 8, 2024); *Wallace v. Powell*, No. 09-286, 2012 WL 642452, at *2 (M.D. Pa. Feb. 28, 2012) ("Rule 54(b) certification is disfavored where the adjudicated and unadjudicated claims share the same legal issues or evidence.").

Our Court of Appeals next requires we consider whether "the possibility that the need for review might or might not be mooted by future developments in the district court." The Sisters argue efficiency favors immediate appeal because early appellate guidance could assist with the remaining claims, i.e., may counsel us on the same facts now before us as to other state actors. But the correct inquiry is whether developments in *this* Court could reduce or eliminate the need for appellate review of the dismissed claims, which is unlikely. The Sisters' own efficiency rationale underscores the factual overlap across the state actors and the risk of duplication, cutting against piecemeal certification. It is also "extremely unlikely" our Court of Appeals would issue a ruling by the time of resolving the remaining claims in this Court over the next few months. *Comcast Cable Comm'ns v. Sprint Comm'ns Co., LP*, No. 12-859, 2016 WL 7231893, *2 (E.D. Pa. Dec. 14, 2016).

Our Court of Appeals next requires us to consider "the possibility that the reviewing court might be obligated to consider the same issue a second time." We find it likely our Court of Appeals will be obligated to consider the same fact issues in a later appeal or appeals taken by either party from final orders. The same facts alleging arising from Monroe County seemingly affect the liability of both the dismissed state actors and the remaining ones from Monroe County and Chester County.

Our Court of Appeals next requires us to consider "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final." This factor is not applicable as to counterclaims. We cannot see how the state actors could sue the Sisters. But the overlapping fact questions create the possibility of later third-party contribution and indemnity claims against the dismissed state actors. We are persuaded by Judge Caputo's reasoning in *Wallace v. Powell*, No. 09-286, 2012 WL 642452 (M.D. Pa. Feb. 28, 2012) finding the *possibility* of setoffs weighed against certification because the remaining defendants could be entitled to a set-off if the court of appeals reinstated the claims against the dismissed defendants. *Id.* at *3. "[T]he presence of a [claim or] counterclaim, which could result in a set-off against any amounts due and owing to the plaintiff, weighs heavily against the grant of 54(b) certification." *Id.* (internal citation omitted). The same concern is present today. Revived claims against the

dismissed state actors could result in a set-off directly affecting a judgment for the remaining parties.

Our Court of Appeals lastly requires us to consider miscellaneous considerations. "Consideration of [judicial administration interests] is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (internal citation omitted). We anticipate trial on the surviving claims. A single consolidated appeal following final judgment is readily more efficient. Immediate appeal will delay the disposition of the remaining claims contrary to judicial economy. These also weigh against certification.

The Sisters do not meet their burden to except the finality mandate and today appeal some of the legal decisions based on facts remaining before us for so long as we can exercise federal question and supplemental jurisdiction.