IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY LEE, JAMIE HOAGLAND, and ABBEY HOAGLAND, Individually and as Co- Administrators of the ESTATE OF MALINDA HOAGLAND<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CHESTER, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: Docket No. 2:24-cv-04180<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Defendants, County of Chester, Eve Large and Doug Waegel's ("Chester County Defendants") Motion for Protective Order, and Memorandum of Law in Support, and any response thereto, it is ORDERED that Defendant's Motion is GRANTED subject to the following limitations: The Court specifically finds that in balancing the respective interests of the Parties in accordance with *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), including the public's interest of maintaining the confidentiality of the records of the Chester County Defendants' investigations of the ChildLine referrals at issue under the Pennsylvania Child Protective Services Act, 23 Pa. C.S. §6339, and the Plaintiffs' interest in access to those records for the purpose of attempting to hold the Defendants responsible for the death of Malinda Hoagland, the Court holds as follows: it is hereby ORDERED that the Chester County Defendants' Confidential Materials which they contend are protected from disclosure by the Pennsylvania Child Protective Services Act, 23 Pa. C.S. §6301*, et seq.* shall be marked by their counsel as "Confidential." Within three (3) business days of this Order, the Confidential Materials shall be disclosed to Plaintiffs' counsel on the

grounds that Plaintiffs' Decedent is a subject of the reports pursuant to 23 Pa. C.S. §6340(b). Thereafter, the Confidential Materials may be disclosed by Plaintiffs' counsel only to Plaintiffs' representatives having a need to possess or review such materials in the course of this litigation, including only the Parties, their counsel and their employees, expert witnesses, witnesses deposed or called to testify at trial, court reporters, videographers, jury consultants, document management services, mediators and court personnel. The Confidential Materials shall not be produced to any member of the public, including the public press, other than those persons or entities identified above. To the extent the Parties elect to file copies of the Confidential Materials with the Court, they shall file a motion to file such Materials under seal. I hereby direct the Chester County Defendants to redact the identity of the mandated reporters making the referrals to ChildLine, together with any information which may disclose the identity of the mandated reporters, and further order that in no event shall the identity of any mandated reporter be disclosed during the course of this litigation. Any person who is granted access to Confidential Materials pursuant to this Order must certify in writing that, as a condition of being provided with a copy of such Confidential Materials, they will maintain the confidentiality of those materials and not disseminate any Confidential Materials or information contained in those materials to other persons, entities or classes of persons not specifically identified in this Order.

                                                    **BY THE COURT:**

                                                    _____
                                                    THE HONORABLE MARK KEARNEY