IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND, as Co-Administrators of the Estate of Malinda Hoagland,** : | **CIVIL ACTION** |
| v. : | **NO. 24-4180** |
| **COUNTY OF CHESTER, COUNTY OF MONROE, ADELAIDE GRACE, EVE LARGE, and DOUG WAEGEL** : | |

# ORDER

**AND NOW**, this 3rd day of September 2025, following today's Initial Pretrial Conference addressing, among other things, the Chester County Defendants' Motion for a protective order (ECF 97) as to mandatory disclosures owed by them to Plaintiffs but also from the District Attorney, and finding good cause for present confidentiality balanced against Plaintiffs' need for specific information, reminding the parties this requested information is not privileged in this Court,[1] it is **ORDERED** the Chester County Defendants' Motion (ECF 97) is **GRANTED in part** and **DENIED in part** requiring:

1. Chester County Defendants produce the Child Protective Services Law documents in their custody and possession as part of their Rule 26 mandatory disclosures solely to counsel of record remaining in this case no later than **5:00 P.M**. on **September 5, 2025** redacting only the reporters' identifying information upon consent and, subject to further review, prohibiting the parties and their counsel from sharing, distributing, or disclosing the redacted Child Protective Services Law documents produced under this Order to anyone other than the Parties, their counsel of record and designated paraprofessionals working on the case, expert witnesses, witnesses

deposed or called to testify at trial (as necessary to develop the testimony), court reporters, videographers, and mediators; and,

2. Defendants' request as to Criminal History Record Information Act documents is **DENIED** as not ripe given no present discovery dispute without prejudice to be renewed should experienced counsel be unable to resolve these issues under our Policies.

_____
**KEARNEY, J.**

---

[1] The Chester County Defendants ask for a protective order limiting discovery under Pennsylvania's Child Protective Services Law. ECF 97. They argue the Child Protective Services Law requires we preclude discovery of confidential materials under the law—like child abuse reports—or limit discovery of these materials. ECF 97-1 at 4–5, 7–15.

But Pennsylvania statutes with confidentiality provisions do not govern discovery disputes in federal court. *See Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000) ("Because . . . discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the state statutory confidentiality provision [appellants invoked] . . . do not directly govern the present dispute . . . . The ultimate issue is whether the discovery sought is permitted as a matter of federal law"). Our Court of Appeals instead instructs us to use Federal Rule of Civil Procedure 26(c) to protect information requested under state statutes like the Child Protective Services Law. *See id.* at 69 (declining "to recognize any of the privileges under which appellants have sought protection from discovery" and noting "a far more appropriate mechanism exists for protecting the legitimate interests at stake: namely, a Rule 26(c) protective order").

We may issue a protective order under Rule 26(c) if the party requesting the order demonstrates "good cause." Fed. R. Civ. P. 26(c). We balance the party requesting discovery's "need for information against the injury that might result if uncontrolled disclosure is compelled" to determine whether the party requesting the order has shown good cause. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (quotation omitted). We consider several factors in this balancing process including whether the party requesting discovery has a legitimate need for the information, whether the party requesting the order has an interest in privacy, and whether sharing the information would promote fairness and efficiency. *See id.* at 787–88.

Balancing the Plaintiffs' and the Chester County Defendants' interests under *Pansy* leads us to

enter a protective order requiring the Chester County Defendants forthwith produce the documents but (1) preventing Plaintiffs from distributing them outside of its trial team and (2) allowing Chester County Defendants to redact information identifying reporters with Plaintiffs' consent. Plaintiffs have a legitimate need for child abuse reports involving Malinda in Chester County Defendants' possession because Plaintiffs claim negligence by the Chester County Defendants in responding to tips related to her. *See* ECF 65. But Chester County—despite being a public entity—has a significant interest in privacy over the reports at this stage of the litigation. *See Pearson*, 211 F.3d at 70 (noting "[t]here is little question that many of [the confidentiality] interests" surrounding abuse reports "are of very substantial weight . . . . it is difficult to overstate the importance of a state's activities directed at the welfare of children . . . . The need to protect the confidence of the children involved in these programs and proceedings is crucial to their maximal effectiveness . . . . It is essential that people be encouraged to make such reports, and confidentiality is a valuable tool to that end"); *Pansy*, 23 F.3d at 787 ("[P]rivacy interests are diminished when the party seeking protection is a public person subject to legitimate scrutiny"). Disclosing the reports without limitation would also not promote fairness and efficiency as it risks polluting a local Chester County jury in the ongoing criminal proceedings against Rendell Hoagland and Cindy Warren. We preclude Plaintiffs from distributing the documents outside of its trial team subject to later review if warranted on a line-by-line basis.

The Chester County Defendants shall, with Plaintiffs' consent today, redact third-party reporter information included in the documents.

Federal law governs our decision to issue a protective order. But it is worth noting today's Order comports with the Child Protective Services Law's confidentiality requirements. The Chester County Defendants argue in the alternative we should protect them from producing the reports because Malinda's Estate is not a subject of the reports and thus cannot request them under the Child Protective Services Law. *See* ECF 97-1 at 4, 7–14; 23 Pa. Cons. Stat. § 6340(b) (limiting requests to "a subject of a report"); 23 Pa. Cons. Stat. § 6303 (defining "subject of the report" to include "[a]ny child, parent, guardian, or other person responsible for the welfare of a child . . ."). But a child's estate administrator is a subject of a report and can request records under the Child Protective Services Law. *See Fetterman v. Westmoreland Cnty. Child.'s Bureau*, 336 A.3d 277, 284–85 (Pa. Commw. Ct. 2025) (reviewing Pennsylvania's Child Protective Services Law and Probate, Estates and Fiduciaries Code and concluding an "Administrator was entitled to receive the requested records, not only because Decedent would have been entitled to receive them as the 'subject of the report' were he alive but also because disclosure would serve the purposes of the [Child Protective Services Law]").