# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND**, and **ABBEY HOAGLAND**, Individually and as Co-administrators of the **ESTATE OF MALINDA HOAGLAND**, <br><br> *Plaintiff*, <br><br> v. <br><br> **COUNTY OF CHESTER.** <br><br> *Defendants*. | CASE NO. 2:24-cv-4180 |

## ORDER

    **AND NOW**, this _____ day of _____, 2025, upon consideration of the Joint Motion for Extension of the Discovery Deadline, it is **ORDERED** that the Court will hold a telephone conference on the _____ day of _____, 2025, at ___:___ A.M./P.M. via ZoomGov ([call-in number]; Meeting ID: --- --- ----; Passcode: ------) to discuss an appropriate amendment and extension of the scheduling order and/or possibility of a partial stay of the proceedings.

 

                                                                                                                   _____

                                                                                                                   **KEARNEY, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND**, and **ABBEY HOAGLAND**, Individually and as Co-administrators of the **ESTATE OF MALINDA HOAGLAND**, <br><br> *Plaintiff*, <br><br> v. <br><br> **COUNTY OF CHESTER.** <br><br> *Defendants*. | CASE NO. 2:24-cv-4180 |

## JOINT MOTION FOR EXTENSION OF THE DISCOVERY DEADLINE

    Plaintiffs submit this Motion, on behalf of all parties jointly, seeking an extension of the current discovery deadline, which is December 15, 2025. (ECF 99 ¶ 1). Pursuant to Section III(B) of Judge Kearney's Policies and Procedures and Local Rule of Civil Procedure 26.1(f), counsel for all parties have outlined the extensive efforts they have made in discovery, to date, in the below Local Rule 26.1(f) Certification.

    Despite making meaningful progress in discovery, due to the complex nature of this case—namely, uncertainties regarding the progress, scheduling, trial, and outcome of the underlying criminal case—the parties request a conference with this Court to set a new discovery deadline. All parties require certain discovery from non-party witnesses in this case, including Rendell Hoagland and Cindy Warren. However, as this Court is aware, Rendell Hoagland and Cindy Warren are criminal defendants awaiting trial on first-degree murder charges pending in the Chester County Court of Common Pleas. The underlying state-court criminal trial has not yet occurred, despite being scheduled and rescheduled multiple times.

Given that the underlying criminal trial has not yet occurred, counsel for all parties fully expect that they will be unable to obtain all the required discovery from various nonparties, including the Chester County District Attorney's Office, West Caln Township Police Department, Rendell Hoagland, and Cindy Warren, within the current discovery deadline. For example, if deposed now, it is fully expected by all parties that Rendell Hoagland and Cindy Warren would each invoke their Fifth Amendment right to remain silent. The parties also fully suspect that the Chester County District Attorney's Office would object to production of any materials in their possession before commencement of the underlying criminal trial.  West Caln Township Police Department objected to a subpoena served by the Chester County Defendants seeking reports and video evidence of its response to the Hoagland home in March 2024, just two months before Malinda's death, on the grounds that such evidence is part of the District Attorney's criminal investigation and prosecution of Hoagland and Warren.

In light of the above, counsel for all parties seek this Court's guidance in amending the existing scheduling order to: (1) ensure the parties can continue to meaningfully engage in all needed discovery, including depositions; but (2) not conclude the discovery deadline and accelerate trial before the parties are able to conduct and conclude non-party discovery unhampered by the underlying criminal case.

**WHEREFORE**, the parties respectfully request that this Honorable Court enter the attached Order and schedule a telephone conference to discuss an appropriate amendment and extension of the scheduling order and/or possibility of a partial stay of the proceedings.

**BOSWORTH LAW, LLC**

By: */s/ Thomas E. Bosworth*
THOMAS E. BOSWORTH, ESQ.
*Counsel for Plaintiffs*

Dated: 11/24/2025

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND**, and **ABBEY HOAGLAND**, Individually and as Co-administrators of the **ESTATE OF MALINDA HOAGLAND**,<br><br>*Plaintiff,*<br><br>v.<br><br>**COUNTY OF CHESTER.**<br><br>*Defendants*. | CASE NO. 2:24-cv-4180 |

## LOCAL RULE 26.1(F) CERTIFICATION

The parties, after reasonable effort, have been unable to complete all discovery despite the following efforts by all counsel:

- The parties have exchanged written interrogatories and requests for documents;

- Chester County Defendants have provided responses to Plaintiff's interrogatories and requests for production of documents;

- The Monroe County Defendants have provided responses to Plaintiff's interrogatories and requests for production of documents;

- Plaintiff is in the process of finalizing Plaintiff's responses to defendants' interrogatories and requests for production of documents, and has already produced documents;

- The parties have scheduled various depositions of various Chester County witnesses to occur on November 24, 2025;

- The parties have had to reschedule depositions of four (4) Chester County witnesses, whose depositions need to occur, due to scheduling conflicts;

- Plaintiff's counsel has requested the depositions of eight (8) additional Chester County witnesses, but due to the commitments of all counsel in this and other matters they have not yet identified mutually available dates for those depositions within the time remaining for discovery;

- Plaintiffs' counsel served on opposing counsel proposed document subpoenas that Plaintiffs' counsel intends to serve this week upon non-parties, Pennsylvania Department of Human Services ("DHS") and the Chester County District Attorney's Office. Defense counsel has not filed objections yet to these proposed subpoenas, but it is suspected there may be objections by defense counsel to one or more of the subpoenas (or some or all of the documents sought in those subpoenas). Either way, the parties expect that the non-party recipients of those subpoenas may lodge objections—namely, the Chester County District Attorney's Office due to the ongoing nature of the underlying criminal case.

- Plaintiff's counsel has agreed to produce the three Plaintiffs for depositions on December 15, 2025;

- Plaintiff's counsel sought supplemental responses from Chester County defendants to certain documents which were provided;

- In addition to producing documents concerning Malinda Hoagland, Chester County Defendants have made several supplemental productions of documents relating to its training and supervision of caseworkers;

- The parties have jointly monitored the status of the underlying criminal case which has not yet gone to trial;

- The parties have fully exchanged initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1);

- Plaintiffs' counsel has reviewed over 500 pages of recently produced records provided by Chester County defendants;

- Counsel for Chester County served a subpoena to produce documents upon non-party, West Caln Township seeking documents and evidence relating to the Police's response to the Hoagland home in March 2024, to which West Caln Township objected on the grounds that the requested documents and other evidence is part of the on-going criminal investigation and prosecution of Rendell Hoagland and Cindy Warren;

- Counsel for all parties have conducted three (3) separate meet-and-confer telephone conferences and exchanged extensive emails to aid in the mutual progress of discovery;

- Plaintiffs' counsel recently identified various portions of documents that were redacted in the documents produced by defendant, Chester County, and Plaintiffs' counsel requested that the unredacted copies of the documents be produced. While the unredacted copies have not been produced, there may be a dispute by Chester County as to whether those redactions were proper and should remain redacted, which would then likely require court intervention;

- Plaintiffs' counsel requested via email on November 23, 2025 that counsel for defendant, Chester County, produce additional documents that have not been produced.

| | |
|---|---|
| **MACMAIN LEINHAUSER, P.C.** | **BOSWORTH DEANGELO, LLC** |
| */s/ David J. MacMain*  <br>DAVID J. MACMAIN, ESQ.  <br>STEPHEN G. RHOADS, ESQ.  <br>*Counsel for Defendant Chester County* | */s/ Thomas E. Bosworth*  <br>THOMAS E. BOSWORTH, ESQ.  <br>*Counsel for Plaintiffs* |
| **NEWMAN WILLIAMS, P.C.** | |
| */s/ Gerard J. Geiger*  <br>GERARD J. GEIGER, ESQ.  <br>*Counsel for Defendant Monroe County* | |

Date: 11/24/2025

## **CERTIFICATE OF SERVICE**

     I, Thomas E. Bosworth, Esquire, hereby certify that the foregoing Motion for Extension of the Discovery Deadline, was served on this date on all counsel via electronic filing and the ECF system.

                                       **BOSWORTH LAW, LLC**

                                       */s/ Thomas E. Bosworth*
                                       THOMAS E. BOSWORTH, ESQ.
                                       *Counsel for Plaintiffs*

Dated: 11/24/2025