# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| EMILY LEE, et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  24-cv-04180 |
| COUNTY OF CHESTER, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Chester County District Attorney's Office
201 W. Market St., Suite 4450, West Chester, PA 19382

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT

| Place: Bosworth DeAngelo LLC<br>123 S. Broad St., Suite 1620 (16th Floor)<br>Philadelphia, PA 19109 | Date and Time:<br><br>12/05/2025 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/22/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | /s/ Thomas E. Bosworth |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiffs, Co-Administrators of Estate of Malinda Hoagland_____ , who issues or requests this subpoena, are:
Thomas E. Bosworth, Esq.; 123 S. Broad St., Suite 1620, Philadelphia, PA; tom@bosworthdeangelo.com; 267-928-4183

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-04180

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

## ATTACHMENT

1.    All documents referring or relating to Malinda Hoagland, Rendell Hoagland, and/or Cindy Warren.

2.    All evidence you have gathered, viewed, or relied upon in any way in your prosecution of Rendell Hoagland for the murder of Malinda Hoagland.

3.    All evidence you have gathered, viewed, or relied upon in any way in your prosecution of Cindy Warren for the murder of Malinda Hoagland.

4.    All emails, letters, correspondence, or other written communications sent by you or anybody at your office to Chester County or any employee, officer, attorney or agent of Chester County, Chester County District Attorney's Office, and/or Chester County Office of Children, Youth and Families ("CYF").

5.    All emails, letters, correspondence, or other written communications received by you or anybody at your office from Chester County or any employee, officer, attorney or agent of Chester County, Chester County District Attorney's Office, and/or Chester County Department of Children, Youth and Families ("CYF").

6.    All emails, letters, correspondence, or other written communications sent by you or anybody at your office to Monroe County or any employee, officer, attorney or agent of Monroe County, Monroe County District Attorney's Office, and/or Monroe County Department of Children, Youth and Families ("CYF").

7.    All emails, letters, correspondence, or other written communications received by you or anybody at your office from Monroe County or any employee, officer, attorney or agent of Monroe County, Monroe County District Attorney's Office, and/or Monroe County Department of Children, Youth and Families ("CYF").

8.    All reports, press releases, statements, or documents provided by you to the press or media referring or relating to Malinda Hoagland or the Malinda Hoagland case.

9.    All video footage obtained by you that depicts Malinda Hoagland either visually or via audio.

10.    All photographs that you have ever obtained, reviewed, and/or relied upon in the Malinda Hoagland case.

11.     All documents, video footage, and evidence referred to or relied upon in any and all criminal complaints, police criminal complaints, and affidavits of probable cause in the Malinda Hoagland criminal case.

12.     All statements obtained by you from any witness related to the Malinda Hoagland case.

13.     All expert reports obtained by you related to the Malinda Hoagland case.

14.     All medical records of Malinda Hoagland that you have obtained, reviewed, and/or relied upon.

15.     All emails, documents, letters, correspondence, or other written communications sent by you or anybody at your office to MacMain Leinhauser, P.C. or any employee, officer, attorney or agent of MacMain Leinhauser, P.C., including but not limited to David MacMain and/or Stephen Rhoads.

16.     All emails, letters, documents, correspondence, or other written communications received by you or anybody at your office from MacMain Leinhauser, P.C. or any employee, officer, attorney or agent of MacMain Leinhauser, P.C., including but not limited to David MacMain and/or Stephen Rhoads.

17.     All physical evidence you have ever obtained, reviewed, and/or relied upon in the Malinda Hoagland case.

# EXHIBIT B

I, Erin Patricia O'Brien, Esquire, hereby declare, pursuant to 18 Pa.C.S. § 4904, that the following statements are true and correct based upon my personal knowledge, information and belief:

1. I serve as the First Assistant District Attorney for the Chester County District Attorney's Office ("DAO"). I also supervise the Child Abuse Unit of the Chester County District Attorney's Office. I have been the First Assistant District Attorney for two years, a member of the District Attorney's Office in Chester County for more than eight years, and previously served for more than twelve years as a trial attorney and supervisor in the Philadelphia District Attorney's Office.

2. The Chester County District Attorney's Office is a law enforcement organization under the laws of the Commonwealth of Pennsylvania, charged with investigating and prosecuting crimes in Chester County, Pennsylvania.

3. I have been the assigned prosecutor in the matters of Commonwealth v. Rendell A. Hoagland, CP-15-CR-0002704-2024 and Commonwealth v. Cindy Marie Warren, CP-15-CR-0002702-2024, since the initiation of these cases. A true and correct copy of the public criminal dockets in the Hoagland and Warren matters are attached hereto as Exhibit A.

4. The final amended criminal complaints in these criminal cases were filed on July 25, 2024. A true and correct copy of these criminal complaints is attached hereto as Exhibit B. Both Defendants in the criminal cases are charged with 282 criminal offenses including Murder of the First Degree and additional charges related to the long-term abuse, neglect and eventual murder of 12-year-old Malinda Hoagland that occurred on May 4, 2024. *Id.* The District Attorney's Office has filed notice of our intent to pursue the death penalty at trial against both defendants.[1] Both Defendants in the criminal matters are incarcerated pending trial. A three-week criminal trial attachment has been issued by President Judge Ann Marie Wheatcraft which is scheduled to begin on Monday, June 8, 2026 at 9 AM.

5. In scheduling trial, counsel for the defense has compiled statistics from both the Commonwealth of Pennsylvania and other states which indicate that the average timeframe between arrest and trial on capital cases is two to three years. The criminal trial in these matters has been scheduled for June 2026, less than two years after the filing of the final amended criminal complaints. The average timeframe for trial in a capital case in the state of Pennsylvania is approximately 2-3 years. Each continuance of the criminal trials has been requested by defense counsel for each defendant, to

---

[1] These Defendants are presumed innocent until proven guilty.

1

prepare for both the guilt and penalty phases of the capital trial. The Commonwealth has not sought a continuance of the trial. *See* Exhibit A, Public Criminal Dockets. This case is moving as expeditiously as possible given the complex nature of a capital case and the defenses involved.

6. On Wednesday, November 26, 2025, a staff member at the Chester County District Attorney's Office was served by a representative for Thomas Bosworth, Esquire with a Subpoena for records related to the Hoagland and Warren matters ("the Subpoena"). Later that same day, the District Attorney's Office received, via email to a general office contact email address, an email from Thomas Bosworth, Esquire attaching the November 26, 2025 Order of the Honorable Mark A. Kearney ("the Order"). Neither the subpoena nor the email came to my attention until after the close of business on the evening of November 26, 2025.[2]

7. The Subpoena and the Order require the DAO to produce the requested documents by Friday, December 5, 2025.

8. Chester County government offices, including the DAO, were closed Thursday, November 27, 2025 and Friday, November 28, 2025 due to the Thanksgiving Holiday.

9. The District Attorney's Office file relating to the Hoagland and Warren criminal prosecutions is voluminous. The file contains thousands of pages of reports, over 30,000 pages of text messages, 20-30 hours of interview video footage, hundreds of videos and still images depicting the child victim shackled to furniture, enduring physical abuse, and being subjected to forced stress positions and physical punishment. A significant amount of video evidence involving the child victim depicts her in a partially or fully unclothed state. *See* Exhibit B, Criminal Complaints.

10. Due to the nature of the offenses and the violent and distressing content of the evidence recovered and reviewed, the District Attorney's Office has confined review of this evidence to myself and the affiant. A protective order, attached as Exhibit C, has been stipulated to by counsel for the defendants and issued by the President Judge, limiting the individuals who may access the materials and under what circumstances. Therefore, it is not an option to seek assistance from other members of the District Attorney's Office in combing through the evidence to comply with the significant time restraints contained in the Order.

---

[2] As noted, I have been the assigned prosecutor on these matters since May 6, 2024. Attorney Bosworth has communicated with me directly via telephone and email throughout the pendency of the criminal matters but no information regarding the request, subpoena or order were directed to me personally or brought to my attention until after the close of business on November 26, 2025.

11. I estimate that it would take *at a minimum,* approximately 8 weeks to review every item in the file to comply with this subpoena. This estimate would require myself and the affiant to forgo our other obligations and investigations, which includes a child sexual abuse jury trial pending since 2021 and a co-defendant child homicide trial.

12. Currently, the trials in the Hoagland and Warren matters are scheduled for June 8, 2026. *See,* Exhibit A.

13. The pending capital murder trial will involve dozens of witnesses and hundreds of pieces of evidence, as well as pre-trial motions, capital jury selection, and penalty phase preparation. I will need months to adequately prepare for this trial. I have very serious concerns that any attempt to comply with the Subpoena would prevent me from preparing for trial and would end up delaying the criminal trial as any disclosures made pursuant to the Subpoena would need to be disclosed to all defense counsel in the criminal matters.

14. Furthermore, Plaintiffs in this civil case will be called as witnesses in the criminal trial. Release of the requested information, which comprises the District Attorney's Office's entire investigative file and includes evidence gathered from dozens of sources such as witnesses; cell phone records, text messages, pictures, and videos; in-home surveillance camera recordings; and email records, to witnesses in the criminal trial who must testify based on their own memory and their personal knowledge would compromise the Defendants' right to a fair trial and the prosecution of these matters. Further, access or review of the materials prior to trial may result in the disqualification of these witnesses in the criminal trial for violations of the rule involving sequestration.

15. Additionally, the public release of any of the requested information, even inadvertently, prior to the conclusion of the criminal trials would taint the jury pool and compromise the criminal Defendants' right to a trial before a fair and impartial jury and the prosecution of these matters.

I, Erin Patricia O'Brien, Esquire, hereby swear and affirm that the facts set forth are true and correct to the best of my knowledge, information and belief.

___12/4/2025___
Date

Erin O'Brien, Esquire
First Assistant District Attorney
Chester County District Attorney's Office

3

# EXHIBIT A

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 1 of 35

### CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Wheatcraft, Ann Marie | Date Filed: 08/30/2024    Initiation Date: 07/25/2024 |
| OTN: N 1006551-0        LOTN: | Originating Docket No: MJ-15306-CR-0000235-2024 |
| Initial Issuing Authority: J Timothy Arndt III | Final Issuing Authority: J Timothy Arndt III |
| Arresting Agency: Chester County County Detective | Arresting Officer: Martin, Bernard S. |
| Complaint/Citation No.: 1014 | Incident Number: CC2400812 |
| County: Chester | Township: W Caln Township |
| Case Local Number Type(s) | Case Local Number(s) |

### STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Complaint Date: | 07/25/2024 |
|---|---|---|---|---|---|
| | | 09/12/2024 | Awaiting Trial | | |
| | | 08/30/2024 | Awaiting Trial | | |
| | | 08/30/2024 | Awaiting Filing of Information | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 2 of 35

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 09/12/2024 | 9:15 am | Arraignment Room 4112 | | Scheduled |
| Call of the Criminal List | 10/25/2024 | 9:30 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 10/28/2024 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 12/06/2024 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Continued |
| Criminal Trial | 12/09/2024 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 01/03/2025 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Continued |
| Criminal Trial | 01/06/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 02/27/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 03/03/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 07/31/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 08/04/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Moved |
| Criminal Trial | 08/18/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 09/12/2025 | 9:30 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 09/16/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 11/07/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 11/10/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Pre-Trial Hearing | 05/08/2026 | 9:30 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 05/07/2024 | County Correctional Facility | Chester County Prison | | Yes |

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 3 of 35

### DEFENDANT INFORMATION

Date Of Birth:      04/07/1971      City/State/Zip:   Coatesville, PA  19320

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Hoagland, Rendell A. |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | H1 | **18 § 2502 §§ A** | Murder Of The First Degree | 10/13/2021 | N 1006551-0 |
| 2 | 2 | H1 | **18 § 903** | Conspiracy - Murder Of The First Degree | 10/13/2021 | N 1006551-0 |
| 3 | 3 | H2 | **18 § 2502 §§ B** | Murder Of The Second Degree | 10/13/2021 | N 1006551-0 |
| 4 | 4 | H2 | **18 § 903** | Conspiracy - Murder Of The Second Degree | 10/13/2021 | N 1006551-0 |
| 5 | 5 | F1 | **18 § 2502 §§ C** | Murder Of The Third Degree | 10/13/2021 | N 1006551-0 |
| 6 | 6 | F1 | **18 § 903** | Conspiracy - Murder Of The Third Degree | 10/13/2021 | N 1006551-0 |
| 7 | 7 | F1 | **18 § 2901 §§ A.13** | Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | N 1006551-0 |
| 8 | 8 | F1 | **18 § 2901 §§ A.13** | Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | N 1006551-0 |
| 9 | 9 | F1 | **18 § 903** | Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | N 1006551-0 |
| 10 | 10 | F1 | **18 § 903** | Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | N 1006551-0 |
| 11 | 11 | F1 | **18 § 3012 §§ B1** | Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 12 | 12 | F1 | **18 § 3012 §§ B1** | Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 13 | 13 | F1 | **18 § 3012 §§ B1** | Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 14 | 14 | F1 | **18 § 3012 §§ B1** | Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 15 | 15 | F1 | **18 § 903** | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 16 | 16 | F1 | **18 § 903** | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 17 | 17 | F1 | **18 § 903** | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 18 | 18 | F1 | **18 § 903** | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | N 1006551-0 |
| 19 | 19 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 20 | 20 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 21 | 21 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 22 | 22 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |

Printed:  12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 4 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 23 | 23 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 24 | 24 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 25 | 25 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 26 | 26 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 27 | 27 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 28 | 28 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 29 | 29 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 30 | 30 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 31 | 31 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 32 | 32 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 33 | 33 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 34 | 34 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | N 1006551-0 |
| 35 | 35 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 36 | 36 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 37 | 37 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 38 | 38 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 39 | 39 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 5 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 40 | 40 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 41 | 41 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 42 | 42 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 43 | 43 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 44 | 44 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 45 | 45 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 46 | 46 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 47 | 47 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 48 | 48 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | N 1006551-0 |
| 49 | 49 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 50 | 50 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 51 | 51 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 52 | 52 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 53 | 53 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 54 | 54 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 55 | 55 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 56 | 56 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 6 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 57 | 57 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 58 | 58 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 59 | 59 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 60 | 60 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 61 | 61 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 62 | 62 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 63 | 63 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 64 | 64 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 65 | 65 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 66 | 66 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 67 | 67 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 68 | 68 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 69 | 69 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 70 | 70 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 71 | 71 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 72 | 72 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 73 | 73 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 74 | 74 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 75 | 75 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 76 | 76 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 7 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 77 | 77 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 78 | 78 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 79 | 79 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 80 | 80 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 81 | 81 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 82 | 82 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 83 | 83 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 84 | 84 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 85 | 85 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 86 | 86 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 87 | 87 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 88 | 88 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 89 | 89 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 90 | 90 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 91 | 91 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 92 | 92 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 93 | 93 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 94 | 94 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 95 | 95 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 96 | 96 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |

Printed:  12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 8 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 97 | 97 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 98 | 98 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 99 | 99 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 100 | 100 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 101 | 101 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 102 | 102 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 103 | 103 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 104 | 104 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 105 | 105 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 106 | 106 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 107 | 107 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 108 | 108 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 109 | 109 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 110 | 110 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 111 | 111 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 112 | 112 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 113 | 113 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 114 | 114 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 115 | 115 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 116 | 116 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 9 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 117 | 117 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 118 | 118 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 119 | 119 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 120 | 120 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 121 | 121 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 122 | 122 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 123 | 123 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 124 | 124 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 125 | 125 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 126 | 126 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 127 | 127 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 128 | 128 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 129 | 129 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 130 | 130 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 131 | 131 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 132 | 132 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 133 | 133 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 134 | 134 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 135 | 135 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 136 | 136 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 10 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 137 | 137 | F2 | 18 § 903 | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 138 | 138 | F2 | 18 § 903 | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 139 | 139 | F2 | 18 § 903 | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 140 | 140 | F2 | 18 § 903 | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | N 1006551-0 |
| 141 | 141 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 142 | 142 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 143 | 143 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 144 | 144 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 145 | 145 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 146 | 146 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 147 | 147 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 148 | 148 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 149 | 149 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 150 | 150 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 151 | 151 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 152 | 152 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 153 | 153 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 154 | 154 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 155 | 155 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 156 | 156 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 157 | 157 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 158 | 158 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 159 | 159 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 160 | 160 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 161 | 161 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 162 | 162 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 163 | 163 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 164 | 164 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 165 | 165 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 166 | 166 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 167 | 167 | F2 | 18 § 2903 §§ C | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 11 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 168 | 168 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 169 | 169 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 170 | 170 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 171 | 171 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 172 | 172 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 173 | 173 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 174 | 174 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 175 | 175 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 176 | 176 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 177 | 177 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 178 | 178 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 179 | 179 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 180 | 180 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 181 | 181 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 182 | 182 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 183 | 183 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 184 | 184 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 185 | 185 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 186 | 186 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 187 | 187 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 188 | 188 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 189 | 189 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 190 | 190 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 191 | 191 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 192 | 192 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 193 | 193 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 194 | 194 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 195 | 195 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 12 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 196 | 196 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 197 | 197 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 198 | 198 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 199 | 199 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 200 | 200 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 201 | 201 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 202 | 202 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 203 | 203 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 204 | 204 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 205 | 205 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 206 | 206 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 207 | 207 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 208 | 208 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 209 | 209 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 210 | 210 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 211 | 211 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 212 | 212 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 213 | 213 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 214 | 214 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 215 | 215 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 13 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 216 | 216 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 217 | 217 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 218 | 218 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 219 | 219 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 220 | 220 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 221 | 221 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 222 | 222 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 223 | 223 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 224 | 224 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 225 | 225 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 226 | 226 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 227 | 227 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 228 | 228 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 229 | 229 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 230 | 230 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 231 | 231 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 232 | 232 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | N 1006551-0 |
| 233 | 233 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 234 | 234 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 235 | 235 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 236 | 236 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 237 | 237 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 238 | 238 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 14 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 239 | 239 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 240 | 240 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 241 | 241 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 242 | 242 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 243 | 243 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 244 | 244 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 245 | 245 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 246 | 246 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 247 | 247 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | N 1006551-0 |
| 248 | 248 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 249 | 249 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 250 | 250 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 251 | 251 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 252 | 252 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 253 | 253 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 254 | 254 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 255 | 255 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 256 | 256 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 257 | 257 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 258 | 258 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 259 | 259 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 260 | 260 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 261 | 261 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 262 | 262 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | N 1006551-0 |
| 263 | 263 | M1 | **18 § 2706 §§ A1** | Terroristic Threats W/ Int To Terrorize Another | 10/13/2021 | N 1006551-0 |
| 264 | 264 | M1 | **18 § 903** | Conspiracy - Terroristic Threats W/ Int To Terrorize Another | 10/13/2021 | N 1006551-0 |
| 265 | 265 | F3 | **18 § 2709.1 §§ A2** | Stalking - Repeatedly Comm. To Cause Fear | 10/13/2021 | N 1006551-0 |
| 266 | 266 | F3 | **18 § 903** | Conspiracy - Stalking - Repeatedly Comm. To Cause Fear | 10/13/2021 | N 1006551-0 |
| 267 | 267 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 268 | 268 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 269 | 269 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 15 of 35

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 270 | 270 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 271 | 271 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 272 | 272 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 273 | 273 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 274 | 274 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 275 | 275 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 276 | 276 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 277 | 277 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 278 | 278 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | N 1006551-0 |
| 279 | 279 | F3 | **18 § 7512 §§ A** | Criminal Use Of Communication Facility | 10/13/2021 | N 1006551-0 |
| 280 | 280 | F3 | **18 § 903** | Conspiracy - Criminal Use Of Communication Facility | 10/13/2021 | N 1006551-0 |
| 281 | 281 | F2 | **18 § 4958 §§ B.1** | Obstruction | 10/13/2021 | N 1006551-0 |
| 282 | 282 | F2 | **18 § 903** | Conspiracy - Obstruction | 10/13/2021 | N 1006551-0 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|------------|------------------|-------------------|--|
|   Sequence/Description |   Offense Disposition | Grade | Section |
|     Sentencing Judge |     Sentence Date | | Credit For Time Served |
|       Sentence/Diversion Program Type |       Incarceration/Diversionary Period | | Start Date |
|         Sentence Conditions | | | |

**Waived for Court (Lower Court)**          Defendant Was Present

| Lower Court Disposition | 08/29/2024 | Not Final | |
|-------------------------|------------|-----------|--|
|   1 / Murder Of The First Degree | Waived for Court (Lower Court) | H1 | 18 § 2502 §§ A |
|   2 / Conspiracy - Murder Of The First Degree | Waived for Court (Lower Court) | H1 | 18 § 903 |
|   3 / Murder Of The Second Degree | Waived for Court (Lower Court) | H2 | 18 § 2502 §§ B |
|   4 / Conspiracy - Murder Of The Second Degree | Waived for Court (Lower Court) | H2 | 18 § 903 |
|   5 / Murder Of The Third Degree | Waived for Court (Lower Court) | F1 | 18 § 2502 §§ C |
|   6 / Conspiracy - Murder Of The Third Degree | Waived for Court (Lower Court) | F1 | 18 § 903 |
|   7 / Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 2901 §§ A.13 |
|   8 / Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 2901 §§ A.13 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 16 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event

| Sequence/Description | Disposition Date | Final Disposition | |
|---|---|---|---|
| | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 9 / Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 10 / Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 11 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 12 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 13 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 14 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 15 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 16 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 17 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 18 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 19 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 20 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 21 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 22 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 23 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 24 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 25 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 26 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 27 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 28 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 29 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 30 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 17 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |
| 31 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 32 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 33 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 34 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 35 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 36 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 37 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 38 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 39 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 40 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 41 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 2702 §§ A1 | |
| 42 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 43 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 44 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 45 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 46 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 47 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 48 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1 | 18 § 903 | |
| 49 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 18 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event

    Sequence/Description

        Sentencing Judge

           Sentence/Diversion Program Type

                Sentence Conditions

Disposition Date

    Offense Disposition

        Sentence Date

           Incarceration/Diversionary Period

Final Disposition

Grade    Section

        Credit For Time Served

           Start Date

| Sequence/Description | Offense Disposition | Grade | Section |
|---|---|---|---|
| 50 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 51 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 52 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 53 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 54 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 55 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 56 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 57 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 58 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 59 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 60 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 61 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 62 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 63 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 64 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 65 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 66 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 67 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 68 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 19 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |
| 69 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 70 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 71 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 72 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 73 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 74 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 75 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 76 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 77 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 78 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 79 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 80 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 81 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 82 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 83 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 84 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 85 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 86 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 87 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 20 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

| | | | |
|---|---|---|---|
| 88 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 89 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 90 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 91 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 92 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 93 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 94 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 95 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 96 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 97 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 98 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 99 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 100 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 101 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 102 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 103 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 104 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 105 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 106 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 21 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event

| Sequence/Description | Disposition Date | Final Disposition | |
|---|---|---|---|
| | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

| | | | |
|---|---|---|---|
| 107 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 108 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 109 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 110 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 111 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 112 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 113 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 114 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 115 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 116 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 117 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 118 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 119 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 120 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 121 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 122 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 123 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 124 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 125 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 22 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition

Sequence/Description | Offense Disposition | Grade | Section

Sentencing Judge | Sentence Date | Credit For Time Served

Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date

Sentence Conditions

| | | | |
|---|---|---|---|
| 126 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 127 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 128 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 129 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 130 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 131 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 132 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 133 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 134 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 135 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 136 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 137 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 138 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 139 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 140 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 141 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 142 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 143 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 144 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 145 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 146 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 147 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 23 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition
Sequence/Description | Offense Disposition | Grade | Section
Sentencing Judge | Sentence Date | | Credit For Time Served
Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date
Sentence Conditions

| | | | |
|---|---|---|---|
| 148 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 149 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 150 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 151 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 152 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 153 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 154 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 155 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 156 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 157 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 158 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 159 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 160 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 161 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 162 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 163 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 164 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 165 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 166 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 167 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 168 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 169 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 170 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 171 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 172 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 173 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 174 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 175 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 176 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 177 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 178 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 179 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 24 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event     Disposition Date     Final Disposition

Sequence/Description     Offense Disposition     Grade     Section

Sentencing Judge     Sentence Date     Credit For Time Served

Sentence/Diversion Program Type     Incarceration/Diversionary Period     Start Date

Sentence Conditions

| Sequence/Description | Offense Disposition | Grade | Section |
|---|---|---|---|
| 180 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 181 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 182 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 183 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 184 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 185 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 186 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 187 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 188 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 189 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 190 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 191 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 192 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 193 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 194 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 195 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 196 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 197 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 198 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 199 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 200 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 201 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 202 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 203 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 204 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 205 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 206 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 207 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 208 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 209 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 210 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 211 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 25 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition

| Sequence/Description | Offense Disposition | Grade | Section |
|---|---|---|---|
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

| | | | |
|---|---|---|---|
| 212 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 213 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 214 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 215 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 216 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 217 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 218 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 219 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 220 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 221 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 222 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 223 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 224 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 225 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 226 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 227 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 228 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 229 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 230 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 231 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 232 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 233 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 234 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 235 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 236 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 237 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 238 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 239 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 240 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 241 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 242 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 243 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 26 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition
Sequence/Description | Offense Disposition | Grade | Section
Sentencing Judge | Sentence Date | Credit For Time Served
Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date
Sentence Conditions

| | | | |
|---|---|---|---|
| 244 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 245 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 246 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 247 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 248 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 249 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 250 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 251 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 252 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 253 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 254 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 255 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 256 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 257 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 258 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 259 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 260 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 261 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 262 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 263 / Terroristic Threats W/ Int To Terrorize Another | Waived for Court (Lower Court) | M1 | 18 § 2706 §§ A1 |
| 264 / Conspiracy - Terroristic Threats W/ Int To Terrorize Another | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 265 / Stalking - Repeatedly Comm. To Cause Fear | Waived for Court (Lower Court) | F3 | 18 § 2709.1 §§ A2 |
| 266 / Conspiracy - Stalking - Repeatedly Comm. To Cause Fear | Waived for Court (Lower Court) | F3 | 18 § 903 |
| 267 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 268 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 269 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 270 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 271 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 272 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 273 / Conspiracy - Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 274 / Conspiracy - Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 27 of 35

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | | | Disposition Date | Final Disposition | |
|---|---|---|---|---|---|
| Sequence/Description | | | Offense Disposition | Grade | Section |
| Sentencing Judge | | | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | | | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | | | |
| 275 / Conspiracy - Poss Instrument Of Crime W/Int | | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 276 / Conspiracy - Poss Instrument Of Crime W/Int | | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 277 / Conspiracy - Poss Instrument Of Crime W/Int | | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 278 / Conspiracy - Poss Instrument Of Crime W/Int | | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 279 / Criminal Use Of Communication Facility | | | Waived for Court (Lower Court) | F3 | 18 § 7512 §§ A |
| 280 / Conspiracy - Criminal Use Of Communication Facility | | | Waived for Court (Lower Court) | F3 | 18 § 903 |
| 281 / Obstruction | | | Waived for Court (Lower Court) | F2 | 18 § 4958 §§ B.1 |
| 282 / Conspiracy - Obstruction | | | Waived for Court (Lower Court) | F2 | 18 § 903 |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name:      Erin Patricia O'Brien <br>      Assistant District Attorney | Name:      Grant Peterson Bloomdahl <br>      Court Appointed |
| Supreme Court No:      200146 | Supreme Court No:      326439 |
| Phone Number(s): | Rep. Status:      Active |
|      610-344-6438      (Phone) | Phone Number(s): |
| Address: |      610-989-7016      (Phone) |
|      Chester County District Attorney's Office <br>      201 W Market St <br>      West Chester, PA 19380 | Address: <br>      535 N Church St Ste 318 <br>      West Chester, PA 19380 |
| | Representing: Hoagland, Rendell A. |
| Name:      Chester County District Attorney's Office <br>      District Attorney | |
| Supreme Court No: | |
| Phone Number(s): | |
|      610-344-6801      (Phone) | |
| Address: | |
|      201 West Market Street <br>      Suite 4450 <br>      West Chester, PA 19380 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 28 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 08/30/2024 | | Court of Common Pleas - Chester County |
| Original Papers Received from Lower Court | | | |
| Chester County District Attorney's Office | | | |
| 08/30/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 08/30/2024 | eService | | Served |
| 1 | 09/12/2024 | | Chester County District Attorney's Office |
| Ready for Trial - Arraigned | | | |
| O'Brien, Erin Patricia | | | |
| 09/13/2024 | eService | | Served |
| 2 | 09/12/2024 | | Chester County District Attorney's Office |
| Information Filed | | | |
| O'Brien, Erin Patricia | | | |
| 09/13/2024 | eService | | Served |
| 1 | 09/20/2024 | | Van de Krol, Yolanda |
| Order Granting Motion for Appointment of Counsel | | | |
| O'Brien, Erin Patricia | | | |
| 09/20/2024 | eService | | Served |
| 1 | 09/23/2024 | | Crichton, Stuart Rolf |
| Request for Disclosure and Discovery | | | |
| O'Brien, Erin Patricia | | | |
| 09/24/2024 | eService | | Served |
| 1 | 10/09/2024 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| O'Brien, Erin Patricia | | | |
| 10/09/2024 | eService | | Served |
| 1 | 10/15/2024 | | Bloomdahl, Grant Peterson |
| Entry of Appearance | | | |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 29 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| O'Brien, Erin Patricia | | | |
| 10/15/2024 | eService | | Served |

---

| | | | |
|---|---|---|---|
| 2 | 10/15/2024 | | Van de Krol, Yolanda |
| Order Granting Motion for Appointment of Counsel | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/15/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/15/2024 | eService | | Served |

---

| | | | |
|---|---|---|---|
| 1 | 10/24/2024 | | Van de Krol, Yolanda |
| Heari ng Notice Returned--Defendant Not Served | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/28/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 10/28/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/28/2024 | eService | | Served |

---

| | | | |
|---|---|---|---|
| 1 | 10/29/2024 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/29/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 10/29/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/29/2024 | eService | | Served |

---

| | | | |
|---|---|---|---|
| 2 | 11/18/2024 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 11/18/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 11/18/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/18/2024 | eService | | Served |

---

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 30 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 12/03/2024 | | Van de Krol, Yolanda |
| Hearing Notice Returned--Defendant Not Served | | | |
| Bloomdahl, Grant Peterson | | | |
| 12/11/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 12/11/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 12/11/2024 | eService | | Served |
| | | | |
| 1 | 12/06/2024 | 12/06/2024 | Wheatcraft, Ann Marie |
| Order - Stipulation | | | |
| Bloomdahl, Grant Peterson | | | |
| 12/10/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 12/10/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 12/10/2024 | eService | | Served |
| | | | |
| 5 | 12/06/2024 | 12/06/2024 | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Bloomdahl, Grant Peterson | | | |
| 12/12/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 12/12/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 12/12/2024 | eService | | Served |
| | | | |
| 2 | 12/13/2024 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 12/13/2024 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 12/13/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 12/13/2024 | eService | | Served |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 31 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 01/03/2025 | | Wheatcraft, Ann Marie |
| Order Granting Motion to Continue Trial | | | |
| Bloomdahl, Grant Peterson | | | |
| 01/07/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 01/07/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/07/2025 | eService | | Served |
| 1 | 01/29/2025 | 01/28/2025 | Wheatcraft, Ann Marie |
| Order of Court - All Terms/Conditions of Stipulation to be Complied with | | | |
| Bloomdahl, Grant Peterson | | | |
| 01/30/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 01/30/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/30/2025 | eService | | Served |
| 2 | 01/29/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 01/29/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 01/29/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/29/2025 | eService | | Served |
| 3 | 01/29/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 01/29/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 01/29/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/29/2025 | eService | | Served |

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 32 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| 1 | 02/14/2025 | | Van de Krol, Yolanda |
|---|---|---|---|
| Hearing Notice Returned--Defendant Not Served | | | |
| Bloomdahl, Grant Peterson | | | |
| 02/18/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 02/18/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 02/18/2025 | eService | | Served |

| 1 | 02/27/2025 | | Wheatcraft, Ann Marie |
|---|---|---|---|
| Order Granting Defense Motion for Continuance of Trial | | | |
| Bloomdahl, Grant Peterson | | | |
| 02/28/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 02/28/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 02/28/2025 | eService | | Served |

| 1 | 04/09/2025 | | Wheatcraft, Ann Marie |
|---|---|---|---|
| Sealed Entry | | | |
| Bloomdahl, Grant Peterson | | | |
| 04/09/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 04/09/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 04/09/2025 | eService | | Served |

| 2 | 07/01/2025 | | Court of Common Pleas - Chester County |
|---|---|---|---|
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 07/01/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 07/01/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 07/01/2025 | eService | | Served |

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 33 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 08/18/2025 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Bloomdahl, Grant Peterson | | | |
| 08/18/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 08/18/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 08/18/2025 | eService | | Served |

| | | | |
|---|---|---|---|
| 2 | 08/25/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 08/25/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 08/25/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 08/25/2025 | eService | | Served |

| | | | |
|---|---|---|---|
| 2 | 09/12/2025 | | Wheatcraft, Ann Marie |
| Order Granting Motion to Continue Trial | | | |
| Bloomdahl, Grant Peterson | | | |
| 09/17/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 09/17/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 09/17/2025 | eService | | Served |

| | | | |
|---|---|---|---|
| 2 | 10/06/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/06/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 10/06/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/06/2025 | eService | | Served |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 34 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 10/10/2025 | | Wheatcraft, Ann Marie |
| Order to pay $6,000.00to as a retainer to Dr. Perrin | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/14/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 10/14/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/14/2025 | eService | | Served |
| 1 | 10/16/2025 | | Van de Krol, Yolanda |
| Hearing Notice Returned--Defendant Not Served | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/22/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 10/22/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/22/2025 | eService | | Served |
| 1 | 10/27/2025 | | Wheatcraft, Ann Marie |
| Scheduling Order | | | |
| Bloomdahl, Grant Peterson | | | |
| 10/27/2025 | eService | | Served |
| Chester County Court Administration | | Chester County Clerk of Courts | |
| 10/27/2025 | E-Mail | | |
| Crichton, Stuart Rolf | | | |
| 10/27/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/27/2025 | eService | | Served |
| 1 | 10/31/2025 | | Chester County Court Administration |
| Trial Notice Beginning Monday June 8, 2026 9am. | | | |
| Bloomdahl, Grant Peterson | | | |
| 11/03/2025 | eService | | Served |
| Crichton, Stuart Rolf | | | |
| 11/03/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/03/2025 | eService | | Served |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002704-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Rendell A. Hoagland

Page 35 of 35

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

2　　　　11/07/2025　　　　　　　　　　Wheatcraft, Ann Marie

Order Granting Defense Motion for Continuance of Trial
Bloomdahl, Grant Peterson
　11/07/2025　　eService　　　　　　　　　Served
Crichton, Stuart Rolf
　11/07/2025　　eService　　　　　　　　　Served
O'Brien, Erin Patricia
　11/07/2025　　eService　　　　　　　　　Served

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 1 of 34

## CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Wheatcraft, Ann Marie | Date Filed: 08/29/2024    Initiation Date: 07/25/2024 |
| OTN: Y 1006458-5    LOTN: | Originating Docket No: MJ-15306-CR-0000236-2024 |
| Initial Issuing Authority: J Timothy Arndt III | Final Issuing Authority: J Timothy Arndt III |
| Arresting Agency: Chester County County Detective | Arresting Officer: Martin, Bernard S. |
| Complaint/Citation No.: 1015 | Incident Number: CC2400812 |
| County: Chester | Township: W Caln Township |
| Case Local Number Type(s) | Case Local Number(s) |

## STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Complaint Date: | 07/25/2024 |
|---|---|---|---|---|---|
| | | 09/12/2024 | Awaiting Trial | | |
| | | 08/29/2024 | Awaiting Trial | | |
| | | 08/29/2024 | Awaiting Filing of Information | | |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 2 of 34

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 09/12/2024 | 9:15 am | Arraignment Room 4112 | | Scheduled |
| Call of the Criminal List | 10/25/2024 | 9:30 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 10/28/2024 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 12/06/2024 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Continued |
| Criminal Trial | 12/09/2024 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 01/03/2025 | 9:00 am | Courtroom 5 | President Judge Ann Marie Wheatcraft | Continued |
| Criminal Trial | 01/06/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 02/27/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 03/03/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 07/31/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 08/04/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Moved |
| Criminal Trial | 08/18/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Call of the Criminal List | 09/12/2025 | 9:30 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 09/16/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Call of the Criminal List | 11/07/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |
| Criminal Trial | 11/10/2025 | 9:00 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Cancelled |
| Pre-Trial Hearing | 05/08/2026 | 9:30 am | Courtroom 1 | President Judge Ann Marie Wheatcraft | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 05/07/2024 | County Correctional Facility | Chester County Prison | | Yes |

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 3 of 34

### DEFENDANT INFORMATION

| Date Of Birth: | 06/22/1978 | City/State/Zip: Coatesville, PA 19320 |
|---|---|---|

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Warren, Cindy Marie |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | H1 | 18 § 2502 §§ A | Murder Of The First Degree | 10/13/2021 | Y 1006458-5 |
| 2 | 2 | H1 | 18 § 903 | Conspiracy - Murder Of The First Degree | 10/13/2021 | Y 1006458-5 |
| 3 | 3 | H2 | 18 § 2502 §§ B | Murder Of The Second Degree | 10/13/2021 | Y 1006458-5 |
| 4 | 4 | H2 | 18 § 903 | Conspiracy - Murder Of The Second Degree | 10/13/2021 | Y 1006458-5 |
| 5 | 5 | F1 | 18 § 2502 §§ C | Murder Of The Third Degree | 10/13/2021 | Y 1006458-5 |
| 6 | 6 | F1 | 18 § 903 | Conspiracy - Murder Of The Third Degree | 10/13/2021 | Y 1006458-5 |
| 7 | 7 | F1 | 18 § 2901 §§ A.13 | Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 8 | 8 | F1 | 18 § 2901 §§ A.13 | Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 9 | 9 | F1 | 18 § 903 | Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 10 | 10 | F1 | 18 § 903 | Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 11 | 11 | F1 | 18 § 3012 §§ B1 | Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 12 | 12 | F1 | 18 § 3012 §§ B1 | Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 13 | 13 | F1 | 18 § 3012 §§ B1 | Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 14 | 14 | F1 | 18 § 3012 §§ B1 | Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 15 | 15 | F1 | 18 § 903 | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 16 | 16 | F1 | 18 § 903 | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 17 | 17 | F1 | 18 § 903 | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 18 | 18 | F1 | 18 § 903 | Conspiracy - Involuntary Servitude - Serious Harm | 10/13/2021 | Y 1006458-5 |
| 19 | 19 | F2 | 18 § 4304 §§ A1 | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 20 | 20 | F2 | 18 § 4304 §§ A1 | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 21 | 21 | F2 | 18 § 4304 §§ A1 | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 22 | 22 | F2 | 18 § 4304 §§ A1 | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 4 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 23 | 23 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 24 | 24 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 25 | 25 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 26 | 26 | F2 | **18 § 4304 §§ A1** | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 27 | 27 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 28 | 28 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 29 | 29 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 30 | 30 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 31 | 31 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 32 | 32 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 33 | 33 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 34 | 34 | F2 | **18 § 903** | Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 10/13/2021 | Y 1006458-5 |
| 35 | 35 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 36 | 36 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 37 | 37 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 38 | 38 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 39 | 39 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 5 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 40 | 40 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 41 | 41 | F1 | **18 § 2702 §§ A1** | Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 42 | 42 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 43 | 43 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 44 | 44 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 45 | 45 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 46 | 46 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 47 | 47 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 48 | 48 | F1 | **18 § 903** | Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | 10/13/2021 | Y 1006458-5 |
| 49 | 49 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 50 | 50 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 51 | 51 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 52 | 52 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 53 | 53 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 54 | 54 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 55 | 55 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 56 | 56 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |

Printed:  12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 6 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 57 | 57 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 58 | 58 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 59 | 59 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 60 | 60 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 61 | 61 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 62 | 62 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 63 | 63 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 64 | 64 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 65 | 65 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 66 | 66 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 67 | 67 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 68 | 68 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 69 | 69 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 70 | 70 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 71 | 71 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 72 | 72 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 73 | 73 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 74 | 74 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 75 | 75 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 76 | 76 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
## CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 7 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 77 | 77 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 78 | 78 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 79 | 79 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 80 | 80 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 81 | 81 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 82 | 82 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 83 | 83 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 84 | 84 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 85 | 85 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 86 | 86 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 87 | 87 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 88 | 88 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 89 | 89 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 90 | 90 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 91 | 91 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 92 | 92 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 93 | 93 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 94 | 94 | F2 | **18 § 2902 §§ C1** | Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 95 | 95 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 96 | 96 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 8 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 97 | 97 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 98 | 98 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 99 | 99 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 100 | 100 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 101 | 101 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 102 | 102 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 103 | 103 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 104 | 104 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 105 | 105 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 106 | 106 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 107 | 107 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 108 | 108 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 109 | 109 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 110 | 110 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 111 | 111 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 112 | 112 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 113 | 113 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 114 | 114 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 115 | 115 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 116 | 116 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 9 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 117 | 117 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 118 | 118 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 119 | 119 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 120 | 120 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 121 | 121 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 122 | 122 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 123 | 123 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 124 | 124 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 125 | 125 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 126 | 126 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 127 | 127 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 128 | 128 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 129 | 129 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 130 | 130 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 131 | 131 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 132 | 132 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 133 | 133 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 134 | 134 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 135 | 135 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 136 | 136 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 10 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 137 | 137 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 138 | 138 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 139 | 139 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 140 | 140 | F2 | **18 § 903** | Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | 10/13/2021 | Y 1006458-5 |
| 141 | 141 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 142 | 142 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 143 | 143 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 144 | 144 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 145 | 145 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 146 | 146 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 147 | 147 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 148 | 148 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 149 | 149 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 150 | 150 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 151 | 151 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 152 | 152 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 153 | 153 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 154 | 154 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 155 | 155 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 156 | 156 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 157 | 157 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 158 | 158 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 159 | 159 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 160 | 160 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 161 | 161 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 162 | 162 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 163 | 163 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 164 | 164 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 165 | 165 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 166 | 166 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 167 | 167 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 11 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 168 | 168 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 169 | 169 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 170 | 170 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 171 | 171 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 172 | 172 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 173 | 173 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 174 | 174 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 175 | 175 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 176 | 176 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 177 | 177 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 178 | 178 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 179 | 179 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 180 | 180 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 181 | 181 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 182 | 182 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 183 | 183 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 184 | 184 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 185 | 185 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 186 | 186 | F2 | **18 § 2903 §§ C** | False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 187 | 187 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 188 | 188 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 189 | 189 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 190 | 190 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 191 | 191 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 192 | 192 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 193 | 193 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 194 | 194 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 195 | 195 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 12 of 34

CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 196 | 196 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 197 | 197 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 198 | 198 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 199 | 199 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 200 | 200 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 201 | 201 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 202 | 202 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 203 | 203 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 204 | 204 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 205 | 205 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 206 | 206 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 207 | 207 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 208 | 208 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 209 | 209 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 210 | 210 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 211 | 211 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 212 | 212 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 213 | 213 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 214 | 214 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 215 | 215 | F2 | 18 § 903 | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 13 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 216 | 216 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 217 | 217 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 218 | 218 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 219 | 219 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 220 | 220 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 221 | 221 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 222 | 222 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 223 | 223 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 224 | 224 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 225 | 225 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 226 | 226 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 227 | 227 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 228 | 228 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 229 | 229 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 230 | 230 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 231 | 231 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 232 | 232 | F2 | **18 § 903** | Conspiracy - False Imprisonment of Minor/Parent | 10/13/2021 | Y 1006458-5 |
| 233 | 233 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 234 | 234 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 235 | 235 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 236 | 236 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 237 | 237 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 238 | 238 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 14 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 239 | 239 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 240 | 240 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 241 | 241 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 242 | 242 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 243 | 243 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 244 | 244 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 245 | 245 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 246 | 246 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 247 | 247 | M2 | **18 § 2701 §§ A1** | Simple Assault | 10/13/2021 | Y 1006458-5 |
| 248 | 248 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 249 | 249 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 250 | 250 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 251 | 251 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 252 | 252 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 253 | 253 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 254 | 254 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 255 | 255 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 256 | 256 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 257 | 257 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 258 | 258 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 259 | 259 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 260 | 260 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 261 | 261 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 262 | 262 | M2 | **18 § 903** | Conspiracy - Simple Assault | 10/13/2021 | Y 1006458-5 |
| 263 | 263 | M1 | **18 § 2706 §§ A1** | Terroristic Threats W/ Int To Terrorize Another | 10/13/2021 | Y 1006458-5 |
| 264 | 264 | M1 | **18 § 903** | Conspiracy - Terroristic Threats W/ Int To Terrorize Another | 10/13/2021 | Y 1006458-5 |
| 265 | 265 | F3 | **18 § 2709.1 §§ A2** | Stalking - Repeatedly Comm. To Cause Fear | 10/13/2021 | Y 1006458-5 |
| 266 | 266 | F3 | **18 § 903** | Conspiracy - Stalking - Repeatedly Comm. To Cause Fear | 10/13/2021 | Y 1006458-5 |
| 267 | 267 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 268 | 268 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 269 | 269 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 15 of 34

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 270 | 270 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 271 | 271 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 272 | 272 | M1 | **18 § 907 §§ A** | Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 273 | 273 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 274 | 274 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 275 | 275 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 276 | 276 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 277 | 277 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 278 | 278 | M1 | **18 § 903** | Conspiracy - Poss Instrument Of Crime W/Int | 10/13/2021 | Y 1006458-5 |
| 279 | 279 | F3 | **18 § 7512 §§ A** | Criminal Use Of Communication Facility | 10/13/2021 | Y 1006458-5 |
| 280 | 280 | F3 | **18 § 903** | Conspiracy - Criminal Use Of Communication Facility | 10/13/2021 | Y 1006458-5 |
| 281 | 281 | F2 | **18 § 4958 §§ B.1** | Obstruction | 10/13/2021 | Y 1006458-5 |
| 282 | 282 | F2 | **18 § 903** | Conspiracy - Obstruction | 10/13/2021 | Y 1006458-5 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|------------|------------------|-------------------|--|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Waived for Court (Lower Court)**          Defendant Was Present

| Lower Court Disposition | 08/29/2024 | Not Final | |
|-------------------------|------------|-----------|--|
| 1 / Murder Of The First Degree | Waived for Court (Lower Court) | H1 | 18 § 2502 §§ A |
| 2 / Conspiracy - Murder Of The First Degree | Waived for Court (Lower Court) | H1 | 18 § 903 |
| 3 / Murder Of The Second Degree | Waived for Court (Lower Court) | H2 | 18 § 2502 §§ B |
| 4 / Conspiracy - Murder Of The Second Degree | Waived for Court (Lower Court) | H2 | 18 § 903 |
| 5 / Murder Of The Third Degree | Waived for Court (Lower Court) | F1 | 18 § 2502 §§ C |
| 6 / Conspiracy - Murder Of The Third Degree | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 7 / Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 2901 §§ A.13 |
| 8 / Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 2901 §§ A.13 |

Printed:  12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 16 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event<br>Sequence/Description<br>Sentencing Judge<br>Sentence/Diversion Program Type<br>Sentence Conditions | Disposition Date<br>Offense Disposition<br>Sentence Date<br>Incarceration/Diversionary Period | Final Disposition<br>Grade Section<br>Credit For Time Served<br>Start Date |
|---|---|---|
| 9 / Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 10 / Conspiracy - Kidnapping of Minor - Inflict Bodily Injury | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 11 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 12 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 13 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 14 / Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 3012 §§ B1 |
| 15 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 16 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 17 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 18 / Conspiracy - Involuntary Servitude - Serious Harm | Waived for Court (Lower Court) | F1 | 18 § 903 |
| 19 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 20 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 21 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 22 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 23 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 24 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 25 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 26 / Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 4304 §§ A1 |
| 27 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 28 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 29 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 30 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

<b>DOCKET</b>



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 17 of 34

<b>DISPOSITION SENTENCING/PENALTIES</b>

Disposition

| Case Event<br>Sequence/Description<br>Sentencing Judge<br>Sentence/Diversion Program Type<br>Sentence Conditions | Disposition Date<br>Offense Disposition<br>Sentence Date<br>Incarceration/Diversionary Period | Final Disposition<br>Grade    Section<br>Credit For Time Served<br>Start Date |
|---|---|---|
| 31 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2    18 § 903 |
| 32 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2    18 § 903 |
| 33 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2    18 § 903 |
| 34 / Conspiracy - Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | Waived for Court (Lower Court) | F2    18 § 903 |
| 35 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 36 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 37 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 38 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 39 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 40 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 41 / Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 2702 §§ A1 |
| 42 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 43 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 44 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 45 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 46 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 47 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 48 / Conspiracy - Aggravated Assault - Attempts to cause SBI or causes injury with extreme indifference | Waived for Court (Lower Court) | F1    18 § 903 |
| 49 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2    18 § 2902 §§ C1 |

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 18 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |
| 50 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 51 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 52 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 53 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 54 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 55 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 56 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 57 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 58 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 59 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 60 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 61 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 62 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 63 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 64 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 65 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 66 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 67 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |
| 68 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 | |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 19 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition

Sequence/Description | Offense Disposition | Grade | Section

Sentencing Judge | Sentence Date | Credit For Time Served

Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date

Sentence Conditions

| | | | |
|---|---|---|---|
| 69 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 70 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 71 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 72 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 73 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 74 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 75 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 76 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 77 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 78 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 79 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 80 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 81 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 82 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 83 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 84 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 85 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 86 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 87 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 20 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event

| Sequence/Description | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |

| | | | |
|---|---|---|---|
| 88 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 89 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 90 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 91 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 92 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 93 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 94 / Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 2902 §§ C1 |
| 95 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 96 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 97 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 98 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 99 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 100 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 101 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 102 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 103 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 104 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 105 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 106 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 21 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event

| Sequence/Description | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |

| | | | |
|---|---|---|---|
| 107 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 108 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 109 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 110 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 111 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 112 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 113 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 114 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 115 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 116 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 117 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 118 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 119 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 120 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 121 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 122 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 123 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 124 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 125 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 22 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition

Sequence/Description | Offense Disposition | Grade | Section

Sentencing Judge | Sentence Date | Credit For Time Served

Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date

Sentence Conditions

| | | | |
|---|---|---|---|
| 126 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 127 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 128 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 129 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 130 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 131 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 132 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 133 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 134 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 135 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 136 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 137 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 138 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 139 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 140 / Conspiracy - Unlawful Restraint of Minor/Parent - Risk of Bodily Injury | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 141 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 142 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 143 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 144 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 145 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 146 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 147 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 23 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event     Disposition Date     Final Disposition

    Sequence/Description     Offense Disposition     Grade     Section

      Sentencing Judge     Sentence Date     Credit For Time Served

       Sentence/Diversion Program Type     Incarceration/Diversionary Period     Start Date

        Sentence Conditions

| Sequence/Description | Offense Disposition | Grade | Section |
|---|---|---|---|
| 148 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 149 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 150 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 151 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 152 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 153 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 154 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 155 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 156 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 157 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 158 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 159 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 160 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 161 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 162 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 163 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 164 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 165 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 166 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 167 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 168 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 169 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 170 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 171 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 172 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 173 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 174 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 175 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 176 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 177 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 178 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |
| 179 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 24 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |
| 180 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 181 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 182 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 183 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 184 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 185 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 186 / False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 2903 §§ C | |
| 187 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 188 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 189 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 190 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 191 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 192 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 193 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 194 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 195 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 196 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 197 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 198 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 199 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 200 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 201 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 202 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 203 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 204 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 205 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 206 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 207 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 208 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 209 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 210 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |
| 211 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 25 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition
Sequence/Description | Offense Disposition | Grade   Section
Sentencing Judge | Sentence Date | Credit For Time Served
Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date
Sentence Conditions

| | Disposition | Grade | Section |
|---|---|---|---|
| 212 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 213 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 214 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 215 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 216 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 217 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 218 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 219 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 220 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 221 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 222 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 223 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 224 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 225 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 226 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 227 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 228 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 229 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 230 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 231 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 232 / Conspiracy - False Imprisonment of Minor/Parent | Waived for Court (Lower Court) | F2 | 18 § 903 |
| 233 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 234 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 235 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 236 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 237 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 238 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 239 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 240 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 241 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 242 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 243 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 26 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event | Disposition Date | Final Disposition
Sequence/Description | Offense Disposition | Grade | Section
Sentencing Judge | Sentence Date | Credit For Time Served
Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date
Sentence Conditions

| Sequence/Description | Offense Disposition | Grade | Section |
|---|---|---|---|
| 244 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 245 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 246 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 247 / Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 248 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 249 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 250 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 251 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 252 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 253 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 254 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 255 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 256 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 257 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 258 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 259 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 260 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 261 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 262 / Conspiracy - Simple Assault | Waived for Court (Lower Court) | M2 | 18 § 903 |
| 263 / Terroristic Threats W/ Int To Terrorize Another | Waived for Court (Lower Court) | M1 | 18 § 2706 §§ A1 |
| 264 / Conspiracy - Terroristic Threats W/ Int To Terrorize Another | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 265 / Stalking - Repeatedly Comm. To Cause Fear | Waived for Court (Lower Court) | F3 | 18 § 2709.1 §§ A2 |
| 266 / Conspiracy - Stalking - Repeatedly Comm. To Cause Fear | Waived for Court (Lower Court) | F3 | 18 § 903 |
| 267 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 268 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 269 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 270 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 271 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 272 / Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 273 / Conspiracy - Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 274 / Conspiracy - Poss Instrument Of Crime W/Int | Waived for Court (Lower Court) | M1 | 18 § 903 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 27 of 34

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | | Disposition Date | Final Disposition | |
|---|---|---|---|---|
| Sequence/Description | | Offense Disposition | Grade | Section |
| Sentencing Judge | | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | | |
| 275 / Conspiracy - Poss Instrument Of Crime W/Int | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 276 / Conspiracy - Poss Instrument Of Crime W/Int | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 277 / Conspiracy - Poss Instrument Of Crime W/Int | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 278 / Conspiracy - Poss Instrument Of Crime W/Int | | Waived for Court (Lower Court) | M1 | 18 § 903 |
| 279 / Criminal Use Of Communication Facility | | Waived for Court (Lower Court) | F3 | 18 § 7512 §§ A |
| 280 / Conspiracy - Criminal Use Of Communication Facility | | Waived for Court (Lower Court) | F3 | 18 § 903 |
| 281 / Obstruction | | Waived for Court (Lower Court) | F2 | 18 § 4958 §§ B.1 |
| 282 / Conspiracy - Obstruction | | Waived for Court (Lower Court) | F2 | 18 § 903 |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| <u>Name:</u>  Erin Patricia O'Brien<br>Assistant District Attorney | <u>Name:</u>  Stephen F. Delano<br>Public Defender |
| <u>Supreme Court No:</u>  200146 | <u>Supreme Court No:</u>  066524 |
| <u>Phone Number(s):</u> | <u>Rep. Status:</u>  Active |
| 610-344-6438    (Phone) | <u>Phone Number(s):</u> |
| <u>Address:</u> | 610-344-6964    (Phone) |
| Chester County District Attorney's Office<br>201 W Market St<br>West Chester, PA  19380 | <u>Address:</u><br>Chester Co Public Defender<br>201 W Market St<br>West Chester, PA  19380 |
| <u>Name:</u>  Chester County District Attorney's Office<br>District Attorney | Representing: Warren, Cindy Marie |
| <u>Supreme Court No:</u> | |
| <u>Phone Number(s):</u> | |
| 610-344-6801    (Phone) | |
| <u>Address:</u> | |
| 201 West Market Street<br>Suite 4450<br>West Chester, PA  19380 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

CPCMS 9082

Printed:  12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 28 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 08/29/2024 | | Court of Common Pleas - Chester County |
| Original Papers Received from Lower Court | | | |
| Chester County District Attorney's Office | | | |
| 08/29/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 08/29/2024 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 09/12/2024 | | Chester County District Attorney's Office |
| Ready for Trial - Arraigned | | | |
| O'Brien, Erin Patricia | | | |
| 09/13/2024 | eService | | Served |

| | | | |
|---|---|---|---|
| 2 | 09/12/2024 | | Chester County District Attorney's Office |
| Information Filed | | | |
| O'Brien, Erin Patricia | | | |
| 09/13/2024 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 09/17/2024 | | Delano, Stephen F. |
| Entry of Appearance | | | |
| O'Brien, Erin Patricia | | | |
| 09/18/2024 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 09/18/2024 | | Delano, Stephen F. |
| Entry of Appearance | | | |
| O'Brien, Erin Patricia | | | |
| 09/18/2024 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 10/09/2024 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Delano, Stephen F. | | | |
| 10/09/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/09/2024 | eService | | Served |

CPCMS 9082

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 29 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 10/21/2024 | | Van de Krol, Yolanda |
| Hearing Notice Returned--Defendant Not Served | | | |
| Delano, Stephen F. | | | |
| 10/22/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/22/2024 | eService | | Served |
| 1 | 10/29/2024 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Delano, Stephen F. | | | |
| 10/29/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/29/2024 | eService | | Served |
| 2 | 11/18/2024 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Delano, Stephen F. | | | |
| 11/18/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/18/2024 | eService | | Served |
| 1 | 11/22/2024 | | Barkawi, Sameer Mohammed |
| Entry of Appearance | | | |
| Delano, Stephen F. | | | |
| 11/22/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/22/2024 | eService | | Served |
| 1 | 12/09/2024 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance | | | |
| Barkawi, Sameer Mohammed | | | |
| 12/09/2024 | eService | | Served |
| Delano, Stephen F. | | | |
| 12/09/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 12/09/2024 | eService | | Served |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 30 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 2 | 12/13/2024 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Barkawi, Sameer Mohammed | | | |
| 12/13/2024 | eService | | Served |
| Delano, Stephen F. | | | |
| 12/13/2024 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 12/13/2024 | eService | | Served |
| 1 | 01/03/2025 | | Wheatcraft, Ann Marie |
| Order Granting Motion to Continue Trial | | | |
| Barkawi, Sameer Mohammed | | | |
| 01/07/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 01/07/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/07/2025 | eService | | Served |
| 1 | 01/17/2025 | 01/17/2025 | Wheatcraft, Ann Marie |
| Order for All Terms/Conditions of Stipulation to be Complied with | | | |
| Barkawi, Sameer Mohammed | | | |
| 01/21/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 01/21/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/21/2025 | eService | | Served |
| 1 | 01/29/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Barkawi, Sameer Mohammed | | | |
| 01/29/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 01/29/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/29/2025 | eService | | Served |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 31 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 2 | 01/29/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Barkawi, Sameer Mohammed | | | |
| 01/29/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 01/29/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 01/29/2025 | eService | | Served |
| 1 | 02/27/2025 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Barkawi, Sameer Mohammed | | | |
| 02/28/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 02/28/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 02/28/2025 | eService | | Served |
| 2 | 07/01/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Barkawi, Sameer Mohammed | | | |
| 07/01/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 07/01/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 07/01/2025 | eService | | Served |
| 1 | 08/18/2025 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Barkawi, Sameer Mohammed | | | |
| 08/18/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 08/18/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 08/18/2025 | eService | | Served |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 32 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 2 | 08/25/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Barkawi, Sameer Mohammed | | | |
| 08/25/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 08/25/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 08/25/2025 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 09/16/2025 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Barkawi, Sameer Mohammed | | | |
| 09/16/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 09/16/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 09/16/2025 | eService | | Served |

| | | | |
|---|---|---|---|
| 2 | 10/06/2025 | | Court of Common Pleas - Chester County |
| Hearing Notice | | | |
| Barkawi, Sameer Mohammed | | | |
| 10/06/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 10/06/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/06/2025 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 10/16/2025 | | Van de Krol, Yolanda |
| Hearing Notice Returned--Defendant Not Served | | | |
| Barkawi, Sameer Mohammed | | | |
| 10/22/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 10/22/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/22/2025 | eService | | Served |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 33 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 10/27/2025 | | Wheatcraft, Ann Marie |
| Scheduling Order | | | |
| Barkawi, Sameer Mohammed | | | |
| 10/27/2025 | eService | | Served |
| Chester County Court Administration | E-Mail | Chester County Clerk of Courts | |
| 10/27/2025 | E-Mail | | |
| Delano, Stephen F. | | | |
| 10/27/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 10/27/2025 | eService | | Served |
| 1 | 10/31/2025 | | Chester County Court Administration |
| Attorney Attachment Letter | | | |
| Barkawi, Sameer Mohammed | | | |
| 11/03/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 11/03/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/03/2025 | eService | | Served |
| 1 | 11/03/2025 | | Chester County Court Administration |
| Attorney Attachment Letter | | | |
| Barkawi, Sameer Mohammed | | | |
| 11/03/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 11/03/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/03/2025 | eService | | Served |
| 2 | 11/07/2025 | | Wheatcraft, Ann Marie |
| Order Granting Defense Motion for Continuance of Trial | | | |
| Barkawi, Sameer Mohammed | | | |
| 11/07/2025 | eService | | Served |
| Delano, Stephen F. | | | |
| 11/07/2025 | eService | | Served |
| O'Brien, Erin Patricia | | | |
| 11/07/2025 | eService | | Served |

Printed: 12/01/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF CHESTER COUNTY

## DOCKET



**Docket Number: CP-15-CR-0002702-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Cindy Marie Warren

Page 34 of 34

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
| --- | --- | --- | --- |
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# EXHIBIT B

**POLICE CRIMINAL COMPLAINT**
COMMONWEALTH OF PENNSYLVANIA
VS.

| COMMONWEALTH OF PENNSYLVANIA COUNTY OF CHESTER | | DEFENDANT: *(NAME and ADDRESS):* |
|---|---|---|

Magisterial District Number: **15-3-06**
MDJ: Hon. **J. TIMOTHY ARNDT III**
Address: **4824 HORSESHOE PIKE**
**PO BOX 237**
**HONEY BROOK, PA 19344**
Telephone: **(610) 455-1110**

DEFENDANT: *(NAME and ADDRESS):*

**RENDELL**    **A**    **HOAGLAND**
First Name    Middle Name    Last Name    Gen.

**260    REID ROAD**
**COATESVILLE    PA    19320**

**NCIC Extradition Code Type**

| | | |
|---|---|---|
| ☐ 1-Felony Full | ☐ 5-Felony Pend. | ☐ C-Misdemeanor Surrounding States  ☐ Distance: |
| ☐ 2-Felony Ltd. | ☐ 6-Felony Pend. Extradition Determ. | ☐ D-Misdemeanor No Extradition |
| ☒ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending |
| ☐ 4-Felony No Ext | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition Determ. |

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint | Incident Number | Request Lab Services? |
|---|---|---|---|---|---|
| CR-235 24 | 07/25/24 | N 1006551-0 | 1014 | CC-24-00812 | ☐ YES ☒ NO |

| GENDER | DOB 4/7/1972 | POB | | Add'l DOB | Co-Defendant(s) ☐ |
|---|---|---|---|---|---|
| ☒ Male | AKA  First Name | Middle Name | | Last Name | Gen. |
| ☐ Female | | | | | |

| RACE | ☒ White | ☐ Asian | ☐ Black | ☐ Native American | | ☐ Unknown |
|---|---|---|---|---|---|---|
| ETHNICITY | ☐ Hispanic | | ☒ Non-Hispanic | | ☐ Unknown | |

| HAIR COLOR | ☐ GRY (Gray) | ☐ RED (Red/Aubn.) | ☐ SDY (Sandy) | ☐ BLU (Blue) | ☐ PLE (Purple) | ☒ BRO (Brown) |
|---|---|---|---|---|---|---|
| | ☐ BLK (Black) | ☐ ONG (Orange) | ☐ WHI (White) | ☐ XXX (Unk/Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☐ BLN (Blonde / Strawberry) | | | | | |

| EYE COLOR | ☐ BLK (Black) | ☐ BLU (Blue) | ☐ BRO (Brown) | ☐ GRN (Green) | ☐ GRY (Gray) |
|---|---|---|---|---|---|
| | ☒ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknown) |

| DNA ☐ YES ☒ NO | DNA Location | | WEIGHT (lbs.) |
|---|---|---|---|
| FBI Number | MNU Number | | **300** |
| Defendant Fingerprinted: ☒ YES ☐ NO | | | Ft. HEIGHT In. |
| Fingerprint Classification: | | | **5    10** |

**DEFENDANT VEHICLE INFORMATION**

| Plate # | State | Hazmat ☐ | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. ☐ |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the attorney for the Commonwealth ☒ Approved   ☐ Disapproved Because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth Prior to filing. See Pa.R.Crim.P. 507).

**ERIN O'BRIEN, 1ST ASSISTANT DA**
(Name of the attorney for the Commonwealth)    (Signature of the attorney for the Commonwealth)    7/25/2024
(Date)

I, **BERNARD S MARTIN**    36152    D11
(Name of the Affiant)    PSP/MPOETC-Assigned Affiant ID Number and Badge #

of **Chester County Detectives**    **PA0154500**
(Identify Department or Agency Represented and Political Subdivision)    (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as

   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at [245] West Cain Township
   (Subdivision Code)    (Place-Political Subdivision)

   **260  REID ROAD   COATESVILLE, PA 19320**

   in _____**CHESTER**_____ County [ **15** ] on or about _____**Between 10/13/2021 and 05/04/2024**_____
   (County Code)    (Offense Date)

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First<br>RENDELL | | Middle:<br>A | Last:<br>HOAGLAND | |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered _____ through _____ .

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

BERNARD S MARTIN

_____     7/25/24     _____
                            (Date)         (Signature of Affiant)

AND NOW, on this date July 25, 2024 I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

15-3-06
(Magisterial District Court Number)          (Issuing Authority)

*(seal: Commonwealth of Pennsylvania, County of Chester, Magisterial District Judge, 15-3-06)*

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>RENDELL | Middle:<br>A | Last:<br>HOAGLAND | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 2502 | A | of the | 18 | 1 | H1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Murder Of The First Degree**

Acts of the accused associated with this Offense:
**The actor committed the offense of criminal homicide constituting murder in the first degree by intentionally causing the death of Malinda Hoagland, another human being, in violation of Section 2501 and 2502(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S.-2501 and -2502(a), as amended.**

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 2502 | A | of the | 18 | 1 | H1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Murder Of The First Degree**

Acts of the accused associated with this Offense:
**The actor committed the offense of criminal homicide constituting murder in the first degree by intentionally causing the death of Malinda Hoagland, another human being, in violation of Section 2501 and 2502(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S.-2501 and -2502(a), as amended.**

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First: RENDELL | Middle: A | | Last: HOAGLAND | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | 3 Offense # | 2502 Section | B Subsection | of the | 18 PA Statute (Title) | 1 Counts | H2 Grade | 999 NCIC Code | 09A UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Murder Of The Second Degree

Acts of the accused associated with this Offense:
The actor committed the offense of criminal homicide constituting murder of the second degree when the death of Malinda Hoagland occurred while the said actor was engaged as a principal or an accomplice in the perpetration of a felony, in violation of Sections 2501 and 2502(b) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(b), as amended.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | 4 Offense # | 2502 Section | B Subsection | of the | 18 PA Statute (Title) | 1 Counts | H2 Grade | 999 NCIC Code | 09A UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Murder Of The Second Degree

Acts of the accused associated with this Offense:
The actor committed the offense of criminal homicide constituting murder of the second degree when the death of Malinda Hoagland occurred while the said actor was engaged as a principal or an accomplice in the perpetration of a felony, in violation of Sections 2501 and 2502(b) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(b), as amended.

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>RENDELL | Middle:<br>A | | Last:<br>HOAGLAND |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ | Attempt<br>18 901 A | | ☐ | Solicitation<br>18 902 A | | ☐ | Conspiracy<br>18 903 | | Number of Victims Age 60 or Older _____ | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| ☐ | 5 | 2502 | C | of the | 18 | 1 | F1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Murder Of The Third Degree

Acts of the accused associated with this Offense:
**The actor committed the offense of criminal homicide constituting murder of the third degree by unlawfully, feloniously and maliciously killing and murdering Malinda Hoagland, in violation of Sections 2501 and 2502(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(c), as amended.**

| Inchoate<br>Offense | ☐ | Attempt<br>18 901 A | | ☐ | Solicitation<br>18 902 A | | ☒ | Conspiracy<br>18 903 | | Number of Victims Age 60 or Older _____ | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| ☐ | 6 | 2502 | C | of the | 18 | 1 | F1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Murder Of The Third Degree

Acts of the accused associated with this Offense:
**The actor committed the offense of criminal homicide constituting murder of the third degree by unlawfully, feloniously and maliciously killing and murdering Malinda Hoagland, in violation of Sections 2501 and 2502(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(c), as amended.**

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: RENDELL | Middle: A | Last: HOAGLAND | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 7 | 2901 | A.13 | of the | 18 | 2 | F1 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Kidnapping of Minor - Inflict Bodily Injury**

Acts of the accused associated with this Offense:
**2901. Kidnapping.**

**(a.1) Kidnapping of a minor.---A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with any of the following intentions:**

**(3) To inflict bodily injury on or to terrorize the victim or another.**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 8 | 2901 | A.13 | of the | 18 | 2 | F1 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Kidnapping of Minor - Inflict Bodily Injury**

Acts of the accused associated with this Offense:
**2901. Kidnapping.**

**(a.1) Kidnapping of a minor.---A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with any of the following intentions:**

**(3) To inflict bodily injury on or to terrorize the victim or another.**

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First: RENDELL | Middle: A | Last: HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense: | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older ___ |
|---|---|---|---|---|

| ☐ | 9 | 3012 | B1 | of the | 18 | 4 | F1 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Involuntary Servitude - Serious Harm**

Acts of the accused associated with this Offense:
**3012. Involuntary servitude.**

**(a) Offense defined.**--A person commits a felony of the first degree if the person knowingly, through any of the means described in subsection (b), subjects an individual to labor servitude or sexual servitude, except where the conduct is permissible under Federal or State law other than this chapter.

**(b) Means of subjecting an individual to involuntary servitude.**--A person may subject an individual to involuntary servitude through any of the following means:

**(1) Causing or threatening to cause serious harm to any individual.**

| Inchoate Offense: | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older ___ |
|---|---|---|---|---|

| ☐ | 10 | 3012 | B1 | of the | 18 | 4 | F1 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Involuntary Servitude - Serious Harm**

Acts of the accused associated with this Offense:
**3012. Involuntary servitude.**

**(a) Offense defined.**--A person commits a felony of the first degree if the person knowingly, through any of the means described in subsection (b), subjects an individual to labor servitude or sexual servitude, except where the conduct is permissible under Federal or State law other than this chapter.

**(b) Means of subjecting an individual to involuntary servitude.**--A person may subject an individual to involuntary servitude through any of the following means:

**(1) Causing or threatening to cause serious harm to any individual.**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First: RENDELL | Middle: A | Last: HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 11 | 4304 | A1 | of the | 18 | 8 | F2 | 3802 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Endangering Welfare of Children - Parent/Guardian/Other Comm**

Acts of the accused associated with this Offense:
**4304. Endangering welfare of children.**

**(a) Offense defined.--**

**(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 12 | 4304 | A1 | of the | 18 | 8 | F2 | 3802 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Endangering Welfare of Children - Parent/Guardian/Other Comm**

Acts of the accused associated with this Offense:
**4304. Endangering welfare of children.**

**(a) Offense defined.--**

**(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First:<br>RENDELL | Middle:<br>A | Last:<br>HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 13 | 2702 | A1 | of the | 18 | 7 | F1 | 1303 | 13A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Aggravated Assault - Attempts to cause SBI or causes injury**

Acts of the accused associated with this Offense:
**The actor attempted to cause serious bodily injury to Malinda Hoagland or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, in violation of Section 2702 (a) (1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2702 (a) (1), as amended.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 14 | 2702 | A1 | of the | 18 | 7 | F1 | 1303 | 13A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Aggravated Assault - Attempts to cause SBI or causes injury**

Acts of the accused associated with this Offense:
**The actor attempted to cause serious bodily injury to Malinda Hoagland or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, in violation of Section 2702 (a) (1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2702 (a) (1), as amended.**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>RENDELL | Middle:<br>A | | Last:<br>HOAGLAND | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 15 | 2902 | C1 | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Unlawful Restraint of Minor/Parent - Risk of Bodily Injury**

Acts of the accused associated with this Offense:
**(c)  Unlawful restraint of minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly:**

**(1)  restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 16 | 2902 | C1 | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Unlawful Restraint of Minor/Parent - Risk of Bodily Injury**

Acts of the accused associated with this Offense:
**(c)  Unlawful restraint of minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly:**

**(1)  restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>RENDELL | Middle:<br>A | | Last:<br>HOAGLAND | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 17 | 2903 | C | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**False Imprisonment of Minor/Parent**

Acts of the accused associated with this Offense:
**2903. False imprisonment**

**(c) False imprisonment of a minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 18 | 2903 | C | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**False Imprisonment of Minor/Parent**

Acts of the accused associated with this Offense:
**2903. False imprisonment**

**(c) False imprisonment of a minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First:<br>RENDELL | Middle:<br>A | Last:<br>HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 19 | 2701 | A1 | of the | 18 | 15 | M2 | 1313 | 13B |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):

**Simple Assault**

Acts of the accused associated with this Offense:

**The actor attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Malinda Hoagland, in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2701(a)(1), as amended**

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 20 | 2701 | A1 | of the | 18 | 15 | M2 | 1313 | 13B |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):

**Simple Assault**

Acts of the accused associated with this Offense:

**The actor attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Malinda Hoagland, in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2701(a)(1), as amended**

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First: RENDELL | Middle: A | Last: HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 21 | 2706 | A1 | of the | 18 | 1 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Terroristic Threats W/ Int To Terrorize Another**

Acts of the accused associated with this Offense:
**The actor communicated a threat, either directly or indirectly, to commit a crime of violence with the intent to terrorize Malinda Hoagland, in violation of Section 2706(a)(1)of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2706(a)(1), as amended.**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 22 | 2706 | A1 | of the | 18 | 1 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Terroristic Threats W/ Int To Terrorize Another**

Acts of the accused associated with this Offense:
**The actor communicated a threat, either directly or indirectly, to commit a crime of violence with the intent to terrorize Malinda Hoagland, in violation of Section 2706(a)(1)of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2706(a)(1), as amended.**

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>RENDELL | Middle:<br>A | Last:<br>HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 23 | 2709.1 | A2 | of the | 18 | 1 | F3 | 3802 | 13C |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Stalking - Repeatedly Comm. To Cause Fear**

Acts of the accused associated with this Offense:
**The actor engaged in a course of conduct or repeatedly communicated to Malinda Hogaland under circumstances which demonstrated either an Intent to place that person in reasonable fear of bodily injury or to cause substantial emotional distress to that person, in violation of Section 2709.1(a)(2) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2709.1(a)(2), as amended.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 24 | 2709.1 | A2 | of the | 18 | 1 | F3 | 3802 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Stalking - Repeatedly Comm. To Cause Fear**

Acts of the accused associated with this Offense:
**The actor engaged in a course of conduct or repeatedly communicated to Malinda Hogaland under circumstances which demonstrated either an Intent to place that person in reasonable fear of bodily injury or to cause substantial emotional distress to that person, in violation of Section 2709.1(a)(2) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2709.1(a)(2), as amended.**

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:  RENDELL | Middle:  A | | Last:  HOAGLAND | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 25 | 907 | A | of the | 18 | 6 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Poss Instrument Of Crime W/Int**

Acts of the accused associated with this Offense:
**The actor, in the course of the commission of a felony, or in the attempt to commit a felony, used or wore body armor, or had in his control, custody or possession body armor, in violation of Section 907(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(c), as amended.   The actor possessed one or more instruments of crime, namely, Leg Shackles, Spatula, Belt, Microphone wire, Books, Camera System, with intent to employ it or them criminally, in violation of Section 907(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(a).**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 26 | 907 | A | of the | 18 | 6 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Poss Instrument Of Crime W/Int**

Acts of the accused associated with this Offense:
**The actor, in the course of the commission of a felony, or in the attempt to commit a felony, used or wore body armor, or had in his control, custody or possession body armor, in violation of Section 907(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(c), as amended.   The actor possessed one or more instruments of crime, namely, Leg Shackles, Spatula, Belt, Microphone wire, Books, Camera System, with intent to employ it or them criminally, in violation of Section 907(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(a).**

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First<br>RENDELL | Middle:<br>A | Last:<br>HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 27 | 7512 | A | of the | 18 | 1 | F3 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Criminal Use Of Communication Facility**

Acts of the accused associated with this Offense:
**The actor used a communication facility to commit, cause, or facilitate the commission or the attempted commission of a crime constituting a felony under Title 18 of the Pennsylvania Crimes Code, or a felony under the Controlled Substance Drug Device and Cosmetic Act namely, Used cellular phone communcations and Blink Camera Communciation to Coordinate the torture of Malinda Hoagland, in violation of Section 7512 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C. S.- 7512, as amended.**

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | X Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 28 | 7512 | A | of the | 18 | 1 | F3 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Criminal Use Of Communication Facility**

Acts of the accused associated with this Offense:
**The actor used a communication facility to commit, cause, or facilitate the commission or the attempted commission of a crime constituting a felony under Title 18 of the Pennsylvania Crimes Code, or a felony under the Controlled Substance Drug Device and Cosmetic Act namely, Used cellular phone communcations and Blink Camera Communciation to Coordinate the torture of Malinda Hoagland, in violation of Section 7512 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C. S.- 7512, as amended.**

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First:<br>RENDELL | Middle:<br>A | Last:<br>HOAGLAND |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 29 | 4958 | B.1 | of the | 18 | 1 | F2 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Obstruction

Acts of the accused associated with this Offense:
**(b.1) Obstruction.**--In addition to any other penalty provided by law, a person commits an offense if, with intent to prevent a public servant from investigating or prosecuting a report of child abuse under 23 Pa.C.S. Ch. 63, the person by any scheme or device or in any other manner obstructs, interferes with, impairs, impedes or perverts the investigation or prosecution of child abuse.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 30 | 4958 | B.1 | of the | 18 | 1 | F2 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Obstruction

Acts of the accused associated with this Offense:
**(b.1) Obstruction.**--In addition to any other penalty provided by law, a person commits an offense if, with intent to prevent a public servant from investigating or prosecuting a report of child abuse under 23 Pa.C.S. Ch. 63, the person by any scheme or device or in any other manner obstructs, interferes with, impairs, impedes or perverts the investigation or prosecution of child abuse.

AOPC 412A - Rev. 12/21

## 🜸 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

# AFFIDAVIT of PROBABLE CAUSE

### I.   INTRODUCTION

On 05/04/24 at 7:49 PM, Malinda Hoagland, a 12-year-old child and the victim in this case, was admitted to the Trauma Unit of the Paoli Hospital. She had been transported by ambulance from 260 Reid Road in West Caln Township following a 911 call by her biological father, Rendell Hoagland (hereinafter "Hoagland"). Hoagland and the victim's stepmother, Cindy Warren (hereinafter "Warren"), told responders that Malinda had struck a tree on her bike while vacationing at a campground in Quarryville, Lancaster County, the day prior. Initial observations by both EMS personnel at the scene and medical staff at the hospital were that Malinda was severely emaciated and had numerous injuries throughout her body that appeared to be in various stages of healing, inconsistent with the story provided by her Father and Step Mother. The attending physician would later describe her condition as malnourished, emaciated, and bruised to a degree that is not seen in the United States. Malinda died in surgery at Paoli Hospital on 05/04/24 at 9:58 PM.

As detailed below, the Chester County Detectives investigation that followed uncovered years of systematic abuse of Malinda. That abuse was perpetrated by Hoagland and Warren acting jointly and at all times in concert. To briefly summarize, the evidence shows that Malinda was regularly subjected to hours of physical punishment, deprived of sleep, and beaten when she failed to comply with the unreasonable[1] demands of Warren and Hoagland. Multiple beatings and punishments were documented on video, in text conversations, and in photographs that were recovered. Unexcused and prolonged absences from school regularly followed these punishments and beatings. The investigation uncovered numerous text messages discussing and referencing Malinda's attendance and appearance during school as Hoagland and Warren feared detection by law enforcement and/or child welfare professionals. Hoagland and Warren made Malinda wear makeup to hide bruises and cut her hair to hide injuries. Hoagland and Warren eventually withdrew Malinda from public school and enrolled her in online homeschooling after reports were made to CYF about injuries and signs of food deprivation.

This affidavit will summarize the torture of Malinda over a period of years perpetrated jointly by Hoagland and Warren. Videos, photographs, messages, school and medical records, and witness statements provide substantial evidence of the ongoing beatings, forced stress positions[2], physical punishments, restraint, starvation, and emotional abuse of Malinda, all of which ultimately culminated in the child's death on 05/04/24. The Chester County Coroner's Office determined that Malinda's death was caused by starvation and multiple blunt force

---

[1] Examples include perceived movement while in forced stress positions, inability to continue with extensive physical exercise, alleged crying or frowning while attending online classes, and allegations of lying.

[2] The Center for Victims of Torture defines stress positions as those that force a prisoner into a painful physical position, such as forced standing, awkward sitting positions, or suspension of the body for prolonged periods of time. CVT notes that stress positions can lead to long-term or permanent damage, including nerve, joint or circulatory damage. https://www.cvt.org/resources/hidden-harm/stress-positions/

### 🏛 POLICE CRIMINAL COMPLAINT

#### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

injuries, ruling the manner of death a Homicide. This case would eventually be deemed child torture by medical experts.

### II.   YOUR AFFIANT'S BACKGROUND

Affiant Bernard Sean Martin is a sworn police detective employed by the Chester County District Attorney's Office and has been so since Jan 9, 2017. Your affiant is empowered to conduct criminal investigations and make arrests for violations enumerated in the Pennsylvania Crimes Code (Title 18, Pennsylvania Consolidated Statutes as amended).    Your affiant has been employed as a police officer since 2006.    Prior to employment with the Chester County Detectives, your affiant was a Corporal employed by the East Pikeland Police Department where your affiant was a field training officer, Municipal Drug Task Force lead officer, and investigative officer.   In addition, your affiant was responsible for supervising all investigative activities for the department.

Your affiant has attended training courses on initial responses to police incidents, contemporary forensics, investigatory use of digital devices, use of force in law enforcement, interview and interrogation, and statement analysis.   In addition, your affiant has received specialized training in interviewing, forensic evidence collection, principles of criminal investigation, theories of criminal behavior, and training on the Pennsylvania Rules of Criminal Procedure conducted by the Delaware County Municipal Police Academy, West Chester University, the Chester County District Attorney's Office, Pennsylvania State Police, and Federal Bureau of Investigation. Your affiant holds both a B.A. and M.S. Degree in Criminal Justice from West Chester University. Your affiant also holds a Ph.D. in the field of Leadership from Alvernia University.

During his career, your affiant has conducted and participated in a wide range of criminal investigations, including homicide, robbery, burglary, drug trafficking, sex crimes, assaults, child abuse, and financial crimes.   Your Affiant has authored arrest warrants, search warrants, and court orders related to these investigations during his career.   Your affiant has participated in the investigation, arrest, and prosecution of over 200 defendants.

### III.   SUMMARY OF AUTOPSY FINDINGS

On 05/06/24 at the Chester County Hospital Morgue, Forensic Pathologist Dr. Erica Williams conducted an autopsy on Malinda's body.   The autopsy report indicates that Malinda "died of starvation and multiple blunt force injuries."   The postmortem examination found evidence of severe malnutrition and starvation. The body appeared greatly underweight with sharply visible bones and a total lack of subcutaneous fat and internal fat around organs. The ascites fluid in her abdomen was indicated to be a sign of severe malnutrition and starvation.   The autopsy found that Malinda's organs had begun to atrophy from starvation.   Malinda weighed 50 lbs. at the time of her death.   Dr. Williams specifically noted that Malinda weighed more during an

---

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT
### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

examination at 59 pounds when she was eight years old than she did at the time of her death. Dr. Williams concluded that the state of starvation that led to Malinda's death was a result of food withholding and forced physical labor.

Approximately 75 individually identified bruises, contusions, ulcers, and pressure sores were found on Malinda's body. Internal injuries to almost every major organ or system were also noted, including injuries to the brain, heart, lungs, liver, pancreas, and intestines. An examination of Malinda's skeletal system conducted at the time of death showed recent and past trauma, including healing fractures on a pelvic bone, lower vertebrae, right forearm, as well as both thigh bones.

Medical records show that Malinda was last seen for a well-child visit at her pediatrician's office in November 2021. From that date until her death, a review of all available medical records found only one additional medical visit in January 2023 at an Urgent Care facility in Caln Township. Malinda was seen and treated for an abscess and infection to one of her fingers at that visit. At that time, her weight was noted to be 74 lbs. Other medical related documents show that Malinda was screened for a school exam in the Coatesville School District on 05/11/22. She had 30/30 vision in both eyes for near and far acuity. The 5th-grade screening showed Malinda's height of 55 inches, weight of 78 lbs., and BMI of 61. In the two years before her death, Malinda lost more than 33% of her body weight and did not grow in height.

### IV. FAMILY AND SCHOOL HISTORY

Malinda Hoagland was born at the Pocono Medical Center on 07/04/11 to Rhondalyn Smith and Hoagland. Malinda had an unremarkable medical history until custody was granted to Hoagland.

Hoagland met and began dating Warren in the Fall of 2019 in Wind Gap, Pennsylvania. They were engaged in early 2020 and moved to the Chalfont area together. They moved from Chalfont to Fort Washington for some time before they relocated to the Coatesville School District in West Caln Township in 2022. Warren was unemployed and stayed at home during the day. Warren was without a driver's license and Hoagland used the family's only vehicle when he worked.

Hoagland worked as a welder at the time of Malinda's death and has a history of involvement in emergency services as a first responder. Hoagland served as an elected State Constable[3] from 2004 through 2010. In addition to his terms as a Constable, Hoagland had previously served as a volunteer firefighter for multiple fire companies. Hoagland's experience as a first responder

---

[3] During an interview with Hoagland on 05/06/24, he informed investigators that the shackles used to restrain Malinda were in his possession from his terms as a Constable.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

and prior experience in parenting, as well as a review of email and text communications, establish that Hoagland knew how to raise a child, knew that the child required routine medical care both for her health but for state educational mandates, and knew how to provide basic or routine care for a child.

Warren was born in New Jersey and previously lived in Monroe County, Pennsylvania. On 12/02/00, Warren and her then-husband, McKinley Warren, brought McKinley Warren's 2-year-old daughter to the Pocono Medical Center. The 2-year-old was suffering from subdural hemorrhages in her brain and medical staff noted bruises throughout the child's body in various stages of healing, as well as a tear extending from the child's vagina to anus. The child was transported to the Children's Hospital of Philadelphia for treatment, but eventually died from her injuries. At the time of her death, child welfare authorities were monitoring the child for signs of "failure to thrive" or malnutrition.

In 2007, Warren and McKinley were charged with the abuse of their then 4-year-old son after a neighbor called to report that the child had been seen with extensive bruising. The police investigation revealed that Warren and McKinley had starved, beaten, and subjected the child to forced exercise as punishment. During that investigation, Warren provided investigators with information that McKinley Warren caused the death of the 2-year-old child in December 2000. Warren was convicted of Endangering the Welfare of a Child related to the abuse of her four-year-old son and was sentenced to a maximum of seven years in state prison.[4] In his statement to investigators on 05/04/24, Hoagland admitted that he was aware of Warren's prior history with law enforcement and child welfare.

In 2021, Hoagland was employed as a welder in the Malvern area. His work schedule shows his regular shift was from 7 AM to 3 PM, Monday through Friday. During the day when Hoagland worked, evidence shows that Warren remained home and served as the primary "caretaker" for Malinda and Warren's young son. After Hoagland and Warren removed Malinda from in-person schooling, Warren monitored Malinda while Hoagland worked. Hoagland monitored Malinda via cell phone communication with Warren and the Blink security cameras installed in the home. All evidence obtained throughout the investigation demonstrated that Hoagland was aware of, participated in, and encouraged the torture of Malinda that occurred while he was at work. Warren routinely threatened Malinda throughout the day with physical beatings by Hoagland that would happen upon his return from work. Hoagland provided explicit instructions to Warren on how to handle the perceived misdeeds of Malinda, concurred with Warren on punishments for Malinda, and Hoagland imposed the majority of the physical abuse on Malinda.

---

[4] Your affiant interviewed one of Warren's older children, who provided information related to the torture of the four-year-old child and described systematic abuse and deprivation similar to that imposed on Malinda.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | Last: Hoagland | |

## AFFIDAVIT of PROBABLE CAUSE

Interviews, court records, and correspondence recovered show that Hoagland and Warren actively pursued sole custody of Malinda as her biological mother, Rhondalyn Smith, became incapacitated and unable to care for Malinda due to her multiple significant health conditions. The Court of Common Pleas of Monroe County entered a finalized custody agreement on 07/30/20, granting primary physical custody of Malinda to Hoagland. The language of the agreement addressed the terms of Warren's involvement with specificity, stating:

> The minor child shall not be left in the care of [Warren], Father's fiancé, for any period of time exceeding one (1) hour unless expressly agreed upon by Mother and Father through written communication. For each year that passes from the date of this stipulation, [Warren] shall be permitted an additional two (2) hours in which she shall be permitted to supervise the minor child without another individual present.

Evidence shows that Hoagland disregarded the Order, leaving Malinda in the exclusive care of Warren daily while at work and for days when Hoagland was traveling or out of the home. After Hoagland and Warren left Monroe County, Malinda's visits with her mother and other family members decreased drastically, particularly as the abuse of Malinda intensified.

Malinda attended the East Stroudsburg School District from 2017 through June 2020. In August 2020, Hoagland enrolled Malinda in the Penn Argyle School District online academy, despite having relocated to southeastern PA. During his interview, Hoagland admitted to investigators that Malinda attended the Penn Argyle online academy when they lived in Fort Washington. Malinda was eventually enrolled in the Upper Dublin School District from August 2021 through April 2022. Malinda transferred to the Coatesville School District shortly after Hoagland and Warren moved to the residence on Reid Road and began attending King's Highway Elementary School in April 2022 before attending the Scott 6th Grade Center for the 2022-2023 school year and briefly attending North Brandywine Middle School in 2023. Hoagland and Warren withdrew Malinda from the Coatesville Area School District (hereinafter "CASD") on 12/05/23.[5] Malinda did not attend school for the remainder of 2023. Hoagland and Warren enrolled her in the Commonwealth Charter Academy online school program, which she began attending on 01/03/24. She attended virtual classes through Commonwealth Charter Academy until her death.

School records establish that Malinda had 25 unexcused absences in 2023, with an additional 10 excused absences. A review of excuse notes provided shows that Hoagland sent notes indicating that Malinda did not feel well or suffered from an illness but failed to provide any

---

[5] Malinda had unexcused absences for several days before being officially withdrawn from the school district on 12/05/23.

 **POLICE CRIMINAL COMPLAINT**

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

medical documentation for the absences. A review of Malinda's medical records indicates that Hoagland attempted in get a doctor's note when Malinda had unexcused absences from 02/23/23 through 03/18/23. However, the pediatrician refused to provide a letter, noting that Malinda had not been in their office since 2021.[6] Follow-up contact from the CASD in the form of calls, emails, and letters addressing Malinda's multiple absences and incomplete vaccination records were all referenced during text communications by Warren and Hoagland in their discussions about withdrawing Malinda from the district.

Teachers described Malinda Hoagland as an outgoing child and an excellent student. She maintained well above average grades and had no reported disciplinary issues. School records and texts show that in the months leading to her death, Malinda had difficulty coming up with life events to share with the class about weekends and holidays.[7] In the records received from CASD, handwritten thank you notes were also received, and Malinda thanked the cafeteria staff for giving her food and being so nice to her. In all the interviews and records received, Warren and Hoagland were the only people who ever identified problems with Malinda's behavior.

While enrolled at Commonwealth Charter Academy, Malinda again achieved above average grades and moved into Honors classes. Despite acknowledging Malinda's grades and that she "worked ahead" in most classes, Hoagland and Warren routinely mocked and berated the child via the Blink cameras and supervised her behavior and appearance in class via the Blink cameras and the camera installed in her laptop computer.

### V.    FACTS OF THE CASE

#### A. Investigative Summary

On Saturday, 05/04/24, at about 7:28 PM, the West Cain Township Police and Westwood Fire Company Ambulance responded to a 911 call for an unconscious 12-year-old female, currently in the back seat of a pick-up truck located at 260 Reid Road. The 911 caller was Rendell Hoagland, the victim's father. Hoagland reported to 911 that Malinda struck a tree while riding her bicycle at about 12:30 AM on 05/04/24.

West Cain Township Officer Russell Moore and West Cain Township Police Officer Paul Antonucci arrived on the scene and were alerted by medics to the child's condition. Moore and Antonucci reported finding the child victim in the rear of the ambulance upon their arrival and stated that she appeared to be noticeably underweight for her age. Officer Moore contacted the

---

[6] Hoagland then provided a note to the school indicating that Malinda failed to attend because she was upset about her mother's declining medical condition.
[7] Text messages between Warren and Hoagland mock Malinda, calling her stupid for not making up an interesting lie to tell her classmates about her life.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | | Middle: A | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Chester County Detectives and described Malinda as looking emaciated, having a weak pulse, and that she was barely alive. The Chester County Detectives responded to assist West Cain Township with a formal investigation.

Chester County Detective Gerald Davis and Detective Thomas Goggin interviewed Warren at the residence at 260 Reid Road. Warren reported being in a relationship with Hoagland and having a 9-year-old biological son who also lived with them at the Reid Road home. Warren said the family just returned from a weekend trip to the Jellystone campground in Quarryville. Warren said Malinda got into the back seat of Hoagland's truck by herself before they left the park. Warren said Malinda was not talking during the trip home, and she assumed Malinda was sleeping.

When asked about Malinda's injuries, Warren said there was an incident when Malinda was using the water slide at the campground on Friday, 05/03/24. Warren claimed that Malinda used the water slide and was struck at the bottom by a larger child who came down after her. Warren reported that Malinda sustained a minor injury to her chin from that collision. Warren then described an additional incident for Davis and Goggin, where she claimed that Malinda was slightly injured shortly after midnight on 05/04/24. Warren said she and Hoagland were at a fire pit near their camper at about 12:30 AM on Saturday, 05/04/24. At about that time, Malinda was riding a mountain bike when Warren heard a crash and saw Malinda had fallen off her bike. Warren said it appeared Malinda had struck a tree. Warren claimed that Malinda had several accidents with her mountain bike because she was not accustomed to using hand brakes. Warren said Malinda sustained a small lump on the left side of her forehead and a minor laceration to the bridge of her nose. Warren told investigators that Hoagland provided a Ziploc bag with ice to Malinda, who put it on her head and sat at a picnic table for about five minutes after the bike crash. Afterward, Warren stated that Malinda played cornhole before playing with the dog until about 3:00 AM on 05/04/24. Warren said that she and Hoagland went to sleep around 5:00 AM on 05/04/24 and slept until around 2:00 PM. When Warren woke up, she reported that the children were awake and that she made pancakes for breakfast, which Malinda ate.

Asked about Malinda's weight, Warren told detectives Malinda had been inexplicably losing weight for about two and one-half months. Warren told investigators that she started giving Malinda PediaSure shakes twice a day to help her gain weight.[8] Warren said she also provided Malinda kids vitamins. Warren showed containers of both items to Detective Davis and Detective Goggin. In examining the PediaSure can, Detective Goggin noted that the can appeared to be nearly full. Warren reported that she and Hoagland had made an appointment for Malinda to see a doctor "in the Poconos" for the weight issue on 05/16/24. Warren said the

---

[8] While she had custody of the child who died in her care in December 2000, Warren reported that she routinely gave the child PediaSure to aid in weight gain and could not explain the child's very low weight.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

family moved to West Cain from the Poconos around 2022, that Malinda had not seen a doctor since the move, and she thus did not have a local pediatrician. At the end of her interview, Warren gave investigators signed consent to search her cell phone and turned over the device on 05/04/24. Investigators noted several surveillance cameras at home, although Warren claimed the cameras do not record.

Westwood Fire Company transported Malinda to Paoli Hospital as a trauma patient, as helicopter transport services to local children's hospitals were unavailable. At Paoli Hospital, Dr. Rittenhouse pronounced Malinda deceased at 9:58 PM. Hospital staff noted Malinda to have sluggish pupils, bruising and abrasions to her neck, a laceration to her forehead, bruising and abrasions to her chest, bruising and deformity to her right arm, bruising and deformity to her right leg, deformity to her left leg and bruising to both knees. Malinda weighed 22.7kg (50 lbs) and had a temperature of 83 degrees upon admission to the hospital. In the Emergency Department, medical providers noted fluid in the child's abdomen, and test results indicated liver damage, so Malinda was immediately taken into emergency surgery in an attempt to repair any internal injury that may have caused her nonresponsive condition. Malinda was noted to have liver ascites (fluid) in the abdomen but no laceration to the liver. Trauma surgeons were unable to save Malinda, and she died from her injuries.

Hoagland traveled to Paoli Hospital in his vehicle. Detective Shave and your affiant interviewed Hoagland inside Paoli Hospital on 05/04/24. Hoagland similarly claimed that Malinda's physical injuries occurred during an unobserved fall from her bike at the Jellystone campground at approximately 1230 AM on 05/04/24. Hoagland reported that Malinda sustained a cut on her nose from the fall and that he got her an ice pack, which she used for a few minutes before resuming play. Hoagland reported that Malinda awoke at approximately 1:30 PM on 05/04/24 and that he and Warren were already awake when Malinda awoke. He said she ate a pancake for breakfast before the family eventually left the campground for the drive home due to the rain. During his initial interview, Hoagland described discipline methods which included forcing Malinda to march in place or run in place, causing her to stand in the corner, and placing a lock on the snack cabinet so that Malinda could not access snacks in the home. Hoagland claimed that all regular food remained accessible.

After being advised of his daughter's death, Hoagland was asked to accompany detectives to the Willistown Police Department, the closest local police station to Paoli Hospital, to discuss her physical condition and injuries. Hoagland reiterated his story that the child's only physical injuries came from the fall off the bike and the incident at the pool. Hoagland was unable to provide any explanation for the child's emaciated state, again claiming that she ate meals and that he only locked the snack cabinet and did not restrict all food.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

During this interview, Hoagland discussed an incident in the fall of 2023 where he discovered that Malinda had been "selling" food at school, which he noticed when he demanded to examine her locker at a parent-teacher conference. Hoagland reported that he was frustrated with the school for minimizing the incident, and that he and Warren pulled Malinda from the school and opted to homeschool her instead. Hoagland admitted that CYF was notified after the incident at school involving Malinda's locker but claimed that CYF contacted him by phone only and never came to the house. Hoagland reported that Malinda had also been caught hoarding food in her bedroom. Hoagland said Malinda had a cell phone but had the phone taken away 2-3 weeks before her death by Warren, but he was unsure of the reason. During the interview at Willistown PD, Hoagland showed Detectives a photo of Malinda from 01/05/24. Malinda's physical appearance in the photo differed drastically from when the medics arrived on 05/04/24.

Hoagland reported he had no photos of Malinda after the 01/05/24 photo. When asked about any interactions Malinda had outside the home since being pulled from North Brandywine Middle School for cyber school, Hoagland insisted that Malinda logged into "zooms" related to her classes and had friends and likely saw them at times. He provided no specifics for these interactions. Hoagland reported in his interview that he communicated regularly with Warren about the children and any discipline of the children and that he communicated with Warren about Malinda on 05/04/24, via his cell phone, and on prior dates. While interviewing Hoagland, investigators noted that he had stains on his shirt that appeared to be bloodstains.

During a search of the Reid Road home on 05/05/24, investigators recovered numerous electronic devices, including a laptop and tablets, inside a locked gun safe. Investigators also noted "Blink" brand home security cameras in every room of the residence. These cameras did not contain any internal SD cards. Malinda's Android-style blue and black cellphone in a pink case was seized by Chester County Detective from inside 260 Reid Road and secured pending a search warrant to search the phone. Rendell Hoagland's Apple iPhone was seized by Chester County Detective on 05/05/24 at approximately 5:00 AM.

During an initial review of Warren's phone on 05/05/24, investigators noted that all text communication with Rendell Hoagland before 9:30 PM on 05/04/24 had been deleted, while other text messages on the device dated much farther out. Warren reported regularly communicating with Hoagland via text message during her statement to investigators. On 05/06/24, a search warrant was executed on Cindy Warren's cellular phone. Numerous videos watermarked as having been produced through the Blink system at 260 Reid Street, Coatesville, PA 19320, were recovered, which depict the physical abuse and torture of Malinda. On 05/06/24, a search warrant was executed on Rendell Hoagland's cellular phone. This device was examined, and videos like those recovered from Cindy's phone were recovered.

**POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First: Rendell | | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

On 05/06/24, an additional search warrant was executed at the Reid Road residence, and numerous sets of handcuffs and leg shackles[9] were recovered. A lock to secure the refrigerator and an additional home surveillance camera were also recovered.

Search warrants for Malinda Hoagland's medical records from Paoli Hospital, Tower Health, St. Luke's Hospital, and Lehigh Valley Health Network (LVHN) were obtained, and production was received documenting Malinda's known medical care throughout her life.

A search warrant was obtained to produce Warren and Hoagland's Amazon and Amazon Blink Account data. The results, including their purchase history, are referenced in this affidavit.

For Malinda's attendance and school records, search warrants were served on Coatesville School District and Commonwealth Charter Academy. Of note in the production are numerous absences coinciding with beatings and punishments, excuse notes, and communication regarding Malinda's vaccine status not being up to date.

Search Warrants were obtained for the Gmail accounts and associated platforms for both Hoagland and Warren. Production for Warren contained videos depicting assaults of Malinda.

On 05/06/24, investigators again interviewed Warren and Hoagland inside the Coatesville Police Station following their arrest.

In his interview, Hoagland admitted that Malinda was restrained using shackles in the residence. He admitted to using physical force and physical exercise as punishments. He provided conflicting information about the night preceding her death, saying that she had run into his truck on her bike. He admitted that Malinda was not conscious on 05/04/24 when they woke up or left the campground. When confronted, Hoagland admitted to bringing Malinda back to Reid Road in the early morning hours and shackling her to a table but denied having left her there alone. Hoagland also acknowledged attempting to buy smelling salts on 05/04/24. Hoagland stated that the cameras in the residence were installed after Malinda "stole a Kit Kat" out of his and Cindy's bedroom. Hoagland provided no information about what occurred that caused Malinda to lose consciousness in the early hours of 05/04/24.

In her interview, Warren initially denied that Malinda was shackled but eventually agreed it had occurred. She minimized their actions and insisted that Malinda stole things when not chained up. Warren acknowledged that it was wrong to shackle Malinda but noted that sometimes Malinda would put it on herself.

---

[9] Preliminary forensic testing on the shackles was presumptive positive for blood.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

On 05/08/24, Detective Davis conducted a Forensic interview with Warren's young son, whose identity is known to law enforcement and will be referred to as the "Son." During his interview, the Son reported that Malinda did not eat dinner while they were at the campground because she lied to Warren. The Son reported that Warren was mad at Malinda for lying and that Malinda does not eat a lot because she "lies" a lot. The Son stated that when Malinda lies, she gets beaten sometimes and that Hoagland is the one who beats her, often using a black belt. He said she gets beat everywhere. The Son reported that Malinda says to stop and "pretends" to cry. The Son said he knew Malinda was pretending because Warren told him Malinda was pretending. The Son said that Malinda doesn't get food when she's in trouble and that another thing that happens when Malinda is in trouble is that she "gets put to a chain in the playroom." He described the chain as having a lock and going around her feet. He said she would go on the chain after dinner, sometimes for the whole day. The Son said that sometimes Malinda sleeps in her bedroom but otherwise sleeps in the playroom on the chain. The Son reported that Warren and Hoagland made Malinda do jumping jacks and push-ups in the playroom with the chain on her.

The Son reported that, on their last night at the campground, Hoagland left during the night with Malinda. He heard Warren tell Hoagland about Malinda not waking up and heard Warren tell Hoagland to say that Malinda got knocked out because she ran into a tree. The Son said he had never seen Malinda run into a tree and only knew that because Warren had told him. The Son said Hoagland put Malinda "in the playroom" when he left overnight, and Warren thought Malinda was faking and told her to wake up. Hoagland brought Malinda back to the campground, and Warren almost kicked her but then realized she was knocked out.

The Son told Detective Davis that Saturday morning at the campground, Malinda was on the couch, wouldn't wake up, and made weird noises. He said that Hoagland and Warren were trying to wake her up and that Hoagland had to carry Malinda to the truck. Hoagland put Malinda in the rear passenger side behind Cindy. The son described Malinda slumping over with her head on the window, and Hoagland pushed her back up. Malinda didn't say any words. Hoagland stopped during the drive to lift Malinda back up after she had slumped over. The son heard Warren and Hoagland talking about how they would have to call the ambulance for Malinda when they got home, and Hoagland said Malinda was still in the car until the ambulance came.

On 05/22/24, your affiant interviewed one of Warren's adult children, whose identity is known to law enforcement and will be referred to as the "Adult Child." The Adult Child was present during the abuse of a sibling perpetrated by Warren and his biological father approximately 15 years ago. The Adult Child reported that Warren and his father abused his younger brother using forced exercise, beatings, starvation, sleep deprivation, and forcing the child to sleep on the floor. The adult child told your affiant that Warren instructed him to say that the child had injured himself by hitting something on his bike when asked and also ordered others to cover the child in baggy clothing or blankets if law enforcement or Child Protective Services ever showed up.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

### B. Summary of Findings

Extensive reviews of all recovered evidence were conducted by members of the Chester County Detectives, including data from extractions of seized devices, medical records, photographs, evidence from online service providers, school records, physical evidence, receipts, documents seized in search warrants, and interviews of witnesses. Based on this review, your affiant submits there is a clear timeline of the torture and abuse of Malinda that culminated in her murder.

Malinda was subjected to extended periods of physical punishment, including running in place while shackled to furniture, holding books or her arms overhead, push-ups, jump squats, forced running and biking, and extended periods in stress positions. Malinda spent hours in these physical punishments. Hoagland and Warren forced Malinda to do chores while shackled and deprived her of the ability to use the bathroom freely. Warren and Hoagland used forced cold or scalding showers as punishment. Malinda frequently slept on the floor, chained to the air hockey table. The time stamps on the videos recovered, along with text conversations, indicate that Malinda was regularly sleep-deprived and forced to complete physical punishments as Warren and Hoagland slept. In at least one instance, Warren degraded and humiliated Malinda by making her dance on camera while Warren mocked her.

Physical assaults perpetrated by both Warren and Hoagland are documented through text messages, injuries seen or mentioned on the child, video footage from cell phones or Blink cameras, and references to prior assaults. Some assaults were done with everyday household items,[10] while others were bare-handed or consisted of Malinda being kicked. Both Warren and Hoagland used constant verbal abuse and degradation to control and terrorize Malinda, cruelly berating and mocking her. It was common for Malinda to be threatened with beatings, the withholding of food, and death.

The withholding or deprivation of all food generally was documented through evidence recovered and text communications between Warren and Hoagland, indicating that they regularly kept food from Malinda and purchased locks for cabinets and the refrigerator. Internet searches asked how long a person could survive without food or water. Text communications between Hoagland and Warren further revealed that, when Malinda was fed, Hoagland and Warren fed her disgusting or foul-tasting foods.

Numerous injuries to Malinda were documented or discussed over the years preceding her death, including methods used to heal wounds and cover bruises from school. Malinda sustained open wounds, and evidence revealed that when wounds became infected, Warren

---

[10] Items seen or described include belts, metal spatulas, phone chargers, and electrical cords.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

and Hoagland punished and berated Malinda and searched for methods to "treat" her at home. Bruises and scabs were discussed and visible in the videos. Hoagland and Warren forced Malinda to strip and stay in stress positions while naked/partially naked and while being beaten by Hoagland. The evidence recovered demonstrates the massive injuries and physical decline of Malinda, through bruising, wounds, shaved hair, and emaciation. An extensive review of all text communications recovered indicated that Hoagland and Warren rarely, if ever, texted about pain management or pain medication for Malinda.

Hoagland and Warren often texted about concealing injuries from mandated reporters and concerned family members. Texts also show that Hoagland and Warren wanted to prevent Malinda's injuries from damaging their physical property. Warren and Hoagland used makeup on Malinda's face before school to hide bruises. They withheld medical care from Malinda to avoid being reported. Your affiant's review of Hoagland's and Warren's internet search history found that both Hoagland and Warren searched for topics in the months prior to Malinda's death consistent with symptoms that she would have suffered from malnutrition, such as yellowing skin and a distended stomach.

A clear pattern emerged when evidence of beatings, documented in the videos, texts, and photos, was compared to school records. Warren and Hoagland routinely held Malinda home from school following beatings and prolonged punishments to avoid being reported to child protective services. Warren and Hoagland withdrew Malinda from in-person schooling following a Childline report with concerns for her safety and access to food. Hoagland and Warren enrolled Malinda in cyber schooling to hide their abuse, prevent Malinda from accessing mandated reporters, and avoid state-mandated medical requirements.

Physical punishments are documented as early as 10/13/21 when Malinda was only ten-years-old.[11] In total, hundreds of videos were recovered depicting the abuse of Malinda by Hoagland and Warren. Over 150 videos and still images were recovered depicting Malinda shackled to furniture and enduring physical abuse. Over 200 videos and images depict Malinda being subjected to forced exercise and physical punishment. Text messages and conversations captured on video establish that Malinda was punished for infractions like forgetting chores or paperwork for school, "stealing" food, not smiling during school Zoom sessions, sitting or failing to hold positions when forced, inability to continue with forced exercise, urinating or defecating herself while restrained, or asking questions at school. For these infractions, Warren and Hoagland beat, punished, starved, and restrained or confined Malinda. The details of their abuse are as follows in the timeline set forth below, which follows Malinda from mid-2021 through the weekend before her death.

---

[11] In text communications from this date, Warren tells Hoagland that she "let (MH) off the wall." The reference to the wall was explained by one of Warren's adult child during an interview on 05/22/24 as a punishment he observed Warren use against his brother during a previous abuse case. The punishment included standing against a wall with hands behind the back for hours.

### ꙮ POLICE CRIMINAL COMPLAINT

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

### C. Detail from Text Messages, Videos, and Other Pieces of Evidence

    i. <u>On or about 10/13/21 through on or about 12/31/22: Hoagland and Warren engaged in an ongoing course of conduct of Endangering the Welfare of Children by imposing inappropriate physical discipline, forced stress positions, and food deprivation on Malinda.</u>

A review of all recovered text message communications[12] includes many conversations between Hoagland and Warren about Malinda and Warren's young son. Warren and Hoagland regularly refer to Malinda in derogatory terms, referring to her as an "idiot,", "psycho," "bitch" and "retard." When discussing Malinda, the conversations between Hoagland and Warren almost exclusively discuss the perceived failings of Malinda, including failure to get herself up for school without assistance, failure to wake her stepbrother and/or stepmother for school, asking questions, or needing help with the activities of daily living customarily performed by parents. 10/13/21 was the first available text message communication currently reviewed by your affiant discussing the use of "the wall[13]" or other forced stress positions. Warren texted Hoagland saying, "*I let her off the wall,*" a punishment imposed after Malinda failed to wake Warren and her son for school when Warren turned her alarm off. Discussing the punishment, Warren described how she made Malinda believe that her actions would eventually kill Hoagland and that Malinda sobbed as she spoke, insisting that she didn't want her father to die. During this conversation, Hoagland encouraged Warren in her anger toward Malinda and her use of punishments against her.

The earliest available explicit discussion of causing injury to Malinda and needing to lie to avoid detection occurred on 11/01/21. During these communications, Warren and Hoagland discussed a large bruise on Malinda's body and her upcoming appointment with her pediatrician. On 11/01/21, Warren sent a message to Hoagland discussing the appointment saying, "And u better hope they don't ask her about that bruise h said it "*Is huge cause she gonna have to get undressed n shit for her physical.*" Hoagland responded and acknowledged that the bruise could result in "the people" being called about their treatment of Malinda. The conversation includes a discussion of an additional bruise on her arm, more minor than that on her leg, and how Hoagland had been yelling so much that he scared Warren's son. Hoagland indicated that he will not get in trouble and that he will say the injury happened "bouncing on the trampoline." [14] Both Warren and Hoagland joked about <u>Malinda's bruises and Hoagland's</u>

---

[12] The messages recovered through search warrants and forensic extractions on cellular devices date back to April 21, 2021.
[13] As detailed by one of Warren's adult children who had seen Warren impose this punishment, the wall is a reference to standing against a wall with hands behind the back for hours.
[14] This excuse was later used by both Hoagland and Malinda when officials questioned significant bruising to MH.

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

actions, with Warren noting that Malinda "don't bruise easily." Records recovered from Wind Gap Medical Center show that Malinda had a visit for a well-child exam on 11/02/21. Malinda's weight was noted at 77 pounds. This well-child visit was Malinda's last visit to a pediatrician before her death.

In the weeks and months following, Hoagland and Warren continued to routinely discuss their disdain for Malinda in text communications. In these communications, they discuss punishments imposed on Malinda and physical abuse they want to or may impose on Malinda. Malinda is referred to only in a negative or derogatory manner throughout the months following 11/01/21.

On 06/07/22, Hoagland and Warren discussed using stress positions other than the wall as punishment for Malinda in their recovered written communications. On that date, Warren contacted Hoagland to report that Malinda forgot to give the dog water. For this infraction, Hoagland tells Warren that Malinda should not be permitted to watch TV and should be made to stand in the corner holding her bookbag over her head. The nature of the communications between Hoagland and Warren on this date suggests that they had discussed and implemented these forms punishment of Malinda in the past.

On 09/06/22, Malinda left her jacket at school, and Warren contacted Hoagland to express her anger. The following day, Warren continued to communicate with Hoagland about her anger at Malinda, and that Malinda spoke to her as though she had not done anything wrong. Warren told Hoagland that she will talk to her when she stops "ruining (her) days.[16] CASD Attendance Records show an unexcused absence on 09/08/22. Other than discussing their annoyance or anger with Malinda, none of the communications suggest that Malinda missed school due to illness. On 09/09/22, Warren requested Hoagland to bring home food for "the 3 of us," referring to Warren, Hoagland, and Warren's son. On the same date, Warren sent Hoagland a message indicating that Malinda would not be fed or eat with them until after being punished. Your affiant believes these are the earliest available messages suggesting that Malinda's food access was limited as a form of punishment.

On 09/12/22, Warren and Hoagland argued about the dog having an accident on the floor. Warren sent a screenshot of Hoagland telling Warren about it and says, "There's the screenshot. And her ass needs a beating," referring to Malinda. Warren indicated that Malinda will be beaten when she returns home from school and directs Hoagland not to bring a drink for Malinda when he brings drinks home. On 09/20/22, Warren told Hoagland that the dog had no water again and indicates that Malinda will only be given "a dribble" to drink. Your affiant

---

[15] A review of the surveillance videos recovered shows that Warren rarely speaks to or acknowledges Malinda in any manner unless punishing MH.

## ⚜ POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name: | First:<br>Rendell | | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

believes these are the earliest available messages that discuss limiting Malinda's access to water or fluids as punishment.

Over the next two months, Hoagland and Warren continued to discuss Malinda in the same manner, expressing their dislike of her and her many perceived infractions or misbehaviors. These discussions mention imposing physical punishments on Malinda.

On 11/21/22, messages are exchanged between Warren and Hoagland regarding Malinda having access to a locker at school to store or "hoard" personal items. Hoagland and Warren discussed making Malinda provide her locker number and passcode and telling Malinda that Hoagland would go to the school and search her locker. Investigators recovered a video, dated 11/23/22 at 12:16 AM. The video was taken with a cellular phone or camera held by Hoagland in his and Warren's bedroom at 260 Reid Road. The 7 minute video depicts Malinda standing still, holding books over her head while Hoagland and Warren get out of bed. This video from 11/23/22 is currently the earliest recovered video evidence of Malinda's abuse. On the morning of 11/23/22, Warren sent a text to Hoagland noting that her son asked about what happened to Malinda the night before. Warren reported that she told him Malinda lied "for three hrs" about some headbands that broke in her room. Warren told Hoagland that her son admitted that he and Malinda broke the items by accident and that Malinda nearly vomited on her oatmeal while her son spoke. Hoagland sent a note to the school for an excused absence for Malinda on 11/29/22, claiming that Malinda had been sick.

> ii. From on or about 12/07/22 through on or about 12/10/22: Aggravated Assault, Simple Assault, Terroristic Threats, Possession of Instrument of a crime.

On 12/07/22, Warren sent a message to Hoagland stating that Malinda had lied to her and blown her happiness right away. On 12/09/22, Warren sent a message to Hoagland: "She came in and lied right off the bat. My feelings r hurt." A review of Warren's Gmail account backup recovered a 25-minute video, also dated 12/09/22, of Warren tormenting and threatening Malinda. In the video, Malinda can be seen holding a stack of books over her head and attempting not to move or drop them for 25 minutes. Warren berated and threatened Malinda throughout the video, saying:

> We're sick and tired of you...I see hot sauce and showers coming in the future...That'll be her nice dinner, hot sauce...That's one good reason to throw her in the shower by her neck and beat her...you ain't getting a break, no, no, no...Just beat her as soon as you come in, step on her toes, and bang her fingers at least 20 times...Throw her in the shower, and we'll put more books on top...Every time she drops Rendell, we will put more books on top...by that time,

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT
### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Rendell, you'll have kicked her teeth out...He's on his way back; he's gonna kill you because I'm getting madder and madder.

Warren's son entered the room during the video and Warren had him take over the recording while she steps out. When Warren returned, her son says holding the phone hurts his arm, and Warren tells him that she leans on the couch so it doesn't bother her. Later in the video, a book falls from the stack Malinda was holding, and she apologized. Warren responds, "That's book one, so he can smack you with them. Take you in the bathroom and whoop your ass."

At approximately 15 minutes into the video, Malinda cannot hold the books anymore, and they fall. Warren grabbed Malinda by the hair as she screamed and apologized. Warren then hit Malinda in the side at least twice with a metal spatula.[16] Malinda picked the books up and held them over her head again as Warren continued to scream at her, telling her that Hoagland is coming home to kill her. Warren threatened that Malinda will go "back into the shower" and "hot sauce." Warren then forced Malinda to keep her eyes open while she tells Hoagland, through the recording, that Malinda tried to break the coffee table by dropping the books. Moments later Warren told Malinda she will be beaten all night for making a scene while Hoagland works. The video ends with Hoagland's voice in the background. Hoagland submitted a note without excuse for Malinda's 12/08/22 absence. The note was signed on 12/11/22.

     iii.   On or about 1/01/23 through on or about 07/10/23: Hoagland and Warren engaged in a course of conduct of Endangering the Welfare of a Child through food deprivation, psychological abuse, physical abuse, involuntary servitude, forced exercise and forced stress positions.

Text messages and recovered video evidence establish that Hoagland and Warren continued to abuse and torment Malinda throughout 2023. A video dated 01/01/23 was recovered from Warren's Gmail backup which shows Malinda crying while Warren calls her stupid and berates her for not showing gratitude or asking to speak to other family members at Christmas. A text exchange between Hoagland and Warren on 01/03/23 included Warren instructing Hoagland to give Malinda "an earful" even though it probably won't do any good because Malinda was already sore. Hoagland responded that he had already spoken to her and told her that if she messed up after the conversation she would get beaten twice as badly. Attendance records show that Malinda was absent on 01/04/23 and 01/05/23. Hoagland sent an excuse note dated 01/10/23 to the school to explain her absences, saying she wasn't feeling well. In messages sent 01/13/23, Hoagland agreed with Warren that they cannot allow Malinda to ruin their weekend and reminded Warren "we still in charge of meals"[17] in response to Warren's

---

[16] Warren sends her son to get her the spatula and he asks Warren not to hit Malinda as he stands there so Warren sends him out of the room.

[17] Undated internet searches were conducted on Hoagland phone for the following:

 **POLICE CRIMINAL COMPLAINT**

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

complaints about Malinda. Text communications between Warren and Hoagland on 02/04/23 discuss Malinda waiting on Warren and doing chores while Warren's son plays.[18]

> iv. <u>On or about 1/17/23 through on or about 01/18/23: Simple Assault and Terroristic threats.</u>

A video recovered from 01/17/23 shows Malinda doing push-ups in the living room. Warren walked by and unexpectedly kicked Malinda telling her to "get movin cause I got my shoes on today." This event is followed by an excused absence from school on 01/18/23 with a note from Tower Health referencing a visit to Urgent care for an abscessed and infected finger. Tower Health records confirm this visit; Malinda's body weight was 74 lbs and that the finger was drained and a specimen taken for infection screening. Further correspondence shows that Malinda was prescribed antibiotics for an infection. The Urgent Care visit on 01/18/23 marked the last time Malinda was seen by a medical professional prior to her admission to Paoli Hospital on 05/04/24. In the days that followed the appointment, Warren and Hoagland discussed administering Malinda the prescribed antibiotics and abusing her at the same time.

In communications via text between Warren and Hoagland on 01/19/23, they discussed "adding to [Malinda's] menu," referring to specifically finding things to feed her that she will not like but will be forced to eat. Warren wrote, "Im sure [Malinda will] praise the lord in her head. Im done wasting my time n energy on that thing. Kinda shocked tho on how she ate them olives with no problem but yesterday was there gagging on oatmeal n olives making a scene."

During a text exchange on 01/20/23, Warren informed Hoagland that she gave Malinda her medicine "Even tho she kept her hands down all night long," referring to their practice of forcing Malinda to hold her arms overhead overnight while they slept. They discussed their belief that Malinda tries to be "slick" by lowering her hands when they are asleep and raising them again when the alarm goes off in the morning. On the same date, Warren told Hoagland that Malinda is eating tuna and carrots, referring to the mixture as "slop," and the two mock Malinda, discussing how she smells and how her urine smells. Malinda was marked for an unexcused absence from school on 01/20/23.

---

- how many days can you survive without water
- how long can you go without food

[18] Recovered videos depict this scenario occurring on multiple occasions, with Malinda cleaning or doing laundry as Warren ignores or berates her and Warren's son plays games in the same area.

---

AOPC 412A - Rev. 12/21

**POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name: | First:<br>Rendell | | Middle:<br>A | Last:<br>Hoagland |

# AFFIDAVIT of PROBABLE CAUSE

    v.  <u>On or about 1/23/23 through on or about 01/26/23: Aggravated
Assault and Simple Assault.</u>

On 01/23/23, Warren and Hoagland exchanged messages indicating that Warren was out of the
home and Hoagland was with the children.  Warren reminded Hoagland to supervise Malinda
in the bathroom and asked Hoagland if Malinda spoke to him about her medicine.  When
Hoagland told Warren that he has not spoken back, Warren messaged back "crack...Rt to the
side of the head."  Hoagland told Warren that he pulled Malinda out by the hair and Warren
wrote "wish I was there" with laughing emojis.  Hoagland wrote back, "As soon as she came out
the bathroom I cracked her in the head. Like a light 💡🔅 flicker smh."  On 01/24/23 and
01/25/23, Hoagland and Warren discussed Warren's son attending school and going to and
from the bus but did not mention Malinda.  Attendance records show that Malinda had an
unexcused absence marked for 01/26/23.

    vi.  <u>On or about 02/21/23 through on or about 03/20/23: Aggravated
Assault, Simple Assault, Intimidation</u>

On 02/21/23, Warren sent Hoagland messages telling him that Malinda came into her room and
lied about her day.  In the early afternoon of 02/22/23, Hoagland and Warren discussed the
weather and Warren noted that it is freezing rain outside so she sent Malinda to take the trash to
the road.  They joke that the rain will be good for her and maybe she will keep running and not
come back.  Later, Hoagland sent a message to Warren about the cold and Warren said that
she was outside and freezing.[19]  Warren went on to say, "I came in sent her ass out" and "fuck
that she aint doin shit let her freeze."  Malinda was marked for an unexcused absence on this
date.

On 02/23/23, Warren asked Hoagland if Malinda was standing when he woke up and Hoagland
responds that she was not but he kicked her as he got out of bed.  On this date, Malinda was
again marked for an unexcused absence. In fact, Malinda did not attend school after 02/22/23
until the end of March 2023.  Messages between Warren and Hoagland on 03/06/23 reference
Malinda sitting with ice on her face. Warren wrote, "Tryna least get the swelling down n face
cleared up so maybe she can go back to school by end of week," and "[j]ust gotta get her Face
cleared to go back.  So i am doing that! she dont really care for the coldness on her face but
she gonna deal with it."

A photograph recovered from Hoagland's cell phone, dated 03/13/23, shows Malinda in a cabin
the family appears to have rented.  Malinda is posed with her back to the camera and looking at
the camera over her left shoulder.  Bruising is visible around Malinda's right eye with injury in
the white of the eye visible.  A severe injury visually consistent with rug burn is visible on

---

[19] Historical records indicate a high of 45 with a low of 26 degrees for that date.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name: | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Malinda's forehead, traveling from the center hairline to her eyebrow and through the right side of her face.

Hoagland and Warren received a message from the school nurse on 03/14/23, calling about Malinda's absences. Additionally, a notice dated 03/07/23 was sent from the school advising that Malinda had an unacceptable number of school absences and the matter could be sent for truancy hearings.[20]   On 03/16/23, Warren and Hoagland discussed contacting Malinda's doctor's office to get a note to explain Malinda's extended absence from school. Warren suggests that Hoagland tell the doctor that Malinda was upset about her mother's illness.   When Hoagland learned that the doctor would not provide a note because Malinda had not been seen in years, Warren suggested that they pull her out of school because they had been told she could not return without a note.

According to medical records received from the Wind Gap medical center, Hoagland called and requested a note for school to explain absence from 02/28/23-3/17/23 and to return to school on 03/20/23. The internal records show the request was denied as Malinda's last office visit with them was in November 2021. Staff notes included in the records indicate that Hoagland reported that Malinda's mother, Rhondalynn Smith, had been placed in a residential home due to her illness and cited that as an excuse for Malinda's absence.

Messages between Hoagland and Warren on 03/24/23 again show discussion of injuries to Malinda's face.  The two discussed "soaking" Malinda's face and that her face is bright red and they are putting cold water on her face and eye. Messages between Hoagland and Warren on 03/27/23 discussed using Mederma[21] for scars and how the fact that Malinda's hair was growing back should make the scars go away.[22]  Hoagland sent messages discussing the specifics of Malinda's other remaining injuries, writing "the little dot that was to the side of her eye that was by itself was hard to see. The eye and right next to the eye was also lighter."[23]   Warren responded by saying, "Maybe few more days with using this stuff we be good to go. Hopefully." Malinda appears to have returned to school on or about 03/21/23.

Communications between Hoagland and Warren from April 2023 discuss Malinda standing in their room in the middle of the night, waiting to be given permission to go to sleep and joking about Malinda's exhaustion.   Messages exchanged on 04/17/23 discuss Malinda asking

---

[20] On 06/06/24, your affiant contacted the local magisterial district court.  Court staff indicated that they did not have any truancy paperwork for Malinda on file.
[21] Mederma is a brand of topical skin ointment or gel to accelerate healing and reduce the appearance of scars.
[22] An undated Google search was conducted on Warren 's cell phone for "girls hair cut shaved on side"
[23] An undated Google search was conducted on Warren's cell phone for "why would there be a red blood streak in my eye"

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

permission to go to school when woken up in the morning and both Hoagland and Warren joke that she probably thought they were waking her to come in their room or to mess with her.

On 05/08/23, Warren and Hoagland discuss the bus driver asking Malinda why she looked upset. Warren told Hoagland via text, "Mark my words shes gonna have someone at this door the way she looks in front of ppl like we r these big bullys butttt 5 mins before that she was all chipper."

vii.   On or about 05/28/23 to on or about 06/01/23: Simple Assault.

On 06/01/23, Childline received a report with concerns for Malinda. At the time, Malinda had a healing bruise below her left eye that raised concerns with mandated reporters when she provided multiple different explanations. When asked the cause of her injury, Malinda initially said it occurred while at the beach riding bumper cars. She then told another adult that it was from having a catch with her brother and getting hit by the ball. Adults noted that Malinda "seemed down" and the reporter noted that Malinda also came to school with an abrasion on her face earlier in the year. She stated that this earlier injury was a rug burn from falling off of a hoverboard.

On each occasion, Malinda provided an accidental cause for her injuries but her demeanor and the changing history of the injury raised concerns. The reporter noted that they had not been provided with an explanation for the injury by the child's father or stepmother. On 06/02/23, Hoagland told Warren that Children and Youth contacted him about a report. Records from Chester County CYF indicate that their agency contacted Hoagland about bruises on Malinda and spoke to Warren on the phone on the same date. Warren explained that the injury was from bumper cars at the beach over the weekend and that Malinda was also hit in the face with a kickball over the weekend. Warren also stated they don't know exactly what happened and didn't think about sending in a note to the school. Warren claimed that discipline in the home is the loss of electronics for the children. After this conversation, CYF closed their investigation.

Undated Google searches were conducted on Warren's cell phone related to rug burns for the following search phrases:

- how long does a rug burn last
- brown rug burn on face
- what does a rug burn on your head look like
- healing stages of rug burn on the face
- rug burn on face scab is brown
- what does a rug burn scab look like in color
- after a rug burn the (scab) comes off its pink
- is lotion good for a scab that fell off skin

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

- Is lotion good for a scab that fell
- What to put on skin after scab falls off
- pink.skin after scab on face

Between 06/06/23-06/07/23, Warren and Hoagland discussed the end of the school year and communications with Warren's son's teacher via text messages. Warren indicated that she sent an end of the year email to Malinda's teacher informing him that Malinda will not be in school the following day. Warren included the text of his response in messages to Hoagland indicating that the teacher said that Malinda was a "truly awesome" kid who did "amazing" during the school year. Her teacher noted that Malinda was motivated and had a positive attitude. Hoagland and Warren mocked Malinda and the teacher's response and discussed that Malinda is fine for other people but a problem at home.

On 06/08/23, Warren and Hoagland discussed ordering food through DoorDash while Hoagland worked and Warren sent requests for herself and her son without requesting anything for Malinda. On the same date, Warren and Hoagland discussed Malinda's activities for the day and Warren told Hoagland that Malinda vacuumed, did the laundry, cleaned the bathroom and was working on other chores. 06/08/23 was the last day of the school year.

On 06/09/23, Hoagland and Warren exchanged messages about Malinda needing a school-issued computer for the summer and Warren indicates that she questioned Malinda about turning it in and Malinda lied. They decided that Malinda will not be allowed to use a laptop from the school in the future and how Malinda lies and admits being irresponsible. Warren told Hoagland that Malinda asked if she could do anything and she told her that they were being held responsible for the cost of the computer. In the following days, Warren and Hoagland continue to discuss contacting the school and Malinda's teacher about emails. On 06/16/23, Malinda's report card is issued and shows good grades for the year, but Hoagland and Warren complained about the school and their grading practices.

Messages on 06/15/23 and 06/20/23 show that food was ordered for Hoagland, Warren and GG with nothing ordered for Malinda. A door dash receipt dated 06/24/23 again shows three meals being delivered.

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

viii.  07/11/23 to 11/05/23:  Hoagland and Warren engaged in a course of conduct of Endangering the Welfare of a Child and Involuntary Servitude through physical and psychological abuse, food deprivation, forced exercise, and forced stress positions.

Your affiant reviewed the Amazon account purchase history associated with Warren's Gmail account and phone number.  On or about 07/10/23, Warren ordered the Blink security cameras used to monitor and psychologically abuse Malinda.

On 07/11/23, Warren sent Hoagland a message telling him that she (Warren) made Malinda open her diary because she saw a drawing inside and wanted to "make sure its being used for what i told her its for." Warren told Hoagland that she is "hurt" and "disgusted" by all the lies she was telling about them in her writing.   Warren called a writing about Hoagland beating Malinda with a microphone cord and leaving marks a lie.  Hoagland responded, "Because I smacked her with that wire." Warren goes on to say:

> All bout how she does my back n feet n all. N how she has all this work to do in this house n went on to name them. Ummm one thing at one point was YAY i didnt have to hold books up today...All bout how we didnt get up sat to take her to her moms when we asked her to wake us up at 4 it goes on n on. WHO TF DOES SHE THINK SHE IS TO WRITE SUCH FOUL SHIT N LIE AT THE SAME TIME. Look man she got pages after pages in there and but not one word in there bout anything she has done or didnt do nothing...

A recovered video from the Blink camera in the playroom, dated 07/11/23 at 7:30 PM, shows Malinda walking laps by the playroom door holding books over her head.  An additional video, dated 07/12/23 at 12:12 PM, shows Malinda standing in a corner holding books over her head.

On 07/17/23, Warren sent a text to Hoagland stating that Malinda hasn't completed her book report.[24]  At 1:51 PM, Warren sends a message saying, "She's in here doing push-ups fuck her n that book report." A Blink video recovered from Warren's cell phone shows a video recorded at 5:59 PM depicting Malinda standing shirtless in the corner of the kitchen, holding a bag over her head.

A Blink video dated 7/18/23 at 7:18 AM shows Malinda standing facing a corner in the kitchen. Warren sent Hoagland a text that said, "Well you should come home n see what td ruckus i got going on here with her i guess i won't get no nap again cause she back in same position."

---

[24] A review of Malinda's school records indicates that Malinda was not enrolled in classes during the summer of 2023.

 **POLICE CRIMINAL COMPLAINT**

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Warren and Hoagland continued to message about their frustration with Malinda until Hoagland left work early, at 8:48 AM, at Warren's request to "deal with" Malinda.

On 07/19/23, Warren and Hoagland exchanged messages about Malinda scrubbing the floors, and Warren complained that she only spent a few minutes on the floor and would be doing exercises all day. Messages on the same date indicate that Malinda cleaned all the floors, swept hair from all the rooms, and cleaned both bathrooms. Hoagland suggested she will have to do it all again because she did the tasks too quickly. Warren told him that she keeps finding "stupid shit" for Malinda to do to fill the time until it's time for Malinda to stand and read. Numerous videos recovered from July 2023 depict Malinda standing at the kitchen table reading.

ix. On or about 08/27/23 through on or about 08/29/23: Simple Assault.

Malinda returned to school for the 2023-2024 school year on 08/28/23. On that date, Warren and Hoagland discussed via text what chores she would do when she got home, including the laundry, garbage, and dishwasher. On 08/29/23 Warren and Hoagland texted about their attempts to cover Malinda's face with concealer. Hoagland indicated that he did his best with the makeup and thanked Warren for assisting after he went to work. Warren told Hoagland she added eyeshadow and fixed the concealer because Hoagland had used too much. Warren assured Hoagland "Wasnt bad could barley tell she had anything on lol."

On 09/04/23, Hoagland sends Warren messages asking if she and her son want milkshakes. A receipt for three milkshakes from Wawa was recovered from Warren's purse dated 09/04/23. A receipt dated 09/05/23 for three meals from McDonald's was recovered from Warren's purse. Both food orders were made when Malinda was at the residence with Warren, Hoagland and Warren's son.

On 09/11/23, Warren and Hoagland exchanged messages about finding a place to get Malinda her required vaccines after receiving communications from the school district. In the messages, they discussed making up an appointment date and finding a location just to get the vaccine because she "doesn't need a physical."

x. On or about 10/03/23 through on or about 10/20/23: Aggravated Assault and Simple Assault.

On 10/03/23 Warren forwarded Hoagland a message from Malinda about leaving her jacket at school. Malinda's message read "Indy I'm so sorry but I just realized that I forgot my jacket and I can't go back and get it. I know I felt I was forgetting something but I didn't realize that it was my jacket...I am so sorry and I apologize that I lost it and now I'm scared." Warren told Hoagland that she is not going to respond to Malinda and sent screenshots of additional messages where

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name: | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Malinda indicates that she's scared to come home and apologizes for leaving her jacket in her locker.

Malinda was absent from school again on 10/13/23. Blink Video captured from the kitchen shows Malinda doing push-ups at 10:20 PM. While she does push-ups Hoagland walks over and strikes her repeatedly with a black belt.

On 10/17/23 Warren sent Hoagland a screen shot of messages from Malinda referencing jackets and notes. Warren then wrote "Like u see all them three screen shots like bitch im tryna play my picture game tf u writing im scared n all this crap." Malinda was marked for an excused absence on 10/18/23 and 10/19/23 with a note coming in from Hoagland saying Malinda wasn't feeling well. On 10/20/23, Warren sent Hoagland a message saying "Were u able to do her make-up this morning? I was knocked out lol". Hoagland responded, "Yeah I got it done, I think it looked good." On 10/26/23, Hoagland sent Warren a screenshot of Malinda's school photo. In the photo, Malinda is seen wearing a pink hoodie and is wearing makeup. Bruising is visible around her left eye.

      xi.  <u>11/06/23 To 03/30/2024: Hoagland and Warren engaged in a course of conduct of Endangering the Welfare of a Child, Kidnapping, and Involuntary Servitude against Malinda by confining her places of isolation away from the protections of society, forcing prolonged periods in forced stress positions, physical and psychological abuse, food deprivation, forced exercise, and failure to seek necessary medical care.</u>

On 11/06/23, Warren had a parent-teacher conference with Malinda's teacher via Zoom. Warren told Hoagland that the teacher complained about Malinda not using her time well and "staring" at her; Warren claimed she responded: "umm only thing I can tell u is shes a Idiot." Following this conference, Warren and Hoagland took Malinda back to school and demand to search her locker. Malinda initially said she had forgotten her locker and combination, and Hoagland forced her to ask a teacher. Hoagland then searched her locker, finding food and $1.15. Hoagland discussed this event in his interview with investigators on 05/05/24. Hoagland said they wanted to check her locker, but Malinda brought them to the wrong locker. Hoagland stated that Malinda had a Ziplock bag with 3-4 muffins, sliced apple bags, ranch dip, and a half-eaten candy cane. He also noted a few dollars in the locker and claimed that Malinda was selling food at school. He also stated she was forging her teacher's name on bathroom passes. Hoagland said that he and Warren were upset with the school's response to the incident because they did not acknowledge the gravity of Malinda's actions.

On 11/07/23, Chester County CYF received a Childline report about concerns about Malinda's safety and well-being. The reporter documented the parents' reactions to coming to the school and searching Malinda's locker. The report also indicated that Malinda often came to school

 **POLICE CRIMINAL COMPLAINT**

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | | Middle:<br>A | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

hungry and asking for more food and that adults observed Malinda to have bags under her eyes and wear baggy clothing consistently,[25] and further stated that earlier in the school year, Malinda had come to school with an unexplained black eye.

Case notes from CYF and messages between Warren and Hoagland show that on 11/07/23, CYF contacted Hoagland about the report, but Hoagland was unavailable. Hoagland sent the number to Warren, who called. Warren then messaged Hoagland, "It was her desk child n youth she away from her desk"; "I have a feeling they probably on their way here I think its best u come home"; "Im having a very bad feeling bout this." Warren went on to say "Im physically sick"; "Im telling u they r gonna come here im not feeling well at all u need to leave n come home"; "Im crying n im sick to my stomach." Hoagland left work and returned home at Warren's request.

CYF reports show that the assigned CYF worker spoke to Hoagland and Warren on the night of 11/07/23. According to the reports, Hoagland and Warren denied the concerns in the report. Hoagland explained that they were upset to discover that Malinda had food in her locker and learned that Malinda got extra food at breakfast at school. Per the reports, Hoagland and Warren told CYF that they will no longer give Malinda breakfast at home since she is eating breakfast at school. Hoagland and Warren also expressed their displeasure with the teacher's handling of the event, indicating that the teacher should have asked Malinda if she was okay and should have asked them instead. When asked about the injuries noted in the referral, Hoagland claimed that Malinda was injured jumping on the trampoline. Hoagland claimed that Malinda would be meeting with a counselor to address "the eating issue" and that they would also discuss it at her upcoming doctor's appointment.[26] This report was closed on intake.

Seven Blink Videos were recovered from 11/08/23 showing Malinda doing pushups in the living room. The video's timestamps indicate that she was doing push-ups in the house as early as 8:35 AM, with the last capture of this punishment at 9:27 PM.

On 11/30/23, Malinda attended school in-person for the last time. After that date, all evidence reviewed by your affiant indicates that Malinda had little to no in-person contact with anyone outside the residence at 260 Reid Road, and her contact and communication with others online or over the phone was constantly strictly monitored. Your affiant submits that this isolation for the purpose of furthering and escalating their criminal abuse constitutes Kidnapping under Pennsylvania law.

---

[25] In the interview with Warren's older son, he indicated that Warren had previously dressed a child victim in baggy clothing to hide the effects of the physical abuse and malnourishment.

[26] A review of all available medical records for Malinda revealed no appointments or requests for appointments in 2023. No records exist to suggest that Hoagland or Warren took Malinda to a counselor, made an appointment with a counselor, or contacted a counselor on her behalf at any point between 2021-2024.

---

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

On 12/05/23, Hoagland emailed the principal at North Brandywine Middle School and reported that Malinda was being withdrawn from school.[27] Internal school district emails and attendance records show that Malinda had not attended school since 11/30/23 and did not attend school through 01/02/24.

    xii.   <u>On or about 12/07/23 through on or about 12/9/23: Simple Assault.</u>

Multiple blink videos recovered from Warren's phone dated 12/07/23 and 12/08/23 show Malinda doing pushups in the living room. Messages sent by Warren to Hoagland on 12/08/23 read, "I think that you should come home n deal with your kid," and "Yo i swear on god imma choke this bitch out on god."

Investigators received a screenshot dated 12/09/23 from Warren's sister, Stacey Ellison. Ellison reported taking the screen grab while on FaceTime with Warren and speaking to Malinda. Ellison stated that bruises were visible on Malinda's face at the time. The screenshot shows a large bruise covering the entire left side of Malinda's face, from her mouth to her ear. Ellison stated that she asked Malinda about the injuries and Malinda said she had fallen off a hoverboard.

Recovered videos from 12/12/23 shows Malinda doing push-ups at 4:49 AM. Messages between Hoagland and Warren reference punishment and the fact that Malinda was crying during it, "She balling about push ups smh."

Videos recovered from 12/13/23 through12/15/23 show Malinda doing push-ups morning and night. Multiple messages sent between Hoagland and Warren on 12/15/23 discuss injuries to Malinda's hand and head. Warren tells Hoagland that the scab on Malinda's forehead is "gone" and blames Malinda for the state of the injuries to her hand, complaining that she had picked at the scab.

A video from 12/17/23 at 7:40 PM shows Malinda doing jump squats in the living room.

On 12/19/23, an unlawful absence notice letter was sent to Hoagland about Malinda's absences. An email was sent from the school indicating that Malinda had still not been enrolled in another school.

---

[27] Undated internet searches were conducted by Warren for "home school in pa" and "how do you pull your kid out of school"

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | | Middle:<br>A | | Last:<br>Hoagland |

# AFFIDAVIT of PROBABLE CAUSE

On 12/20/23, Warren sent Hoagland a message at 8:02 AM that said, "Now she doing jacks look on cam how dumb she looks." Warren made a clear reference to the use of the leg shackle on Malinda in a message to Hoagland at 8:58 AM on the same date, stating:

> I gave her three pks of oatmeal this morning also. And after she's all done, she's gonna go back on that thing on her foot with her books and sit there and read and write while I lay down and play my games and maybe nap.

Later, Hoagland and Warren discussed via text an email received by Warren about Malinda and Warren says "They didnt tell her all of it but she seems hungry she had food we yelled n she looked scared thats what they told her lol." As the conversation continued, Warren sends Hoagland a screenshot of cupboard locks from Amazon. Hoagland agreed they should purchase them, calling the locks the "overnight system." They discussed how many locks were needed and the need to lock the bread cabinet because of the food stored there. A review of Warren's Amazon account purchase history indicates that Warren purchased the locks on the same date. These locks were recovered from the residence during the search and were still attached to cabinets when police arrived. Hoagland and Warren discussed the combination to the locks and Hoagland indicated that Malinda will not be able to figure it out. On the same date, a Blink thumbnail image from 4:36 PM shows Malinda standing with her arms over her head.

On 12/21/23, Warren sent a message to Hoagland saying she ordered the lock for the fridge. Hoagland responded, "Everything gonna be locked up," after offering to take Warren to dinner. The two joked about who is going to watch Malinda. Warren's Amazon purchase history shows that she ordered a keyed lock for French doors on 12/21/23. This lock was also recovered from the residence during the search warrant by law enforcement.

On 12/27/23, Hoagland and Warren discussed Malinda sleeping on the floor in their text messages. Warren told Hoagland that she allowed Malinda to lay on the floor after he fell asleep, that Malinda "apologized" for keeping her up until 4 AM, and thanked Warren for taking care of her and letting her lay down. Hoagland responded that he was happy Malinda apologized and managed her shower and lotion. Hoagland mentioned that Malinda told him she was scared the night before but was probably "just trying to play on (him)."

Messages sent between Hoagland and Warren on 12/29/23 indicated that Malinda was restrained overnight and restricted from using the bathroom. Warren complained that Malinda woke her up screaming that she needed to go to the bathroom and couldn't hold it any longer. Warren complained that Malinda waited too long, and she was concerned that she would urinate on her while she was using the key to unlock her.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

The leg shackle restraint on Malinda can be seen on video on 12/31/23 at 4:51 PM,[28]  This video was recorded using the Blink camera in the playroom and shows Malinda standing with her arms over her head.  Malinda was shackled around her ankle with the leg restraint secured to the leg of the air hockey table in the playroom.  All future videos of Malinda shackled in the playroom show her leg shackle attached to the same leg of the air hockey table.

On 01/01/24, Malinda was seen on Blink footage in the playroom doing arm raises while chained to the table.

Numerous videos depict Malinda throughout 01/02/24.  Video recovered from 01/02/24 at 6:49 AM shows Malinda sleeping on the floor while chained to the air hockey table.  By 7:57 AM, Malinda is seen doing arm raises while chained to the air hockey table; multiple videos captured on this date show Malinda continuing to do calisthenics while shackled to that table throughout the morning and afternoon.  While the video evidence confirms that Malinda was shackled and doing exercises in the playroom, Hoagland and Warren communicated by text about Malinda.  Warren said that she "greased" Malinda up.[29]  Hoagland responded with a message referring to Malinda as a "greased little piglet."    Malinda is seen standing at the kitchen island at approximately 9:15 PM on that date, eating.  Texts on 01/03/24 show Warren and Hoagland talking about Malinda keeping her mind on work, specifically saying "Work not food."

Warren discussed injuries to Malinda in a text on 01/05/24, stating "That cold shower n Vaseline did her good all scabs r off her n look 85% better. Warren and Hoagland again discuss injuries to Malinda via text on 01/05/24 "That cold shower n Vaseline did her good all scabs r off her n look 85% better. Even she came out n said that stuff u had me keep usin worked all scabs r off smh."

Video dated 01/08/24 shows that Malinda attended online school with her leg shackled to the dresser in Warren and Hoagland's bedroom.  Multiple Blink videos recovered from the same

---

[28] The dates on which Malinda can specifically be seen shackled are 12/31/23, 01/01/24, 01/02/24, 01/08/24, 01/09/24, 01/11/24, 01/12/24, 01/15/24, 01/16/24, 01/18/24, 01/20/24, 01/23/24, 01/24/24, 01/27/24, 01/28/24, 01/29/24, 01/30/24, 02/04/24, 02/05/24, 02/06/24, 02/07/24, 02/08/24, 02/09/24, 02/10/24, 02/11/24, 02/12/24, 02/13/24, 02/14/24, 02/15/24, 02/16/24, 02/28/24, 03/03/24, 03/05/24, 03/13/24, 03/15/24, 03/17/24, 04/03/24, 04/05/24, 04/10/24, 04/11/24, 04/24/24, 04/25/24, 04/29/24, 04/30/24, 05/02/24 and the day of her death of 05/04/24.  Each of these dates constitutes an individual count of Unlawful Restraint and False Imprisonment.

[29] Communications recovered between Warren and Hoagland in late 2023 and 2024 discuss their use of lotion and Vaseline to cover up injuries to Malinda and make them less visible.

---

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

date show that Malinda spent most of the evening shackled to the air hockey table in the playroom doing arm raises.

Blink video from 01/12/24 again shows Malinda attending cyber school while shackled to the dresser and then doing push-ups in the kitchen area after school.

Blink video shows that Malinda spent most of 01/15/24 through 01/16/24 chained to the air hockey table in the playroom. The video shows her doing arm raises throughout both days and sleeping on the floor chained to the table at night. Malinda was captured on video doing schoolwork on 01/16/24 and Warren can be overheard through the camera telling Malinda to smile for the zoom. Malinda is chained to the dresser when Warren addresses her through the camera.

A review of numerous videos from January through May 2024 indicate that Warren and Hoagland constantly monitored Malinda's attendance and performance at Commonwealth Charter, through physical surveillance, video surveillance, access to her laptop computer, and access to her online schooling records and reports. Warren can be seen or heard in multiple videos asking Hoagland to monitor Malinda when she goes outside to smoke or use the bathroom so that Malinda will never be left unattended while communicating with teachers or classmates.

      xiii.  01/23/24- Simple Assault

Blink video and text communications between Hoagland and Warren from 01/23/24 show that Malinda urinated on herself while restrained and was punished with holding books over her head while a shirt was covering her face and head. Hoagland and Warren discuss wounds on Malinda and how her urine will slow the healing process, stating, "And no fucks giving how u got piss on your legs defeating the purpose of all the lotion n medications on her wounds on her legs cause they r soaked in fucken piss." On this date, records from Commonwealth Charter Academy indicate that teachers noticed Malinda was not herself, and a teacher contacted Malinda by chat and asked her if she was "OK." The school contacted Warren on the same date, and Warren reported that Malinda had a GI bug and that everyone else in the home had COVID. A Blink video from this date depicts Warren telling Malinda to turn off her laptop zoom camera so Warren can hit her.

In a Video dated 01/27/24, Warren us the Blink camera to tell Malinda, "keep moving and don't look for breakfast or lunch tomorrow cause you're not getting it. And you won't get dinner either 'cause I'm not getting up." An additional video clip on the same date shows Malinda chained to the air hockey table when Warren enters the room and tells her to shut up, calling Malinda a fucking idiot. 12 video clips go from 1:59 AM on 01/27/24 through 4:01 PM on 01/29/24, depicting Malinda standing while shackled to the air hockey table. In most of the videos,

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Malinda is holding her arms over her head while only partially clothed. In one video, Malinda can be heard tearfully repeating, "I made myself scared of a backscratcher, I made myself scared of a backscratcher, I made myself scared of a cord..."

A cell phone video recovered from Warren's cellular phone created on 01/31/24 shows Malinda standing on the front porch crying with a hood over her face while Warren yells at her through the doorbell camera.

A video recovered from 02/04/24 at 7:59 AM depicts Malinda doing squats while chained to the air hockey table and reading a book.

   xiv. 02/06/24 to 02/08/24- Aggravated Assault, Simple Assault, Possession of Instrument of Crime

A video dated 02/06/24 at 02:57 PM shows Malinda secured to a dresser with a leg shackle, marching in place. A video from the same date at 3:58 PM depicts Malinda shackled to the air hockey table while Warren yells at and berates her through the Blink camera. Malinda is holding her arms in the air in the video. In total, 10 video clips depict Malinda holding this pose from 3:58 PM through 9:02 PM on 02/06/24. Text messages sent between Warren and Hoagland on this date discuss Malinda looking mad and fake crying. Additional video footage recovered on the same date shows Malinda being told to run in place; Malinda can barely stand up and only run in place for a few minutes. Warren kicks Malinda and tells her to get on the ground when she can no longer run. Other videos from this date show Warren hitting Malinda with a belt and saying she can't wait to watch Malinda be beaten by Hoagland. Warren also threatens to strip Malinda down, beat her in the tub, and tells her that Hoagland called her a "scumbag." On this date, Warren conducted a Google Internet search for "Sitting Indian Style." In numerous future videos, Warren and Hoagland force Malinda to sit cross-legged for hours with her hands on her knees and both feet and knees held off the floor.

A recovered video dated 02/07/24 at 1:36 AM is captured in Warren and Hoagland's bedroom. It shows Malinda seated naked from the waist down, cross-legged with her arms overhead, and bruises visible all over her body. Hoagland walked over and hit her in the face and foot. Two additional videos show her continuing to hold this position. Video from 3:04 AM shows Malinda shackled to the air hockey table and sleeping on the floor with no blankets or pillow. At 07:30 am, an additional video shows her still asleep on the floor, followed by a clip at 7:35 AM, where Malinda is seated with her arms in the air while still shackled to the table. Additional videos on 02/07/24 show Malinda chained to the table while walking in place. At 05:53 PM, Warren can be overheard referring to Malinda as a "bitch" and mockingly telling her that she "looks a little tied up at the moment." Malinda repeatedly apologizes and responds that she knows that she is not allowed to move.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Recovered Blink videos from 02/08/24, depict Malinda attending her online classes while chained to the dresser in Hoagland and Warren's bedroom. A video dated 02/08/24 at 11:40 AM shows Malinda doing squats while shackled to the dresser. By 3:46 PM, Malinda had been moved and was seen shackled to the air hockey table, where the video captured her doing squats. A review of all video from that date shows that Malinda was forced to run in place and do squats from 4 PM until almost midnight while shackled to the air hockey table in the playroom.  Warren can be overheard addressing Malinda through the video camera and telling Malinda, "Break time is over." Malinda then immediately transitions from walking in place to doing squats.

Videos captured on 02/09/24 show Malinda chained to the dresser and seated on the floor in Warren and Hoagland's bedroom. She was sitting cross-legged and Warren instructed her to stand up and dance the Cha-Cha while laughing at her. Another video from that date shows Malinda chained to the air hockey table, sitting cross-legged while holding her arms overhead.

A video on 02/11/24 shows Malinda chained to the air hockey table, kneeling while Warren yells at her to jump up. Warren threatened Malinda that if she "does it again," Warren will "kick (her) in the teeth." Blink video from the camera in the playroom, dated 02/12/24 at 01:23 AM, shows Malinda chained to the table and sleeping on the bare floor.

A video dated 02/12/24 at 12:00 PM shows Malinda chained to the dresser in Hoagland and Warren's bedroom while holding books above her head for several minutes. During this video, Warren is heard through the Blink camera system telling Malinda that her head is not supposed to be sideways, that she is supposed to have the books over her head, and that she is supposed to be sitting up straight. Additional videos from this date depict Malinda chained to the air hockey table being forced to walk in place while crying.

Video dated 02/13/24 shows Malinda chained to the dresser in Warren and Hoagland's bedroom doing online schoolwork while Hoagland yells at her and calls her a jackass. Hoagland demands that Malinda put her hands on top of her legs and can be seen in the video seated next to Malinda and holding a belt, appearing ready to strike Malinda, while Malinda attends online classes.

### xv.  02/15/24 to 02/17/24: Aggravated Assault, Simple Assault

On 02/15/24, recovered videos from the Blink system show Malinda again chained to the dresser in Hoagland and Warren's bedroom doing schoolwork and attending online classes. Messages sent this day between Warren and Hoagland discuss an assault on Malinda.  Warren told Hoagland, "im on cam she decides to just come done n lay her foot sitting up on the floor like wtf." Warren goes on to say that she "cracked" Malinda so hard she was bleeding and "waled her ass." Warren then complained about Malinda getting blood on the carpet.

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

On 02/16/24, Warren and Hoagland again discussed Malinda's wounds. Warren informed Hoagland that she had to clean Malinda's foot because the "bandaid was saturated." After complaining about Malinda's attempts to fix her hair before school, Hoagland wrote, "no kicking and moving today, right down on the floor" (referring to Malinda attending online classes). Warren went on to write:

> "I didnt give her the chance to start in tired n id fuck her up if she did. I told her lay that leg out straight so its not bending n shit coming out all over the place. Other foot i told her tuck n hands on her legs. If she moves or u see her moving she will fucken br turned into a pretzel."

Warren goes on to brag that she will give Malinda a "a puncher wound that wont stop bleeding."

On the same date, Warren can be heard on video telling Malinda, who is chained to the dresser and completing her online schooling, that she had ordered supplies for Hoagland to "stitch" up the wound on Malinda's leg. A review of Warren's Amazon account purchase history indicates that Warren made a purchase for "Emergency Wound Closure Strips - 4pk - 2 Types Laceration Closure Kit - Stitchless & Easy to Use - Butterfly Bandages".

At 1:40 PM, Warren texted Hoagland that she needed to take Malinda to the room so she can have time to relax. After Warren forced Malinda to use the bathroom, she joked about how Malinda "gimped" down the hall. Investigators recovered the leg shackles used to restrain Malinda from the residence on Reid Road inside Hoagland and Warren's bedroom. One of the leg shackles had a blue cloth sewn onto the chain of the shackle. A forensic examination of the shackle revealed a presumptive positive test for blood.

On 02/26/24, Hoagland and Warren have a text discussion about Hoagland's older daughter wanting to visit. Hoagland said that he will tell her that they need two weeks before the visit and that they need to get Malinda "looking better" before the visit.

### xvi. 02/26/24 to 02/28/24: Simple Assault

At 07:53 AM on 02/28/24, a Blink video on Warren's phone shows Malinda chained to the air hockey table while Warren yells at her. A recovered video from later that day shows Malinda standing and holding a book. Your affiant observed Malinda to have a visible black eye in the video. During the video, Warren can be overheard addressing Malinda through the cameras, yelling, "Dad will take the weekend away. I'll kill you, like straight dog shit, throw you out. Get your ass moving."

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT
### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

The video recovered, dated 03/05/24, captured Malinda reading in the playroom while chained to the air hockey table. Warren can be heard telling Malinda, "There's a third person in that room" (referring to the surveillance camera). Warren went on to tell Malinda that she knows that Malinda started moving after she left the room, and she planned to tell Hoagland. Warren said, "He can see what he makes of it. When your dad comes in, he's going to beat your ass with a belt."

On 03/17/24, a video captured by the Blink system shows Malinda marching in place while shackled in the playroom. Warren can be heard addressing Malinda through the camera, telling her she will blacken her eye and strip her naked after she observes Malinda touch her eye when watching her. In the video, Warren states, "Don't look for dinner from us because you want to pick at your skin; you'll get a piece of bread."

On 03/18/24, Warren texted Hoagland and told him that the "bump" on Malinda had turned shiny. Hoagland confirmed receipt of the message, but the two had no further discussions about treatment or concern for Malinda.

A review of Warren's Google search history revealed that, on 03/23/24, Warren conducted a Google search for "when I stand up, my foot turns purple." On 03/24/24, Warren searched for "ringworm" and "my little (wound) is leaking brown fluid."

Your affiant viewed multiple Google searches conducted on Warren's device on 03/25/24, including:

- Symptoms of anemia in children pictures
- symptoms of iron deficiency in teenage girl
- 5 weird signs of iron deficiency
- iron levels for 12 year old girl
- why do my 12 year old girl have yellow legs[30]
- why do my legs look yellowish
- urgent care near me
- how to make your 12 year old girl gain weight

On 03/26/24, a recovered Blink video from Warren's phone depicts Malinda and Warren's son locked out of the house and standing on the front porch. Warren conducted multiple Google searches on this date for the following:

- can a 12 year old take amoxicillin 500mg
- Septic wound pictures

---

[30] An undated search was conducted on Hoagland's phone for "yellowish pale skin."

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

- how can i get a wound like a hole to close
- stubborn wound that won't heal
- best ointment for open wounds

Warren conducted an additional search on 03/26/24 for "Can you recover from frostbite." An undated search for "Blacken toes on a kid" was conducted on Hoagland's cell phone.

> xvii.  04/01/24 through 04/28/24: Hoagland and Warren engaged in a course of Conduct of Endangering the Welfare of Children and Involuntary Servitude through physical and psychological abuse, use of forced stress positions and extreme physical exercise, extreme food deprivation, forced labor, and exercise.

On 04/01/24, Warren and Hoagland exchanged text messages about Malinda's deteriorating physical condition, and Warren joked about Malinda's distended abdomen, telling Hoagland, "Her stomach no shit is sooooo soooo hard n over Protruding over her underwear I couldn't believe it...like popes out rt in the middle." As the discussion continued, Warren expressed surprise that Malinda could eat any food with her condition.

A video dated 04/03/24 at 05:18 AM shows Malinda chained to the air hockey table in the living while picking at her hands and eating the skin.

Text messages between Warren and Hoagland dated 04/04/24 discuss purchasing ointment for Malinda's foot. A review of additional messages and Warren's Google search history indicated that Malinda had an infected and "leaking" wound to her foot.

> xviii.  04/05/24: Simple Assault

A review of text communications between Hoagland and Warren on 04/05/24 indicated that Hoagland watched Malinda when Warren stepped out and threw shoes at Malinda while she was shackled because she had forgotten to put shoes away. Warren responded that she took the shoes away and told Malinda she could only have Crocs. Warren joked that Malinda could not get to the shoes because they were in an area of the playroom she could not reach while shackled. Warren expressed frustration that Malinda went "right for" food on the counter but had not remembered to move her shoes.

Blink Video from 04/09/24 captured on the surveillance camera in Malinda's bedroom was recovered. It shows Malinda shackled to the desk in her bedroom doing schoolwork. In text messages exchanged between Warren and Hoagland on that date, Warren informed Hoagland that Malinda completed her schoolwork in an hour and joked that she should have taken the laptop to the playroom and let her do the work while shackled there. Texts between Warren and

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Hoagland later the same date discuss Malinda being forced to ride her bike as a "workout" for 45 minutes. Warren repeatedly tells Hoagland that she laughed so hard she hurt her ribs because Malinda asked not to ride the bike, cried as she rode, and repeatedly fell off.

A review of the Blink video recovered on 04/10/24 shows Malinda standing in the playroom, shackled to the air hockey table, and picking at her hands.

A video recovered from Warren's phone shows Malinda shackled to her desk and marching in place on 04/11/24.

A review of Warren's Google search history revealed that Warren conducted a Google search on 04/15/24 for "why does my feet turn blue and black when they are cold."

> xix.  04/17/24 to 04/26/24: Aggravated Assault, Simple Assault, Possession of Instrument of Crime

In communications with Hoagland on 04/17/24, Warren reported that Malinda had cereal and dumped some in the sink. Warren sent a photo of Malinda holding the cereal in her hand to Hoagland and told him that remnants of her cereal were left in the sink after she cleaned the bowl. Later the same day, Warren informed Hoagland that while Malinda cleaned, Warren used two fingers to pinch her every time she "said something dumb."

A review of Warren's search history revealed that, on 04/21/24, Warren conducted a Google search for "I got soap in my eye, and it's red." On 04/22/24, Warren searched for "soap in eyes all red and puffy." On 04/23/24, Warren texted Hoagland a photo of eye wash and complained that Malinda would not keep her eyes open, so she had to hold her eyelid open to use it. Warren conducted additional Google searches for the following.

- how do you flush your eyes with eye wash solution
- whats a good eye wash for soap
- i got dish soap in my eye
- Can soap in eyes cause blindness

Investigators interviewed neighboring campers from the Jellystone campground who stated that, on the weekend of 04/26/24, they heard two people arguing at the Hoagland campsite. A witness reported hearing one say to the other "why don't you put more soap in your daughter's eyes?" The other replied, "I will bring her out here." The same witness reported being told by someone else at their campsite that Malinda's eyes were swollen and possibly bruised that weekend.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Your affiant viewed a video from 04/24/24, which depicted Malinda marching in place while shackled to the air hockey table. Warren can be heard mocking and berating Malinda through the camera, telling her that she and Hoagland had been watching and saw her pick at her face. Malinda denied the claim, and Warren said she would bring the video in. Warren can be heard telling Malinda, "If I win, I get to punch you in the throat so hard, you're going to fall on the floor and die." A second video from that date shows Warren in the room yelling at Malinda (who is shackled to the air hockey table) because the shackle was over her pant leg instead of against her skin.

xx. 04/25/24- Simple Assault

A video was recorded through the Blink surveillance system of Malinda running in place in her bedroom at 10:13 AM on 04/25/24. Warren can be heard yelling at Malinda through the camera, saying that Malinda cannot stop running and that Malinda saw her take a break to move her hair. Malinda can be heard apologizing. Warren shared the video with Hoagland and told him Malinda had missed an assignment or submitted it late. Warren then wrote, "She got slapped upside her face'll tell you that my body hurts nnu sounding like a robot. I got up n round housed her." Warren later complained that she had given Malinda "three pks of oatmeal" and Malinda stopped running when she heard Warren and Hoagland on the phone.

A review of text messages between Hoagland and Warren indicate that Hoagland left work around 2 PM on 04/26/24 and traveled to Jellystone campground. Your affiant confirmed their presence on that date with location data from cellular phones indicating they arrived at the campground around 5 PM.

A recovered text message exchange between Warren and Hoagland on 04/27/24 indicates that Hoagland had left the campground with Malinda because Hoagland and Warren were fighting. At 5:13 AM, Warren sent messages to Hoagland, reading, "Make sure u save this convo u. Burnt ur kid, imma save mine." Warren told Hoagland that her sister, Ellison, has a recording of Malinda saying that Hoagland tried to kill her.

Geolocation data from the phones of Hoagland and Warren on 04/28/24 indicates that they left the area and were in Commons Drive in East Sadsbury township by 1:16 PM on that date. Your affiant found a receipt from 1:27 PM on that date for the Arby's at that location. The receipt indicates the purchase of two sandwiches, a kid's Chicken fingers, and three drinks. By 1:44, location data shows their arrival back at 260 Reid Road.

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First: Rendell | Middle: A | Last: Hoagland |
|---|---|---|---|

## AFFIDAVIT of PROBABLE CAUSE

xxi. <u>04/29/24 through 05/04/24: Murder in the First Degree, Kidnapping, Endangering the Welfare of Children, Involuntary Servitude – Hoagland and Warren conspired to kill and engaged in a course of conduct intended to cause the death of Malinda through physical and psychological abuse, forced labor, extreme food deprivation, and extreme failure to seek medical care.</u>

Multiple videos depicting Malinda's abuse were recovered from 04/29/24 during the analysis of Warren's phone. In the earliest video on that date, Warren yelled at Malinda through the microphone on the Blink camera to "get online" (referring to Malinda logging into her online classes). In that video, Malinda can be seen running in place while shackled. On that date, Hoagland and Warren exchanged messages, discussing Warren's frustration with Malinda sleeping through her alarm. At 9:37 AM on that date, Warren sent Hoagland a message that reads, "She sounds dead lol."

An additional Blink video, from around noon on the same date, captured Malinda sitting at the desk in her bedroom with her computer off, communicating with Warren via the Blink camera, begging, "I shouldn't live, I'm sorry. Please Respond" and "I'm not going to act stupid. I'm not going to make you mad. I know I ruined everything. Please allow me to change it."

Blink video from 04/30/24 at 8:42 AM shows Malinda chained to the air hockey table and marching in place. In messages exchanged on the same date, Warren reported that she was leaving the house to escape Malinda's behavior. In additional messages on that date, Warren and Hoagland discussed ordering swimsuits and mocked Malinda's body.

Blink video and Zoom recording from the Commonwealth Charter Academy on Thursday 05/02/24 depict Malinda volunteering to read aloud in class at around 8:35 AM. Malinda had difficulty with some of the words, and it appears Malinda had trouble seeing the screen. In a text message exchange following this event, Warren and Hoagland discussed Malinda's response in class and the teacher attempting to help her. Warren told Hoagland that she would email Malinda's teachers and explain that she was injured over the weekend when she got sand in her face at the campground to explain her eyesight issues. Records from Commonwealth Charter Academy confirm that Warren sent an email to Malinda's teacher acknowledging that Malinda's eyesight was blurry due to injury and claiming that she and Hoagland were treating her with eye wash.

Hoagland discussed Malinda's appearance and interactions during this 04/29/24 Zoom session at multiple points during his interviews with investigators. He said this was an event that caused him and Warren to be concerned about Malinda's well-being. Hoagland claimed that Malinda's eyesight would be assessed during an appointment allegedly scheduled for 05/16/24. A review of the specific Zoom, as recorded by Commonwealth Charter, depicts Malinda, showing that

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

only her eyes and above could be seen by school staff on that date. In reviewing the video, your affiant noted that Malinda appeared to have makeup on and could be seen struggling to read to such an extent that the teacher attempted to enlarge the screen to help her read. On the same date at 10:40 AM, Warren sent Hoagland a photo of Malinda with a bruise on her eye and snot coming out of her nose.

Text messages and timesheets indicate that on Friday, 05/03/24, Hoagland left work early. Hoagland, Warren, Malinda, and Warren's son then traveled to the campground at approximately 2:00 PM. In his interview with investigators on 05/24/24, Hoagland claimed that the "kids" were excited about the campground pool and that they went to the pool at approximately 4:00 PM and stayed until 7:00 PM. Hoagland claimed that Malinda suffered injuries to her face when she was knocked over by another child at the pool during that visit. Investigators identified and interviewed witnesses who observed Malinda at the pool with Warren and Hoagland and noted that the parents and boy were sitting on chairs with towels. In contrast, Malinda was observed wearing a sweatshirt and dripping wet. Other witnesses near the campsite reported seeing Malinda standing outside the camper in damp clothing on the evening of 05/03/24. In his interview, Hoagland claimed that Malinda rode her bike and hit a tree shortly after midnight on 05/04/24. He did not report any loss of consciousness and claimed that Malinda played games and played with the dog after the injury. In both Hoagland and Warren's initial statements to the police, they claimed that Malinda woke up Saturday and had breakfast without issue. In his interview on 05/06/24, Hoagland admitted those claims were false when confronted with the existence of video evidence from that date.

Call records show that Warren repeatedly called Malinda's mother throughout the night of 05/03/24 into the morning of 05/04/24. In a follow-up interview with Rhondalyn Smith, Malinda's mother, investigators learned that Warren yelled at Smith during these calls.

After reviewing all available evidence, your affiant knows that Malinda became unconscious at some point between 12:52 AM and 4:28 AM on 05/04/24. No evidence exists to suggest that Malinda ever regained consciousness after that time. In messages recovered after having been deleted from Warren's phone, Warren told Hoagland to "come back" at approximately 12:51 AM on 05/04/24. Warren then told Hoagland that Malinda "got worse" after he left. After reviewing all available evidence, your affiant became aware that Hoagland transported Malinda's unconscious body from the campground in Lancaster back to 260 Reid Road, arriving at the Reid Road location at approximately 4:00 AM on 05/04/24.

Location data from Hoagland's cellular phone indicates that he left the campground at approximately 3:22 AM and arrived at Reid Road at 4:08 AM. Warren and Hoagland began texting around 04:28 AM. These texts establish that Warren watched Malinda through the camera system. Warren told Hoagland that Malinda had moved as soon as he left the playroom, where Malinda had again been shackled to the table.

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: Rendell | Middle: A | | Last: Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

Investigators recovered a blink video from Hoagland's phone dated 05/04/24 and recorded at 04:37 AM. The video depicts Malinda unconscious and chained to the air hockey table while Warren berated her through the Blink camera. Warren referred to Malinda as a bitch and told Malinda that she did not believe she's sleeping. Warren threatened Malinda, telling her, "Don't worry about it, your dads gonna drag you right back to me like a puppet on a fuckin string bitch, stay right there. I love it, I love it." A thumbnail image[31] captured around this time shows Hoagland carrying Malinda into the room.

Location data shows that Hoagland left Reid Road at approximately 4:48 AM and returned to the Campground at 5:40 AM.

A review of the messages between Hoagland and Warren indicates that Warren and Hoagland began exchanging messages again at 5:26 PM on 05/04/24. Warren and Hoagland discussed how Hoagland searched pharmacies in the area to purchase smelling salts. Google searches recovered from Warren's phone from 05/04/24 provide insight into Malinda's condition and Warren and Hoagland's understanding. These searches include:

- 4:49 PM      hospital near me
- 5:28 PM      where can i buy smelling salts
- 5:34 PM      ammonia sticks cvs
- 5:43 PM      can someone be knocked out for hours

Beginning At 5:32 PM, Hoagland and Warren discussed via text the need to take Malinda to a hospital:

| | |
|---|---|
| Hoagland: | Guess best thing we call for an ambulance |
| Warren: | They say they sell smelling salt in vitamin stores |
| Warren: | I think u should just run her not call an ambulance[32] |
| Hoagland: | Okay |
| Warren: | Lord she making noise again |

At 6:00 PM, Hoagland sent Warren a photo of Boom Boom mint nasal sticks, and Warren agreed to try those on Malinda. Location data associated with the timestamps on the messages place Hoagland driving around the Quarryville area.

---

[31] The video associated with this thumbnail was deleted and was not recovered.
[32] An undated internet search was conducted from Hoagland's cell phone for "chop near me." Your affiant is aware that CHOP is an acronym for Children's Hospital of Philadelphia

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | | Middle:<br>A | Last:<br>Hoagland |

## AFFIDAVIT of PROBABLE CAUSE

At 7:27 PM, after Hoagland, Warren, Warren's son, and Malinda arrive home from the campground, a call to 911 is finally made from Hoagland's cell phone.

### VI. HOAGLAND AND WARREN'S ACTIONS MEET THE MEDICAL DEFINITION OF TORTURE

Following the initiation of the investigation into the death of Malinda Hoagland, Stephanie Anne Deutsch, MD, was contacted to obtain an expert opinion on the cause of and circumstances surrounding Malinda's death. Dr. Deutsch is a board-certified child abuse pediatrician and the medical director of the CARE (Child At Risk Evaluation) program at Nemours Hospital for Children. Dr. Deutsch is a national expert in the field of child torture. She evaluated the relevant material, including photo and video evidence and medical reports, and summarized her findings in a report dated 07/18/24.

Dr. Deutsch determined that, to a reasonable degree of medical certainty, Malinda was a victim of fatal child torture, as defined by the existing medical literature.[33] According to literature, torture is marked by an experience of profound physical abuse, psychological maltreatment, and neglect. The torture of Malinda by Warren and Hoagland resulted in her death by fatal starvation and multiple blunt impact injuries.

Dr. Deutsch found that Malinda endured a longitudinal experience of multiple physical assaults causing physical pain, emotional distress, psychological abuse, and bodily injury/death. Malinda experienced psychological abuse through isolation, intimidation, humiliation, shaming, and threats of harm. The element of neglect was seen through deprivation of nutrition and failure to seek care for medical needs.

Dr. Deutsch indicated that the initial explanations provided of Malinda colliding with another child on a water slide and falling off her bicycle do not plausibly nor adequately account for her physical condition at death.

Dr. Deutsch discussed the references made by Warren and Hoagland (in their text communications and in the recovered video) to beating or otherwise harming Malinda. Hoagland and Warren specifically discuss whooping her ass, throwing her in the shower by her neck, stepping on her toes, kicking her teeth out, knocking her out, breaking her bones, slashing her fingers, and pouring hot sauce down her throat as methods of abuse employed against

---

[33] Knox B, Starling S, Feldman K, Kellogg N et al. Child torture as a form of child abuse. Journal Child Adol Trauma (2014) 7:37-49

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>Rendell | Middle:<br>A | | Last:<br>Hoagland |

# AFFIDAVIT of PROBABLE CAUSE

Malinda. Deutsch's findings specifically indicate that the injuries Malinda sustained are consistent with the types of assaults described in text messages and referenced in the video recordings, even if the assault itself was not recorded. Dr. Deutsch further concluded that fractures found during the skeletal survey were consistent with stress fractures, as would be seen in endurance athletes or people holding stress positions for extended periods.

Dr. Deutsch found that Malinda experienced particularly cruel, callous psychological maltreatment by Warren and Hoagland for years. She was the target of frequent taunts, berating, and derogatory name-calling, humiliated (forced to position-hold while scantily clad, forced to dance the cha cha, shamed over urinary incontinence, incessantly degraded about her intelligence and school performance), threatened with injury, (including possible beatings, broken bones, choking) and even death. Deutsch noted the corroborative video footage depicting the profound emotional distress and psychological injury Malinda experienced because of her torture, including tearful, desperate pleas made by Malinda to Warren to just to give her "another chance" in the days before her death. The psychological impact on Malinda of Warren and Hoagland's torture is a crucial element of the type of abuse endured by Malinda, which meets all aspects of the medical definition of torture.

Dr. Deutsch noted that Hoagland and Warren paid little attention to the gravity of Malinda's physical condition. Malinda experienced presumed cardiac arrest at home with possible observation/appreciation of agonal respirations, but Hoagland and Warren failed to seek medical intervention for more than twelve hours. Video footage continues to support the malicious treatment of Malinda by Warren even while Malinda lay dying, after being shackled to the air hockey table by Hoagland while Warren berates her.

## VII.  INVESTIGATIVE CONCLUSION

On 05/04/24, Malinda was pronounced deceased at Paoli Memorial Hospital. Her death was ruled a homicide by the Chester County Coroner's office. The forensic pathologist who conducted the autopsy cited starvation and blunt force trauma as Malinda's cause of death. The investigation that followed her death revealed that Hoagland and Warren had beaten and starved Malinda as part of an extreme pattern of torture. Hundreds of videos, photographs, text messages, and witness accounts depict the torture of Malinda, which led to her death. Hoagland and Warren were responsible for the care of the child but instead systematically tortured the child to death through starvation, forced physical exercise and stress positions, and an escalating pattern of physical abuse.

A substantial amount of evidence exists that demonstrates that the defendants, Rendell Hoagland and Cindy Warren, conspired to abuse and torture Malinda and that their abuse and

---

AOPC 412A - Rev. 12/21

 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name: | First:<br>RENDELL | Middle:<br>A | | Last:<br>HOAGLAND | |

## AFFIDAVIT OF PROBABLE CAUSE

torture escalated over time. The starvation of Malinda was coordinated by locking food away from Malinda and confining her to the home and in certain areas within the house to prevent her access to food, water, and safety.

Beatings by both defendants were documented on video and referenced in messages they sent each other. The injuries to Malinda are documented in videos, photographs, and text messages, as well as having been seen and reported to authorities by mandated reporters. Over 75 external bruises and injuries were noted at the autopsy, and every major organ system was damaged from blunt force trauma. Multiple broken bones in various stages of healing were noted. The starved condition of the victim exacerbated the bruises and breaks.

The defendants had a duty of care, protection, and support toward the victim and instead systematically psychologically, physically, and emotionally abused her while depriving her of the necessities needed to sustain life. As Malinda's condition worsened, they not only failed to seek medical intervention for obvious signs of malnutrition, but they also failed to seek emergency medical assistance for more than fourteen hours as Malinda lay dying. Instead, Hoagland drove her from Quarryville to West Cain Township and chained her to a table while Warren monitored and berated her through the surveillance system. Communications between Hoagland and Warren on the day of Malinda's death indicate that both understood the severity of her condition but chose to let her die rather than risk detection.

Therefore, based on the above, I ask that this Court authorize all charges listed on the face sheets, including Murder in the First Degree.

I, BERNARD S MARTIN , BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

(Signature of Affiant)

Sworn to me and subscribed before me this 25ᵗʰ day of July 2024

7/25/2024 Date _____ Judge

My commission expires first Monday of January, 2030

| COMMONWEALTH OF PENNSYLVANIA<br>COUNTY OF CHESTER | | **POLICE CRIMINAL COMPLAINT**<br>**COMMONWEALTH OF PENNSYLVANIA**<br>**VS.** |
|---|---|---|

Magisterial District Number: **15-3-06**

MDJ: Hon. **J. TIMOTHY ARNDT III**

Address: **4824 HORSESHOE PIKE PO BOX 237 HONEY BROOK, PA 19344**

Telephone: **(610) 455-1110**

DEFENDANT: *(NAME and ADDRESS):*

| First Name | Middle Name | Last Name | Gen |
|---|---|---|---|
| **CINDY** | **MARIE** | **WARREN** | |

**260    REID ROAD**
**COATESVILLE                PA                        19320**

### NCIC Extradition Code Type

- ☐ 1-Felony Full
- ☐ 2-Felony Ltd.
- ☐ 3-Felony Surrounding States
- ☐ 4-Felony No Ext
- ☐ 5-Felony Pend.
- ☐ 6-Felony Pend. Extradition Determ.
- ☐ A-Misdemeanor Full
- ☐ B-Misdemeanor Limited
- ☐ C-Misdemeanor Surrounding States
- ☐ D-Misdemeanor No Extradition
- ☐ E-Misdemeanor Pending
- ☐ F-Misdemeanor Pending Extradition Determ.
- ☐ Distance:

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint | Incident Number | Request Lab Services? |
|---|---|---|---|---|---|
| CR-236-24 | 07/25/24 | Y 1000458-5 | 1015 | CC-24-00812 | ☐ YES ☒ NO |

| GENDER | DOB | POB | Add'l DOB | Co-Defendant(s) ☐ |
|---|---|---|---|---|
| ☐ Male<br>☒ Female | 6/22/1978 | | | |

| AKA | First Name | Middle Name | Last Name | Gen. |
|---|---|---|---|---|

| RACE | ☒ White | ☐ Asian | ☐ Black | ☐ Native American | ☐ Unknown |
|---|---|---|---|---|---|
| ETHNICITY | ☐ Hispanic | | ☒ Non-Hispanic | ☐ Unknown | |

| HAIR COLOR | ☐ GRY (Gray)<br>☐ BLK (Black)<br>☐ BLN (Blonde / Strawberry) | ☐ RED (Red/Aubn.)<br>☐ ONG (Orange) | ☐ SDY (Sandy)<br>☐ WHI (White) | ☒ BLU (Blue)<br>☐ XXX (Unk/Bald) | ☐ PLE (Purple)<br>☐ GRN (Green) | ☐ BRO (Brown)<br>☐ PNK (Pink) |
|---|---|---|---|---|---|---|

| EYE COLOR | ☐ BLK (Black)<br>☒ HAZ (Hazel) | ☐ BLU (Blue)<br>☐ MAR (Maroon) | ☐ BRO (Brown)<br>☐ PNK (Pink) | ☐ GRN (Green)<br>☐ MUL (Multicolored) | ☐ GRY (Gray)<br>☐ XXX (Unknown) |
|---|---|---|---|---|---|

| DNA ☐ YES ☒ NO | DNA Location | | WEIGHT (lbs.) |
|---|---|---|---|
| FBI Number | 130823RC1 | MNU Number | 225 |
| Defendant Fingerprinted: ☐ YES ☐ NO | | | Ft. HEIGHT In. |
| Fingerprint Classification: | | | 5    6 |

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat ☐ | Registration Sticker (MMYY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | ☐ |

Office of the attorney for the Commonwealth ☒ Approved   ☐ Disapproved Because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth Prior to filing. See Pa.R.Crim.P. 507).

**ERIN O'BRIEN, 1ST ASSISTANT DA**                                        7/25/2024
(Name of the attorney for the Commonwealth)        (Signature of the attorney for the Commonwealth)        (Date)

I, _____
(Name of the Affiant)

of **Chester County Detectives**
(Identify Department or Agency Represented and Political Subdivision)

PSP/MPOETC -Assigned Affiant ID Number and Badge #
**PA0154500**
(Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as

   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at [245] West Cain Township
   (Subdivision Code)    (Place-Political Subdivision)

   **260  REID ROAD   COATESVILLE, PA 19320**

in        **CHESTER**        County [ **15** ] on or about        Between 10/13/2021 and 05/04/2024
         (County Code)                                              (Offense Date)

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1016 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN | |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered _____ through _____ .

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

Ben MARTIN _____    7/25/24 _____    _____
                                          (Date)                  (Signature of Affiant)

AND NOW, on this date _July 25, 2024_ I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

15-3-06 _____    _____
(Magisterial District Court Number)    (Issuing Authority)

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First: CINDY | Middle: MARIE | Last: WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 2502 | A | of the | 18 | 1 | H1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Murder Of The First Degree**

Acts of the accused associated with this Offense:
**The actor committed the offense of criminal homicide constituting murder in the first degree  by intentionally causing the death of Malinda Hoagland, another human being,  in violation of Section  2501 and 2502(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S.-2501 and -2502(a), as amended.**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 2502 | A | of the | 18 | 1 | H1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Murder Of The First Degree**

Acts of the accused associated with this Offense:
**The actor committed the offense of criminal homicide constituting murder in the first degree  by intentionally causing the death of Malinda Hoagland, another human being,  in violation of Section  2501 and 2502(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S.-2501 and -2502(a), as amended.**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

*(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)*

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | Offense #<br>3 | Section<br>2502 | Subsection<br>B | of the | PA Statute (Title)<br>18 | Counts<br>1 | Grade<br>H2 | NCIC Code<br>999 | UCR/NIBRS Code<br>09A |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Murder Of The Second Degree**

Acts of the accused associated with this Offense:

**The actor committed the offense of criminal homicide constituting murder of the second degree when the death of Malinda Hoagland occurred while the said actor was engaged as a principal or an accomplice in the perpetration of a felony, in violation of Sections 2501 and 2502(b) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(b), as amended.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ Lead? | Offense #<br>4 | Section<br>2502 | Subsection<br>B | of the | PA Statute (Title)<br>18 | Counts<br>1 | Grade<br>H2 | NCIC Code<br>999 | UCR/NIBRS Code<br>09A |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Murder Of The Second Degree**

Acts of the accused associated with this Offense:

**The actor committed the offense of criminal homicide constituting murder of the second degree when the death of Malinda Hoagland occurred while the said actor was engaged as a principal or an accomplice in the perpetration of a felony, in violation of Sections 2501 and 2502(b) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(b), as amended.**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

*(Set forth a **brief** summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)*

| Inchoate<br>Offense | ☐ | Attempt<br>18 901 A | ☐ | Solicitation<br>18 902 A | ☐ | Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|---|---|---|

| ☐ | 5 | 2502 | C | of the | 18 | 1 | F1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of the statute or ordinance):
Murder Of The Third Degree

Acts of the accused associated with this Offense:
The actor committed the offense of criminal homicide constituting murder of the third degree by unlawfully, feloniously and maliciously killing and murdering Malinda Hoagland, in violation of Sections 2501 and 2502(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(c), as amended.

| Inchoate<br>Offense | ☐ | Attempt<br>18 901 A | ☐ | Solicitation<br>18 902 A | ☒ | Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|---|---|---|

| ☐ | 6 | 2502 | C | of the | 18 | 1 | F1 | 999 | 09A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Murder Of The Third Degree

Acts of the accused associated with this Offense:
The actor committed the offense of criminal homicide constituting murder of the third degree by unlawfully, feloniously and maliciously killing and murdering Malinda Hoagland, in violation of Sections 2501 and 2502(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2501 and 2502(c), as amended.

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name: | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense #<br>7 | Section<br>2901 | Subsection<br>A.13 | of the | PA Statute (Title)<br>18 | Counts<br>2 | Grade<br>F1 | NCIC Code<br>1010 | UCR/NIBRS Code<br>100 |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Kidnapping of Minor - Inflict Bodily Injury**

Acts of the accused associated with this Offense:
**2901. Kidnapping.**

**(a.1) Kidnapping of a minor.--**A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with any of the following intentions:

**(3) To inflict bodily injury on or to terrorize the victim or another.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| Lead? | Offense #<br>8 | Section<br>2901 | Subsection<br>A.13 | of the | PA Statute (Title)<br>18 | Counts<br>2 | Grade<br>F1 | NCIC Code<br>1010 | UCR/NIBRS Code<br>100 |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Kidnapping of Minor - Inflict Bodily Injury**

Acts of the accused associated with this Offense:
**2901. Kidnapping.**

**(a.1) Kidnapping of a minor.--**A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with any of the following intentions:

**(3) To inflict bodily injury on or to terrorize the victim or another.**

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ | Attempt<br>18 901 A | ☐ | Solicitation<br>18 902 A | ☐ | Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|---|---|---|

| ☐ | 9 | 3012 | B1 | of the | 18 | 4 | F1 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number: | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Involuntary Servitude - Serious Harm**

Acts of the accused associated with this Offense:
**3012. Involuntary servitude.**

**(a) Offense defined.--A person commits a felony of the first degree if the person knowingly, through any of the means described in subsection (b), subjects an individual to labor servitude or sexual servitude, except where the conduct is permissible under Federal or State law other than this chapter.**

**(b) Means of subjecting an individual to involuntary servitude.--A person may subject an individual to involuntary servitude through any of the following means:**

**(1) Causing or threatening to cause serious harm to any individual.**

| Inchoate Offense | ☐ | Attempt<br>18 901 A | ☐ | Solicitation<br>18 902 A | ☒ | Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|---|---|---|

| ☐ | 10 | 3012 | B1 | of the | 18 | 4 | F1 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number: | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Involuntary Servitude - Serious Harm**

Acts of the accused associated with this Offense:
**3012. Involuntary servitude.**

**(a) Offense defined.--A person commits a felony of the first degree if the person knowingly, through any of the means described in subsection (b), subjects an individual to labor servitude or sexual servitude, except where the conduct is permissible under Federal or State law other than this chapter.**

**(b) Means of subjecting an individual to involuntary servitude.--A person may subject an individual to involuntary servitude through any of the following means:**

**(1) Causing or threatening to cause serious harm to any individual.**



# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ · Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 11 | 4304 | A1 | of the | 18 | 8 | F2 | 3802 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Endangering Welfare of Children - Parent/Guardian/Other Comm**

Acts of the accused associated with this Offense:
**4304. Endangering welfare of children.**

**(a) Offense defined.--**

**(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 12 | 4304 | A1 | of the | 18 | 8 | F2 | 3802 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Endangering Welfare of Children - Parent/Guardian/Other Comm**

Acts of the accused associated with this Offense:
**4304. Endangering welfare of children.**

**(a) Offense defined.--**

**(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.**

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First: CINDY | Middle: MARIE | Last: WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 13 | 2702 | A1 | of the | 18 | 7 | F1 | 1303 | 13A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Aggravated Assault - Attempts to cause SBI or causes injury**

Acts of the accused associated with this Offense:
**The actor attempted to cause serious bodily injury to Malinda Hoagland or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, in violation of Section 2702 (a) (1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2702 (a) (1), as amended.**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 14 | 2702 | A1 | of the | 18 | 7 | F1 | 1303 | 13A |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Aggravated Assault - Attempts to cause SBI or causes injury**

Acts of the accused associated with this Offense:
**The actor attempted to cause serious bodily injury to Malinda Hoagland or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, in violation of Section 2702 (a) (1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2702 (a) (1), as amended.**

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 15 | 2902 | C1 | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Unlawful Restraint of Minor/Parent - Risk of Bodily Injury**

Acts of the accused associated with this Offense:
**(c) Unlawful restraint of minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly:**

**(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or**

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 16 | 2902 | C1 | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Unlawful Restraint of Minor/Parent - Risk of Bodily Injury**

Acts of the accused associated with this Offense:
**(c) Unlawful restraint of minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly:**

**(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | Last: WARREN | |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 17 | 2903 | C | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**False Imprisonment of Minor/Parent**

Acts of the accused associated with this Offense:
**2903. False imprisonment**

**(c) False imprisonment of a minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 18 | 2903 | C | of the | 18 | 46 | F2 | 1010 | 100 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**False Imprisonment of Minor/Parent**

Acts of the accused associated with this Offense:
**2903. False imprisonment**

**(c) False imprisonment of a minor where offender is victim's parent.--If the victim is a person under 18 years of age, a parent of the victim commits a felony of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.**

AOPC 412A - Rev. 12/21



# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/25/2024 | OTN/LiveScan Number | Complaint 1014 | Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 19 | 2701 | A1 | of the | 18 | 15 | M2 | 1313 | 13B |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):

**Simple Assault**

Acts of the accused associated with this Offense:

**The actor attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Malinda Hoagland, in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2701(a)(1), as amended**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☒ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 20 | 2701 | A1 | of the | 18 | 15 | M2 | 1313 | 13B |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (if Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):

**Simple Assault**

Acts of the accused associated with this Offense:

**The actor attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Malinda Hoagland, in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2701(a)(1), as amended**

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ | Attempt<br>18 901 A | ☐ | Solicitation<br>18 902 A | ☐ | Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|---|---|---|

| ☐ | 21 | 2706 | A1 | of the | 18 | 1 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Terroristic Threats W/ Int To Terrorize Another

Acts of the accused associated with this Offense:
The actor communicated a threat, either directly or indirectly, to commit a crime of violence with the intent to terrorize Malinda Hoagland, in violation of Section 2706(a)(1)of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2706(a)(1), as amended.

| Inchoate Offense | ☐ | Attempt<br>18 901 A | ☐ | Solicitation<br>18 902 A | ☒ | Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|---|---|---|

| ☐ | 22 | 2706 | A1 | of the | 18 | 1 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Terroristic Threats W/ Int To Terrorize Another

Acts of the accused associated with this Offense:
The actor communicated a threat, either directly or indirectly, to commit a crime of violence with the intent to terrorize Malinda Hoagland, in violation of Section 2706(a)(1)of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. -2706(a)(1), as amended.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 23 | 2709.1 | A2 | of the | 18 | 1 | F3 | 3802 | 13C |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Stalking - Repeatedly Comm. To Cause Fear**

Acts of the accused associated with this Offense:
**The actor engaged in a course of conduct or repeatedly communicated to Malinda Hogaland under circumstances which demonstrated either an intent to place that person in reasonable fear of bodily injury or to cause substantial emotional distress to that person, in violation of Section 2709.1(a)(2) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2709.1(a)(2), as amended.**

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 24 | 2709.1 | A2 | of the | 18 | 1 | F3 | 3802 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(if Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**Stalking - Repeatedly Comm. To Cause Fear**

Acts of the accused associated with this Offense:
**The actor engaged in a course of conduct or repeatedly communicated to Malinda Hogaland under circumstances which demonstrated either an intent to place that person in reasonable fear of bodily injury or to cause substantial emotional distress to that person, in violation of Section 2709.1(a)(2) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -2709.1(a)(2), as amended.**



# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/26/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 25 | 907 | A | of the | 18 | 6 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description (Include the name of the statute or ordinance):**
**Poss Instrument Of Crime W/Int**

**Acts of the accused associated with this Offense:**
**The actor, in the course of the commission of a felony, or in the attempt to commit a felony, used or wore body armor, or had in his control, custody or possession body armor, in violation of Section 907(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(c), as amended.   The actor possessed one or more instruments of crime, namely, Leg Shackles, Spatula, Belt, Microphone wire, Books, Camera System, with intent to employ it or them criminally, in violation of Section 907(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(a).**

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 26 | 907 | A | of the | 18 | 6 | M1 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

**Statute Description (Include the name of the statute or ordinance):**
**Poss Instrument Of Crime W/Int**

**Acts of the accused associated with this Offense:**
**The actor, in the course of the commission of a felony, or in the attempt to commit a felony, used or wore body armor, or had in his control, custody or possession body armor, in violation of Section 907(c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(c), as amended.   The actor possessed one or more instruments of crime, namely, Leg Shackles, Spatula, Belt, Microphone wire, Books, Camera System, with intent to employ it or them criminally, in violation of Section 907(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. 907(a).**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First    CINDY | | Middle:    MARIE | | Last:    WARREN |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 27 | 7512 | A | of the | 18 | 1 | F3 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Criminal Use Of Communication Facility

Acts of the accused associated with this Offense:
The actor used a communication facility to commit, cause, or facilitate the commission or the attempted commission of a crime constituting a felony under Title 18 of the Pennsylvania Crimes Code, or a felony under the Controlled Substance Drug Device and Cosmetic Act namely, Used cellular phone communcations and Blink Camera Communciation to Coordinate the torture of Malinda Hoagland, in violation of Section 7512 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C. S.- 7512, as amended.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | X Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 28 | 7512 | A | of the | 18 | 1 | F3 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Criminal Use Of Communication Facility

Acts of the accused associated with this Offense:
The actor used a communication facility to commit, cause, or facilitate the commission or the attempted commission of a crime constituting a felony under Title 18 of the Pennsylvania Crimes Code, or a felony under the Controlled Substance Drug Device and Cosmetic Act namely, Used cellular phone communcations and Blink Camera Communciation to Coordinate the torture of Malinda Hoagland, in violation of Section 7512 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C. S.- 7512, as amended.

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|

| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | Last:<br>WARREN |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 29 | 4958 | B.1 | of the | 18 | 1 | F2 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Obstruction

Acts of the accused associated with this Offense:

**(b.1) Obstruction.--In addition to any other penalty provided by law, a person commits an offense if, with intent to prevent a public servant from investigating or prosecuting a report of child abuse under 23 Pa.C.S. Ch. 63, the person by any scheme or device or in any other manner obstructs, interferes with, impairs, impedes or perverts the investigation or prosecution of child abuse.**

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☒ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 30 | 4958 | B.1 | of the | 18 | 1 | F2 | 7099 | 90Z |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data<br>(If Applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
Obstruction

Acts of the accused associated with this Offense:

**(b.1) Obstruction.--In addition to any other penalty provided by law, a person commits an offense if, with intent to prevent a public servant from investigating or prosecuting a report of child abuse under 23 Pa.C.S. Ch. 63, the person by any scheme or device or in any other manner obstructs, interferes with, impairs, impedes or perverts the investigation or prosecution of child abuse.**

## 🏛 POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

# AFFIDAVIT of PROBABLE CAUSE

### I.  INTRODUCTION

On 05/04/24 at 7:49 PM, Malinda Hoagland, a 12-year-old child and the victim in this case, was admitted to the Trauma Unit of the Paoli Hospital. She had been transported by ambulance from 260 Reid Road in West Caln Township following a 911 call by her biological father, Rendell Hoagland (hereinafter "Hoagland"). Hoagland and the victim's stepmother, Cindy Warren (hereinafter "Warren"), told responders that Malinda had struck a tree on her bike while vacationing at a campground in Quarryville, Lancaster County, the day prior. Initial observations by both EMS personnel at the scene and medical staff at the hospital were that Malinda was severely emaciated and had numerous injuries throughout her body that appeared to be in various stages of healing, inconsistent with the story provided by her Father and Step Mother. The attending physician would later describe her condition as malnourished, emaciated, and bruised to a degree that is not seen in the United States. Malinda died in surgery at Paoli Hospital on 05/04/24 at 9:58 PM.

As detailed below, the Chester County Detectives investigation that followed uncovered years of systematic abuse of Malinda. That abuse was perpetrated by Hoagland and Warren acting jointly and at all times in concert. To briefly summarize, the evidence shows that Malinda was regularly subjected to hours of physical punishment, deprived of sleep, and beaten when she failed to comply with the unreasonable[1] demands of Warren and Hoagland. Multiple beatings and punishments were documented on video, in text conversations, and in photographs that were recovered. Unexcused and prolonged absences from school regularly followed these punishments and beatings. The investigation uncovered numerous text messages discussing and referencing Malinda's attendance and appearance during school as Hoagland and Warren feared detection by law enforcement and/or child welfare professionals. Hoagland and Warren made Malinda wear makeup to hide bruises and cut her hair to hide injuries. Hoagland and Warren eventually withdrew Malinda from public school and enrolled her in online homeschooling after reports were made to CYF about injuries and signs of food deprivation.

This affidavit will summarize the torture of Malinda over a period of years perpetrated jointly by Hoagland and Warren. Videos, photographs, messages, school and medical records, and witness statements provide substantial evidence of the ongoing beatings, forced stress positions[2], physical punishments, restraint, starvation, and emotional abuse of Malinda, all of which ultimately culminated in the child's death on 05/04/24. The Chester County Coroner's Office determined that Malinda's death was caused by starvation and multiple blunt force

---

[1] Examples include perceived movement while in forced stress positions, inability to continue with extensive physical exercise, alleged crying or frowning while attending online classes, and allegations of lying.

[2] The Center for Victims of Torture defines stress positions as those that force a prisoner into a painful physical position, such as forced standing, awkward sitting positions, or suspension of the body for prolonged periods of time. CVT notes that stress positions can lead to long-term or permanent damage, including nerve, joint or circulatory damage. https://www.cvt.org/resources/hidden-harm/stress-positions/

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

injuries, ruling the manner of death a Homicide. This case would eventually be deemed child torture by medical experts.

### II.    YOUR AFFIANT'S BACKGROUND

Affiant Bernard Sean Martin is a sworn police detective employed by the Chester County District Attorney's Office and has been so since Jan 9, 2017. Your affiant is empowered to conduct criminal investigations and make arrests for violations enumerated in the Pennsylvania Crimes Code (Title 18, Pennsylvania Consolidated Statutes as amended). Your affiant has been employed as a police officer since 2006. Prior to employment with the Chester County Detectives, your affiant was a Corporal employed by the East Pikeland Police Department where your affiant was a field training officer, Municipal Drug Task Force lead officer, and investigative officer. In addition, your affiant was responsible for supervising all investigative activities for the department.

Your affiant has attended training courses on initial responses to police incidents, contemporary forensics, investigatory use of digital devices, use of force in law enforcement, interview and interrogation, and statement analysis. In addition, your affiant has received specialized training in interviewing, forensic evidence collection, principles of criminal investigation, theories of criminal behavior, and training on the Pennsylvania Rules of Criminal Procedure conducted by the Delaware County Municipal Police Academy, West Chester University, the Chester County District Attorney's Office, Pennsylvania State Police, and Federal Bureau of Investigation. Your affiant holds both a B.A. and M.S. Degree in Criminal Justice from West Chester University. Your affiant also holds a Ph.D. in the field of Leadership from Alvernia University.

During his career, your affiant has conducted and participated in a wide range of criminal investigations, including homicide, robbery, burglary, drug trafficking, sex crimes, assaults, child abuse, and financial crimes. Your Affiant has authored arrest warrants, search warrants, and court orders related to these investigations during his career. Your affiant has participated in the investigation, arrest, and prosecution of over 200 defendants.

### III.    SUMMARY OF AUTOPSY FINDINGS

On 05/06/24 at the Chester County Hospital Morgue, Forensic Pathologist Dr. Erica Williams conducted an autopsy on Malinda's body. The autopsy report indicates that Malinda "died of starvation and multiple blunt force injuries." The postmortem examination found evidence of severe malnutrition and starvation. The body appeared greatly underweight with sharply visible bones and a total lack of subcutaneous fat and internal fat around organs. The ascites fluid in her abdomen was indicated to be a sign of severe malnutrition and starvation. The autopsy found that Malinda's organs had begun to atrophy from starvation. Malinda weighed 50 lbs. at the time of her death. Dr. Williams specifically noted that Malinda weighed more during an

# POLICE CRIMINAL COMPLAINT

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

examination at 59 pounds when she was eight years old than she did at the time of her death. Dr. Williams concluded that the state of starvation that led to Malinda's death was a result of food withholding and forced physical labor.

Approximately 75 individually identified bruises, contusions, ulcers, and pressure sores were found on Malinda's body. Internal injuries to almost every major organ or system were also noted, including injuries to the brain, heart, lungs, liver, pancreas, and intestines. An examination of Malinda's skeletal system conducted at the time of death showed recent and past trauma, including healing fractures on a pelvic bone, lower vertebrae, right forearm, as well as both thigh bones.

Medical records show that Malinda was last seen for a well-child visit at her pediatrician's office in November 2021. From that date until her death, a review of all available medical records found only one additional medical visit in January 2023 at an Urgent Care facility in Caln Township. Malinda was seen and treated for an abscess and infection to one of her fingers at that visit. At that time, her weight was noted to be 74 lbs. Other medical related documents show that Malinda was screened for a school exam in the Coatesville School District on 05/11/22. She had 30/30 vision in both eyes for near and far acuity. The 5th-grade screening showed Malinda's height of 55 inches, weight of 78 lbs., and BMI of 61. In the two years before her death, Malinda lost more than 33% of her body weight and did not grow in height.

## IV.    FAMILY AND SCHOOL HISTORY

Malinda Hoagland was born at the Pocono Medical Center on 07/04/11 to Rhondalyn Smith and Hoagland. Malinda had an unremarkable medical history until custody was granted to Hoagland.

Hoagland met and began dating Warren in the Fall of 2019 in Wind Gap, Pennsylvania. They were engaged in early 2020 and moved to the Chalfont area together. They moved from Chalfont to Fort Washington for some time before they relocated to the Coatesville School District in West Caln Township in 2022. Warren was unemployed and stayed at home during the day. Warren was without a driver's license and Hoagland used the family's only vehicle when he worked.

Hoagland worked as a welder at the time of Malinda's death and has a history of involvement in emergency services as a first responder. Hoagland served as an elected State Constable[3] from 2004 through 2010. In addition to his terms as a Constable, Hoagland had previously served as a volunteer firefighter for multiple fire companies. Hoagland's experience as a first responder

---

[a] During an interview with Hoagland on 05/06/24, he informed investigators that the shackles used to restrain Malinda were in his possession from his terms as a Constable.

 **POLICE CRIMINAL COMPLAINT**

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

and prior experience in parenting, as well as a review of email and text communications, establish that Hoagland knew how to raise a child, knew that the child required routine medical care both for her health but for state educational mandates, and knew how to provide basic or routine care for a child.

Warren was born in New Jersey and previously lived in Monroe County, Pennsylvania. On 12/02/00, Warren and her then-husband, McKinley Warren, brought McKinley Warren's 2-year-old daughter to the Pocono Medical Center. The 2-year-old was suffering from subdural hemorrhages in her brain and medical staff noted bruises throughout the child's body in various stages of healing, as well as a tear extending from the child's vagina to anus. The child was transported to the Children's Hospital of Philadelphia for treatment, but eventually died from her injuries. At the time of her death, child welfare authorities were monitoring the child for signs of "failure to thrive" or malnutrition.

In 2007, Warren and McKinley were charged with the abuse of their then 4-year-old son after a neighbor called to report that the child had been seen with extensive bruising. The police investigation revealed that Warren and McKinley had starved, beaten, and subjected the child to forced exercise as punishment. During that investigation, Warren provided investigators with information that McKinley Warren caused the death of the 2-year-old child in December 2000. Warren was convicted of Endangering the Welfare of a Child related to the abuse of her four-year-old son and was sentenced to a maximum of seven years in state prison.[4] In his statement to investigators on 05/04/24, Hoagland admitted that he was aware of Warren's prior history with law enforcement and child welfare.

In 2021, Hoagland was employed as a welder in the Malvern area. His work schedule shows his regular shift was from 7 AM to 3 PM, Monday through Friday. During the day when Hoagland worked, evidence shows that Warren remained home and served as the primary "caretaker" for Malinda and Warren's young son. After Hoagland and Warren removed Malinda from in-person schooling, Warren monitored Malinda while Hoagland worked. Hoagland monitored Malinda via cell phone communication with Warren and the Blink security cameras installed in the home. All evidence obtained throughout the investigation demonstrated that Hoagland was aware of, participated in, and encouraged the torture of Malinda that occurred while he was at work. Warren routinely threatened Malinda throughout the day with physical beatings by Hoagland that would happen upon his return from work. Hoagland provided explicit instructions to Warren on how to handle the perceived misdeeds of Malinda, concurred with Warren on punishments for Malinda, and Hoagland imposed the majority of the physical abuse on Malinda.

---

[4] Your affiant interviewed one of Warren's older children, who provided information related to the torture of the four-year-old child and described systematic abuse and deprivation similar to that imposed on Malinda.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 | |
|---|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN | |

## AFFIDAVIT of PROBABLE CAUSE

Interviews, court records, and correspondence recovered show that Hoagland and Warren actively pursued sole custody of Malinda as her biological mother, Rhondalyn Smith, became incapacitated and unable to care for Malinda due to her multiple significant health conditions. The Court of Common Pleas of Monroe County entered a finalized custody agreement on 07/30/20, granting primary physical custody of Malinda to Hoagland. The language of the agreement addressed the terms of Warren's involvement with specificity, stating:

> The minor child shall not be left in the care of [Warren], Father's fiancé, for any period of time exceeding one (1) hour unless expressly agreed upon by Mother and Father through written communication. For each year that passes from the date of this stipulation, [Warren] shall be permitted an additional two (2) hours in which she shall be permitted to supervise the minor child without another individual present.

Evidence shows that Hoagland disregarded the Order, leaving Malinda in the exclusive care of Warren daily while at work and for days when Hoagland was traveling or out of the home. After Hoagland and Warren left Monroe County, Malinda's visits with her mother and other family members decreased drastically, particularly as the abuse of Malinda intensified.

Malinda attended the East Stroudsburg School District from 2017 through June 2020. In August 2020, Hoagland enrolled Malinda in the Penn Argyle School District online academy, despite having relocated to southeastern PA. During his interview, Hoagland admitted to investigators that Malinda attended the Penn Argyle online academy when they lived in Fort Washington. Malinda was eventually enrolled in the Upper Dublin School District from August 2021 through April 2022. Malinda transferred to the Coatesville School District shortly after Hoagland and Warren moved to the residence on Reid Road and began attending King's Highway Elementary School in April 2022 before attending the Scott 6th Grade Center for the 2022-2023 school and briefly attending North Brandywine Middle School in 2023. Hoagland and Warren withdrew Malinda from the Coatesville Area School District (hereinafter "CASD") on 12/05/23.[5] Malinda did not attend school for the remainder of 2023. Hoagland and Warren enrolled her in the Commonwealth Charter Academy online school program, which she began attending on 01/03/24. She attended virtual classes through Commonwealth Charter Academy until her death.

School records establish that Malinda had 25 unexcused absences in 2023, with an additional 10 excused absences. A review of excuse notes provided shows that Hoagland sent notes indicating that Malinda did not feel well or suffered from an illness but failed to provide any

---

[5] Malinda had unexcused absences for several days before being officially withdrawn from the school district on 12/05/23.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

medical documentation for the absences. A review of Malinda's medical records indicates that Hoagland attempted to get a doctor's note when Malinda had unexcused absences from 02/23/23 through 03/18/23. However, the pediatrician refused to provide a letter, noting that Malinda had not been in their office since 2021.[6] Follow-up contact from the CASD in the form of calls, emails, and letters addressing Malinda's multiple absences and incomplete vaccination records were all referenced during text communications by Warren and Hoagland in their discussions about withdrawing Malinda from the district.

Teachers described Malinda Hoagland as an outgoing child and an excellent student. She maintained well above average grades and had no reported disciplinary issues. School records and texts show that in the months leading to her death, Malinda had difficulty coming up with life events to share with the class about weekends and holidays.[7] In the records received from CASD, handwritten thank you notes were also received, and Malinda thanked the cafeteria staff for giving her food and being so nice to her. In all the interviews and records received, Warren and Hoagland were the only people who ever identified problems with Malinda's behavior.

While enrolled at Commonwealth Charter Academy, Malinda again achieved above average grades and moved into Honors classes. Despite acknowledging Malinda's grades and that she "worked ahead" in most classes, Hoagland and Warren routinely mocked and berated the child via the Blink cameras and supervised her behavior and appearance in class via the Blink cameras and the camera installed in her laptop computer.

### V.   FACTS OF THE CASE

#### A. Investigative Summary

On Saturday, 05/04/24, at about 7:28 PM, the West Caln Township Police and Westwood Fire Company Ambulance responded to a 911 call for an unconscious 12-year-old female, currently in the back seat of a pick-up truck located at 260 Reid Road. The 911 caller was Rendell Hoagland, the victim's father. Hoagland reported to 911 that Malinda struck a tree while riding her bicycle at about 12:30 AM on 05/04/24.

West Caln Township Officer Russell Moore and West Caln Township Police Officer Paul Antonucci arrived on the scene and were alerted by medics to the child's condition. Moore and Antonucci reported finding the child victim in the rear of the ambulance upon their arrival and stated that she appeared to be noticeably underweight for her age. Officer Moore contacted the

---

[6] Hoagland then provided a note to the school indicating that Malinda failed to attend because she was upset about her mother's declining medical condition.
[7] Text messages between Warren and Hoagland mock Malinda, calling her stupid for not making up an interesting lie to tell her classmates about her life.

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Chester County Detectives and described Malinda as looking emaciated, having a weak pulse, and that she was barely alive. The Chester County Detectives responded to assist West Cain Township with a formal investigation.

Chester County Detective Gerald Davis and Detective Thomas Goggin interviewed Warren at the residence at 260 Reid Road. Warren reported being in a relationship with Hoagland and having a 9-year-old biological son who also lived with them at the Reid Road home. Warren said the family just returned from a weekend trip to the Jellystone campground in Quarryville. Warren said Malinda got into the back seat of Hoagland's truck by herself before they left the park. Warren said Malinda was not talking during the trip home, and she assumed Malinda was sleeping.

When asked about Malinda's injuries, Warren said there was an incident when Malinda was using the water slide at the campground on Friday, 05/03/24. Warren claimed that Malinda used the water slide and was struck at the bottom by a larger child who came down after her. Warren reported that Malinda sustained a minor injury to her chin from that collision. Warren then described an additional incident for Davis and Goggin, where she claimed that Malinda was slightly injured shortly after midnight on 05/04/24. Warren said she and Hoagland were at a fire pit near their camper at about 12:30 AM on Saturday, 05/04/24. At about that time, Malinda was riding a mountain bike when Warren heard a crash and saw Malinda had fallen off her bike. Warren said it appeared Malinda had struck a tree. Warren claimed that Malinda had several accidents with her mountain bike because she was not accustomed to using hand brakes. Warren said Malinda sustained a small lump on the left side of her forehead and a minor laceration to the bridge of her nose. Warren told investigators that Hoagland provided a Ziploc bag with ice to Malinda, who put it on her head and sat at a picnic table for about five minutes after the bike crash. Afterward, Warren stated that Malinda played cornhole before playing with the dog until about 3:00 AM on 05/04/24. Warren said that she and Hoagland went to sleep around 5:00 AM on 05/04/24 and slept until around 2:00 PM. When Warren woke up, she reported that the children were awake and that she made pancakes for breakfast, which Malinda ate.

Asked about Malinda's weight, Warren told detectives Malinda had been inexplicably losing weight for about two and one-half months. Warren told investigators that she started giving Malinda PediaSure shakes twice a day to help her gain weight.[8] Warren said she also provided Malinda kids vitamins. Warren showed containers of both items to Detective Davis and Detective Goggin. In examining the PediaSure can, Detective Goggin noted that the can appeared to be nearly full. Warren reported that she and Hoagland had made an appointment for Malinda to see a doctor "in the Poconos" for the weight issue on 05/16/24. Warren said the

---

[8] While she had custody of the child who died in her care in December 2000, Warren reported that she routinely gave the child PediaSure to aid in weight gain and could not explain the child's very low weight.

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

family moved to West Cain from the Poconos around 2022, that Malinda had not seen a doctor since the move, and she thus did not have a local pediatrician. At the end of her interview, Warren gave investigators signed consent to search her cell phone and turned over the device on 05/04/24. Investigators noted several surveillance cameras at home, although Warren claimed the cameras do not record.

Westwood Fire Company transported Malinda to Paoli Hospital as a trauma patient, as helicopter transport services to local children's hospitals were unavailable. At Paoli Hospital, Dr. Rittenhouse pronounced Malinda deceased at 9:58 PM. Hospital staff noted Malinda to have sluggish pupils, bruising and abrasions to her neck, a laceration to her forehead, bruising and abrasions to her chest, bruising and deformity to her right arm, bruising and deformity to her right leg, deformity to her left leg and bruising to both knees. Malinda weighed 22.7kg (50 lbs) and had a temperature of 83 degrees upon admission to the hospital. In the Emergency Department, medical providers noted fluid in the child's abdomen, and test results indicated liver damage, so Malinda was immediately taken into emergency surgery in an attempt to repair any internal injury that may have caused her nonresponsive condition. Malinda was noted to have liver ascites (fluid) in the abdomen but no laceration to the liver. Trauma surgeons were unable to save Malinda, and she died from her injuries.

Hoagland traveled to Paoli Hospital in his vehicle. Detective Shave and your affiant interviewed Hoagland inside Paoli Hospital on 05/04/24. Hoagland similarly claimed that Malinda's physical injuries occurred during an unobserved fall from her bike at the Jellystone campground at approximately 1230 AM on 05/04/24. Hoagland reported that Malinda sustained a cut on her nose from the fall and that he got her an ice pack, which she used for a few minutes before resuming play. Hoagland reported that Malinda awoke at approximately 1:30 PM on 05/04/24 and that he and Warren were already awake when Malinda awoke. He said she ate a pancake for breakfast before the family eventually left the campground for the drive home due to the rain. During his initial interview, Hoagland described discipline methods which included forcing Malinda to march in place or run in place, causing her to stand in the corner, and placing a lock on the snack cabinet so that Malinda could not access snacks in the home. Hoagland claimed that all regular food remained accessible.

After being advised of his daughter's death, Hoagland was asked to accompany detectives to the Willistown Police Department, the closest local police station to Paoli Hospital, to discuss her physical condition and injuries. Hoagland reiterated his story that the child's only physical injuries came from the fall off the bike and the incident at the pool. Hoagland was unable to provide any explanation for the child's emaciated state, again claiming that she ate meals and that he only locked the snack cabinet and did not restrict all food.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

During this interview, Hoagland discussed an incident in the fall of 2023 where he discovered that Malinda had been "selling" food at school, which he noticed when he demanded to examine her locker at a parent-teacher conference. Hoagland reported that he was frustrated with the school for minimizing the incident, and that he and Warren pulled Malinda from the school and opted to homeschool her instead. Hoagland admitted that CYF was notified after the incident at school involving Malinda's locker but claimed that CYF contacted him by phone only and never came to the house. Hoagland reported that Malinda had also been caught hoarding food in her bedroom. Hoagland said Malinda had a cell phone but had the phone taken away 2-3 weeks before her death by Warren, but he was unsure of the reason. During the interview at Willistown PD, Hoagland showed Detectives a photo of Malinda from 01/05/24. Malinda's physical appearance in the photo differed drastically from when the medics arrived on 05/04/24.

Hoagland reported he had no photos of Malinda after the 01/05/24 photo. When asked about any interactions Malinda had outside the home since being pulled from North Brandywine Middle School for cyber school, Hoagland insisted that Malinda logged into "zooms" related to her classes and had friends and likely saw them at times. He provided no specifics for these interactions. Hoagland reported in his interview that he communicated regularly with Warren about the children and any discipline of the children and that he communicated with Warren about Malinda on 05/04/24, via his cell phone, and on prior dates. While interviewing Hoagland, investigators noted that he had stains on his shirt that appeared to be bloodstains.

During a search of the Reid Road home on 05/05/24, investigators recovered numerous electronic devices, including a laptop and tablets, inside a locked gun safe. Investigators also noted "Blink" brand home security cameras in every room of the residence. These cameras did not contain any internal SD cards. Malinda's Android-style blue and black cellphone in a pink case was seized by Chester County Detective from inside 260 Reid Road and secured pending a search warrant to search the phone. Rendell Hoagland's Apple iPhone was seized by Chester County Detective on 05/05/24 at approximately 5:00 AM.

During an initial review of Warren's phone on 05/05/24, investigators noted that all text communication with Rendell Hoagland before 9:30 PM on 05/04/24 had been deleted, while other text messages on the device dated much farther out. Warren reported regularly communicating with Hoagland via text message during her statement to investigators. On 05/06/24, a search warrant was executed on Cindy Warren's cellular phone. Numerous videos watermarked as having been produced through the Blink system at 260 Reid Street, Coatesville, PA 19320, were recovered, which depict the physical abuse and torture of Malinda. On 05/06/24, a search warrant was executed on Rendell Hoagland's cellular phone. This device was examined, and videos like those recovered from Cindy's phone were recovered.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | | Middle:<br>MARIE | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

On 05/06/24, an additional search warrant was executed at the Reid Road residence, and numerous sets of handcuffs and leg shackles[9] were recovered. A lock to secure the refrigerator and an additional home surveillance camera were also recovered.

Search warrants for Malinda Hoagland's medical records from Paoli Hospital, Tower Health, St. Luke's Hospital, and Lehigh Valley Health Network (LVHN) were obtained, and production was received documenting Malinda's known medical care throughout her life.

A search warrant was obtained to produce Warren and Hoagland's Amazon and Amazon Blink Account data. The results, including their purchase history, are referenced in this affidavit.

For Malinda's attendance and school records, search warrants were served on Coatesville School District and Commonwealth Charter Academy. Of note in the production are numerous absences coinciding with beatings and punishments, excuse notes, and communication regarding Malinda's vaccine status not being up to date.

Search Warrants were obtained for the Gmail accounts and associated platforms for both Hoagland and Warren. Production for Warren contained videos depicting assaults of Malinda.

On 05/06/24, investigators again interviewed Warren and Hoagland inside the Coatesville Police Station following their arrest.

In his interview, Hoagland admitted that Malinda was restrained using shackles in the residence. He admitted to using physical force and physical exercise as punishments. He provided conflicting information about the night preceding her death, saying that she had run into his truck on her bike. He admitted that Malinda was not conscious on 05/04/24 when they woke up or left the campground. When confronted, Hoagland admitted to bringing Malinda back to Reid Road in the early morning hours and shackling her to a table but denied having left her there alone. Hoagland also acknowledged attempting to buy smelling salts on 05/04/24. Hoagland stated that the cameras in the residence were installed after Malinda "stole a Kit Kat" out of his and Cindy's bedroom. Hoagland provided no information about what occurred that caused Malinda to lose consciousness in the early hours of 05/04/24.

In her interview, Warren initially denied that Malinda was shackled but eventually agreed it had occurred. She minimized their actions and insisted that Malinda stole things when not chained up. Warren acknowledged that it was wrong to shackle Malinda but noted that sometimes Malinda would put it on herself.

---

[9] Preliminary forensic testing on the shackles was presumptive positive for blood.

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

On 05/08/24, Detective Davis conducted a Forensic Interview with Warren's young son, whose identity is known to law enforcement and will be referred to as the "Son." During his interview, the Son reported that Malinda did not eat dinner while they were at the campground because she lied to Warren. The Son reported that Warren was mad at Malinda for lying and that Malinda does not eat a lot because she "lies" a lot. The Son stated that when Malinda lies, she gets beaten sometimes and that Hoagland is the one who beats her, often using a black belt. He said she gets beat everywhere. The Son reported that Malinda says to stop and "pretends" to cry. The Son said he knew Malinda was pretending because Warren told him Malinda was pretending. The Son said that Malinda doesn't get food when she's in trouble and that another thing that happens when Malinda is in trouble is that she "gets put to a chain in the playroom." He described the chain as having a lock and going around her feet. He said she would go on the chain after dinner, sometimes for the whole day. The Son said that sometimes Malinda sleeps in her bedroom but otherwise sleeps in the playroom on the chain. The Son reported that Warren and Hoagland made Malinda do jumping jacks and push-ups in the playroom with the chain on her.

The Son reported that, on their last night at the campground, Hoagland left during the night with Malinda. He heard Warren tell Hoagland about Malinda not waking up and heard Warren tell Hoagland to say that Malinda got knocked out because she ran into a tree. The Son said he had never seen Malinda run into a tree and only knew that because Warren had told him. The Son said Hoagland put Malinda "in the playroom" when he left overnight, and Warren thought Malinda was faking and told her to wake up. Hoagland brought Malinda back to the campground, and Warren almost kicked her but then realized she was knocked out.

The Son told Detective Davis that Saturday morning at the campground, Malinda was on the couch, wouldn't wake up, and made weird noises. He said that Hoagland and Warren were trying to wake her up and that Hoagland had to carry Malinda to the truck. Hoagland put Malinda in the rear passenger side behind Cindy. The son described Malinda slumping over with her head on the window, and Hoagland pushed her back up. Malinda didn't say any words. Hoagland stopped during the drive to lift Malinda back up after she had slumped over. The son heard Warren and Hoagland talking about how they would have to call the ambulance for Malinda when they got home, and that Malinda was still in the car until the ambulance came.

On 05/22/24, your affiant interviewed one of Warren's adult children, whose identity is known to law enforcement and will be referred to as the "Adult Child." The Adult Child was present during the abuse of a sibling perpetrated by Warren and his biological father approximately 15 years ago. The Adult Child reported that Warren and his father abused his younger brother using forced exercise, beatings, starvation, sleep deprivation, and forcing the child to sleep on the floor. The adult child told your affiant that Warren instructed him to say that the child had injured himself by hitting something on his bike when asked and also ordered others to cover the child in baggy clothing or blankets if law enforcement or Child Protective Services ever showed up.

# POLICE CRIMINAL COMPLAINT

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

### B. Summary of Findings

Extensive reviews of all recovered evidence were conducted by members of the Chester County Detectives, including data from extractions of seized devices, medical records, photographs, evidence from online service providers, school records, physical evidence, receipts, documents seized in search warrants, and interviews of witnesses. Based on this review, your affiant submits there is a clear timeline of the torture and abuse of Malinda that culminated in her murder.

Malinda was subjected to extended periods of physical punishment, including running in place while shackled to furniture, holding books or her arms overhead, push-ups, jump squats, forced running and biking, and extended periods in stress positions. Malinda spent hours in these physical punishments. Hoagland and Warren forced Malinda to do chores while shackled and deprived her of the ability to use the bathroom freely. Warren and Hoagland used forced cold or scalding showers as punishment. Malinda frequently slept on the floor, chained to the air hockey table. The time stamps on the videos recovered, along with text conversations, indicate that Malinda was regularly sleep-deprived and forced to complete physical punishments as Warren and Hoagland slept. In at least one instance, Warren degraded and humiliated Malinda by making her dance on camera while Warren mocked her.

Physical assaults perpetrated by both Warren and Hoagland are documented through text messages, injuries seen or mentioned on the child, video footage from cell phones or Blink cameras, and references to prior assaults. Some assaults were done with everyday household items,[10] while others were bare-handed or consisted of Malinda being kicked. Both Warren and Hoagland used constant verbal abuse and degradation to control and terrorize Malinda, cruelly berating and mocking her. It was common for Malinda to be threatened with beatings, the withholding of food, and death.

The withholding or deprivation of all food generally was documented through evidence recovered and text communications between Warren and Hoagland, indicating that they regularly kept food from Malinda and purchased locks for cabinets and the refrigerator. Internet searches asked how long a person could survive without food or water. Text communications between Hoagland and Warren further revealed that, when Malinda was fed, Hoagland and Warren fed her disgusting or foul-tasting foods.

Numerous injuries to Malinda were documented or discussed over the years preceding her death, including methods used to heal wounds and cover bruises from school. Malinda sustained open wounds, and evidence revealed that when wounds became infected, Warren

---

[10] Items seen or described include belts, metal spatulas, phone chargers, and electrical cords.

AOPC 412A - Rev. 12/21

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

and Hoagland punished and berated Malinda and searched for methods to "treat" her at home. Bruises and scabs were discussed and visible in the videos. Hoagland and Warren forced Malinda to strip and stay in stress positions while naked/partially naked and while being beaten by Hoagland. The evidence recovered demonstrates the massive injuries to and physical decline of Malinda, through bruising, wounds, shaved hair, and emaciation. An extensive review of all text communications recovered indicated that Hoagland and Warren rarely, if ever, texted about pain management or pain medication for Malinda.

Hoagland and Warren often texted about concealing injuries from mandated reporters and concerned family members. Texts also show that Hoagland and Warren wanted to prevent Malinda's injuries from damaging their physical property. Warren and Hoagland used makeup on Malinda's face before school to hide bruises. They withheld medical care from Malinda to avoid being reported. Your affiant's review of Hoagland's and Warren's internet search history found that both Hoagland and Warren searched for topics in the months prior to Malinda's death consistent with symptoms that she would have suffered from malnutrition, such as yellowing skin and a distended stomach.

A clear pattern emerged when evidence of beatings, documented in the videos, texts, and photos, was compared to school records. Warren and Hoagland routinely held Malinda home from school following beatings and prolonged punishments to avoid being reported to child protective services. Warren and Hoagland withdrew Malinda from in-person schooling following a Childline report with concerns for her safety and access to food. Hoagland and Warren enrolled Malinda in cyber schooling to hide their abuse, prevent Malinda from accessing mandated reporters, and avoid state-mandated medical requirements.

Physical punishments are documented as early as 10/13/21 when Malinda was only ten-years-old.[11] In total, hundreds of videos were recovered depicting the abuse of Malinda by Hoagland and Warren. Over 150 videos and still images were recovered depicting Malinda shackled to furniture and enduring physical abuse. Over 200 videos and images depict Malinda being subjected to forced exercise and physical punishment. Text messages and conversations captured on video establish that Malinda was punished for infractions like forgetting chores or paperwork for school, "stealing" food, not smiling during school Zoom sessions, sitting or failing to hold positions when forced, inability to continue with forced exercise, urinating or defecating herself while restrained, or asking questions at school. For these infractions, Warren and Hoagland beat, punished, starved, and restrained or confined Malinda. The details of their abuse are as follows in the timeline set forth below, which follows Malinda from mid-2021 through the weekend before her death.

---

[11] In text communications from this date, Warren tells Hoagland that she "let (MH) off the wall." The reference to the wall was explained by one of Warren's adult child during an interview on 05/22/24 as a punishment he observed Warren use against his brother during a previous abuse case. The punishment included standing against a wall with hands behind the back for hours.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

    *C. Detail from Text Messages, Videos, and Other Pieces of Evidence*

        i. <u>On or about 10/13/21 through on or about 12/31/22: Hoagland and Warren engaged in an ongoing course of conduct of Endangering the Welfare of Children by imposing inappropriate physical discipline, forced stress positions, and food deprivation on Malinda.</u>

A review of all recovered text message communications[12] includes many conversations between Hoagland and Warren about Malinda and Warren's young son. Warren and Hoagland regularly refer to Malinda in derogatory terms, referring to her as an "idiot,", "psycho," "bitch" and "retard." When discussing Malinda, the conversations between Hoagland and Warren almost exclusively discuss the perceived failings of Malinda, including failure to get herself up for school without assistance, failure to wake her stepbrother and/or stepmother for school, asking questions, or needing help with the activities of daily living customarily performed by parents. 10/13/21 was the first available text message communication currently reviewed by your affiant discussing the use of "the wall[13]" or other forced stress positions. Warren texted Hoagland saying, "*I let her off the wall*," a punishment imposed after Malinda failed to wake Warren and her son for school when Warren turned her alarm off. Discussing the punishment, Warren described how she made Malinda believe that her actions would eventually kill Hoagland and that Malinda sobbed as she spoke, insisting that she didn't want her father to die. During this conversation, Hoagland encouraged Warren in her anger toward Malinda and her use of punishments against her.

The earliest available explicit discussion of causing injury to Malinda and needing to lie to avoid detection occurred on 11/01/21. During these communications, Warren and Hoagland discussed a large bruise on Malinda's body and her upcoming appointment with her pediatrician. On 11/01/21, Warren sent a message to Hoagland discussing the appointment saying, "And u better hope they don't ask her about that bruise h said it "*is huge cause she gonna have to get undressed n shit for her physical.*" Hoagland responded and acknowledged that the bruise could result in "the people" being called about their treatment of Malinda. The conversation includes a discussion of an additional bruise on her arm, more minor than that on her leg, and how Hoagland had been yelling so much that he scared Warren's son. Hoagland indicated that he will not get in trouble and that he will say the injury happened "bouncing on the trampoline." [14] Both Warren and Hoagland joked about <u>Malinda's bruises and Hoagland's</u>

[12] The messages recovered through search warrants and forensic extractions on cellular devices date back to April 21, 2021.
[13] As detailed by one of Warren's adult children who had seen Warren impose this punishment, the wall is a reference to standing against a wall with hands behind the back for hours.
[14] This excuse was later used by both Hoagland and Malinda when officials questioned significant bruising to MH.

⚜ **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

actions, with Warren noting that Malinda "don't bruise easily." Records recovered from Wind Gap Medical Center show that Malinda had a visit for a well-child exam on 11/02/21. Malinda's weight was noted at 77 pounds. This well-child visit was Malinda's last visit to a pediatrician before her death.

In the weeks and months following, Hoagland and Warren continued to routinely discuss their disdain for Malinda in text communications. In these communications, they discuss punishments imposed on Malinda and physical abuse they want to or may impose on Malinda. Malinda is referred to only in a negative or derogatory manner throughout the months following 11/01/21.

On 06/07/22, Hoagland and Warren discussed using stress positions other than the wall as punishment for Malinda in their recovered written communications. On that date, Warren contacted Hoagland to report that Malinda forgot to give the dog water. For this infraction, Hoagland tells Warren that Malinda should not be permitted to watch TV and should be made to stand in the corner holding her bookbag over her head. The nature of the communications between Hoagland and Warren on this date suggests that they had discussed and implemented these forms punsihment of Malinda in the past.

On 09/06/22, Malinda left her jacket at school, and Warren contacted Hoagland to express her anger. The following day, Warren continued to communicate with Hoagland about her anger at Malinda, and that Malinda spoke to her as though she had not done anything wrong. Warren told Hoagland that she will talk to her when she stops "ruining (her) days.[16] CASD Attendance Records show an unexcused absence on 09/08/22. Other than discussing their annoyance or anger with Malinda, none of the communications suggest that Malinda missed school due to illness. On 09/09/22, Warren requested Hoagland to bring home food for "the 3 of us," referring to Warren, Hoagland, and Warren's son. On the same date, Warren sent Hoagland a message indicating that Malinda would not be fed or eat with them until after being punished. Your affiant believes these are the earliest available messages suggesting that Malinda's food access was limited as a form of punishment.

On 09/12/22, Warren and Hoagland argued about the dog having an accident on the floor. Warren sent a screenshot of Hoagland telling Warren about it and says, "There's the screenshot. And her ass needs a beating," referring to Malinda. Warren indicated that Malinda will be beaten when she returns home from school and directs Hoagland not to bring a drink for Malinda when he brings drinks home. On 09/20/22, Warren told Hoagland that the dog had no water again and indicates that Malinda will only be given "a dribble" to drink. Your affiant

---

[16] A review of the surveillance videos recovered shows that Warren rarely speaks to or acknowledges Malinda in any manner unless punishing MH.

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

believes these are the earliest available messages that discuss limiting Malinda's access to water or fluids as punishment.

Over the next two months, Hoagland and Warren continued to discuss Malinda in the same manner, expressing their dislike of her and her many perceived infractions or misbehaviors. These discussions mention imposing physical punishments on Malinda.

On 11/21/22, messages are exchanged between Warren and Hoagland regarding Malinda having access to a locker at school to store or "hoard" personal items. Hoagland and Warren discussed making Malinda provide her locker number and passcode and telling Malinda that Hoagland would go to the school and search her locker. Investigators recovered a video, dated 11/23/22 at 12:16 AM. The video was taken with a cellular phone or camera held by Hoagland in his and Warren's bedroom at 260 Reid Road. The 7 minute video depicts Malinda standing still, holding books over her head while Hoagland and Warren get out of bed. This video from 11/23/22 is currently the earliest recovered video evidence of Malinda's abuse. On the morning of 11/23/22, Warren sent a text to Hoagland noting that her son asked about what happened to Malinda the night before. Warren reported that she told him Malinda lied "for three hrs" about some headbands that broke in her room. Warren told Hoagland that her son admitted that he and Malinda broke the items by accident and that Malinda nearly vomited on her oatmeal while her son spoke. Hoagland sent a note to the school for an excused absence for Malinda on 11/29/22, claiming that Malinda had been sick.

> ii. Under or about 12/07/22 through on or about 12/10/22: Aggravated Assault, Simple Assault, Terroristic Threats, Possession of Instrument of a crime.

On 12/07/22, Warren sent a message to Hoagland stating that Malinda had lied to her and blown her happiness right away. On 12/09/22, Warren sent a message to Hoagland: "She came in and lied right off the bat. My feelings r hurt." A review of Warren's Gmail account backup recovered a 25-minute video, also dated 12/09/22, of Warren tormenting and threatening Malinda. In the video, Malinda can be seen holding a stack of books over her head and attempting not to move or drop them for 25 minutes. Warren berated and threatened Malinda throughout the video, saying:

> We're sick and tired of you...I see hot sauce and showers coming in the future...That'll be her nice dinner, hot sauce...That's one good reason to throw her in the shower by her neck and beat her...you ain't getting a break, no, no, no...Just beat her as soon as you come in, step on her toes, and bang her fingers at least 20 times...Throw her in the shower, and we'll put more books on top...Every time she drops Rendell, we will put more books on top...by that time,

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Rendell, you'll have kicked her teeth out...He's on his way back; he's gonna kill you because I'm getting madder and madder.

Warren's son entered the room during the video and Warren had him take over the recording while she steps out. When Warren returned, her son says holding the phone hurts his arm, and Warren tells him that she leans on the couch so it doesn't bother her. Later in the video, a book falls from the stack Malinda was holding, and she apologized. Warren responds, "That's book one, so he can smack you with them. Take you in the bathroom and whoop your ass."

At approximately 15 minutes into the video, Malinda cannot hold the books anymore, and they fall. Warren grabbed Malinda by the hair as she screamed and apologized. Warren then hit Malinda in the side at least twice with a metal spatula.[16] Malinda picked the books up and held them over her head again as Warren continued to scream at her, telling her that Hoagland is coming home to kill her. Warren threatened that Malinda will go "back into the shower" and "hot sauce." Warren then forced Malinda to keep her eyes open while she tells Hoagland, through the recording, that Malinda tried to break the coffee table by dropping the books. Moments later Warren told Malinda she will be beaten all night for making a scene while Hoagland works. The Video ends with Hoagland's voice in the background. Hoagland submitted a note without excuse for Malinda's 12/08/22 absence. The note was signed on 12/11/22.

> iii. On or about 01/01/23 through on or about 07/10/23:  Hoagland and Warren engaged in a course of conduct of Endangering the Welfare of a Child through food deprivation, psychological abuse, physical abuse, involuntary servitude, forced exercise and forced stress positions.

Text messages and recovered video evidence establish that Hoagland and Warren continued to abuse and torment Malinda throughout 2023. A video dated 01/01/23 was recovered from Warren's Gmail backup which shows Malinda crying while Warren calls her stupid and berates her for not showing gratitude or asking to speak to other family members at Christmas. A text exchange between Hoagland and Warren on 01/03/23 included Warren instructing Hoagland to give Malinda "an earful" even though it probably won't do any good because Malinda was already sore. Hoagland responded that he had already spoken to her and told her that if she messed up after the conversation she would get beaten twice as badly. Attendance records show that Malinda was absent on 01/04/23 and 01/05/23. Hoagland sent an excuse note dated 01/10/23 to the school to explain her absences, saying she wasn't feeling well. In messages sent 01/13/23, Hoagland agreed with Warren that they cannot allow Malinda to ruin their weekend and reminded Warren "we still in charge of meals"[17] in response to Warren's

---

[16] Warren sends her son to get her the spatula and he asks Warren not to hit Malinda as he stands there so Warren sends him out of the room.
[17] Undated internet searches were conducted on Hoagland phone for the following:

## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

complaints about Malinda. Text communications between Warren and Hoagland on 02/04/23 discuss Malinda waiting on Warren and doing chores while Warren's son plays.[18]

iv. On or about 1/17/23 through on or about 01/18/23: Simple Assault and Terroristic threats.

A video recovered from 01/17/23 shows Malinda doing push-ups in the living room. Warren walked by and unexpectedly kicked Malinda telling her to "get movin cause I got my shoes on today." This event is followed by an excused absence from school on 01/18/23 with a note from Tower Health referencing a visit to Urgent care for an abscessed and infected finger. Tower Health records confirm this visit; Malinda's body weight was 74 lbs and that the finger was drained and a specimen taken for infection screening. Further correspondence shows that Malinda was prescribed antibiotics for an infection. The Urgent Care visit on 01/18/23 marked the last time Malinda was seen by a medical professional prior to her admission to Paoli Hospital on 05/04/24. In the days that followed the appointment, Warren and Hoagland discussed administering Malinda the prescribed antibiotics and abusing her at the same time.

In communications via text between Warren and Hoagland on 01/19/23, they discussed "adding to [Malinda's] menu," referring to specifically finding things to feed her that she will not like but will be forced to eat. Warren wrote, "Im sure [Malinda will] praise the lord in her head. Im done wasting my time n energy on that thing. Kinda shocked tho on how she ate them olives with no problem but yesterday was there gagging on oatmeal n olives making a scene."

During a text exchange on 01/20/23, Warren informed Hoagland that she gave Malinda her medicine "Even tho she kept her hands down all night long," referring to their practice of forcing Malinda to hold her arms overhead overnight while they slept. They discussed their belief that Malinda tries to be "slick" by lowering her hands when they are asleep and raising them again when the alarm goes off in the morning. On the same date, Warren told Hoagland that Malinda is eating tuna and carrots, referring to the mixture as "slop," and the two mock Malinda, discussing how she smells and how her urine smells. Malinda was marked for an unexcused absence from school on 01/20/23.

- how many days can you survive without water
- how long can you go without food

[18] Recovered videos depict this scenario occurring on multiple occasions, with Malinda cleaning or doing laundry as Warren ignores or berates her and Warren's son plays games in the same area.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

v. <u>On or about 1/23/23 through on or about 01/26/23: Aggravated</u>
<u>Assault and Simple Assault.</u>

On 01/23/23, Warren and Hoagland exchanged messages indicating that Warren was out of the home and Hoagland was with the children. Warren reminded Hoagland to supervise Malinda in the bathroom and asked Hoagland if Malinda spoke to him about her medicine. When Hoagland told Warren that he has not spoken to her, Warren messaged back "crack...Rt to the side of the head." Hoagland told Warren that he pulled Malinda out by the hair and Warren wrote "wish I was there" with laughing emojis. Hoagland wrote back, "As soon as she came out the bathroom I cracked her in the head. Like a light 💡 💡 flicker smh." On 01/24/23 and 01/25/23, Hoagland and Warren discussed Warren's son attending school and going to and from the bus but did not mention Malinda. Attendance records show that Malinda had an unexcused absence marked for 01/26/23.

vi. <u>On or about 02/21/23 through on or about 03/20/23: Aggravated</u>
<u>Assault, Simple Assault, Intimidation</u>

On 02/21/23, Warren sent Hoagland messages telling him that Malinda came into her room and lied about her day. In the early afternoon of 02/22/23, Hoagland and Warren discussed the weather and Warren noted that it is freezing rain outside so she sent Malinda to take the trash to the road. They joke that the rain will be good for her and maybe she will keep running and not come back. Later, Hoagland sent a message to Warren about the cold and Warren said that she was outside and freezing.[19] Warren went on to say, "I came in sent her ass out" and "fuck that she aint doin shit let her freeze." Malinda was marked for an unexcused absence on this date.

On 02/23/23, Warren asked Hoagland if Malinda was standing when he woke up and Hoagland responds that she was not but he kicked her as he got out of bed. On this date, Malinda was again marked for an unexcused absence. In fact, Malinda did not attend school after 02/22/23 until the end of March 2023. Messages between Warren and Hoagland on 03/06/23 reference Malinda sitting with ice on her face. Warren wrote, "Tryna least get the swelling down n face cleared up so maybe she can go back to school by end of week," and "[j]ust gotta get her Face cleared to go back. So i am doing that] she dont really care for the coldness on her face but she gonna deal with it."

A photograph recovered from Hoagland's cell phone, dated 03/13/23, shows Malinda in a cabin the family appears to have rented. Malinda is posed with her back to the camera and looking at the camera over her left shoulder. Bruising is visible around Malinda's right eye with injury in the white of the eye visible. A severe injury visually consistent with rug burn is visible on

---

[19] Historical records indicate a high of 45 with a low of 26 degrees for that date.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Malinda's forehead, traveling from the center hairline to her eyebrow and through the right side of her face.

Hoagland and Warren received a message from the school nurse on 03/14/23, calling about Malinda's absences. Additionally, a notice dated 03/07/23 was sent from the school advising that Malinda had an unacceptable number of school absences and the matter could be sent for truancy hearings.[20]  On 03/16/23, Warren and Hoagland discussed contacting Malinda's doctor's office to get a note to explain Malinda's extended absence from school. Warren suggests that Hoagland tell the doctor that Malinda was upset about her mother's illness.  When Hoagland learned that the doctor would not provide a note because Malinda had not been seen in years, Warren suggested that they pull her out of school because they had been told she could not return without a note.

According to medical records received from the Wind Gap medical center, Hoagland called and requested a note for school to explain absence from 02/28/23-3/17/23 and to return to school on 03/20/23.  The internal records show the request was denied as Malinda's last office visit with them was in November 2021. Staff notes included in the records indicate that Hoagland reported that Malinda's mother, Rhondalynn Smith, had been placed in a residential home due to her illness and cited that as an excuse for Malinda's absence.

Messages between Hoagland and Warren on 03/24/23 again show discussion of injuries to Malinda's face. The two discussed "soaking" Malinda's face and that her face is bright red and they are putting cold water on her face and eye.  Messages between Hoagland and Warren on 03/27/23 discussed using Mederma[21] for scars and how the fact that Malinda's hair was growing back should make the scars go away.[22]  Hoagland sent messages discussing the specifics of Malinda's other remaining injuries, writing "the little dot that was to the side of her eye that was by itself was hard to see. The eye and right next to the eye was also lighter."[23]  Warren responded by saying, "Maybe few more days with using this stuff we be good to go. Hopefully." Malinda appears to have returned to school on or about 03/21/23.

Communications between Hoagland and Warren from April 2023 discuss Malinda standing in their room in the middle of the night, waiting to be given permission to go to sleep and joking about Malinda's exhaustion.  Messages exchanged on 04/17/23 discuss Malinda asking

---

[20] On 06/06/24, your affiant contacted the local magisterial district court.  Court staff indicated that they did not have any truancy paperwork for Malinda on file.
[21] Mederma is a brand of topical skin ointment or gel to accelerate healing and reduce the appearance of scars.
[22] An undated Google search was conducted on Warren 's cell phone for "girls hair cut shaved on side"
[23] An undated Google search was conducted on Warren's cell phone for "why would there be a red blood streak in my eye"

## ⚜ POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | | Middle:<br>MARIE | Last:<br>WARREN |

### AFFIDAVIT of PROBABLE CAUSE

permission to go to school when woken up in the morning and both Hoagland and Warren joke that she probably thought they were waking her to come in their room or to mess with her.

On 05/08/23, Warren and Hoagland discuss the bus driver asking Malinda why she looked upset. Warren told Hoagland via text, "Mark my words shes gonna have someone at this door the way she looks in front of ppl like we r these big bullys butttt 5 mins before that she was all chipper."

vii.   On or about 05/28/23 to on or about 06/01/23: Simple Assault.

On 06/01/23, Childline received a report with concerns for Malinda. At the time, Malinda had a healing bruise below her left eye that raised concerns with mandated reporters when she provided multiple different explanations. When asked the cause of her injury, Malinda initially said it occurred while at the beach riding bumper cars. She then told another adult that it was from having a catch with her brother and getting hit by the ball. Adults noted that Malinda "seemed down" and the reporter noted that Malinda also came to school with an abrasion on her face earlier in the year. She stated that this earlier injury was a rug burn from falling off of a hoverboard.

On each occasion, Malinda provided an accidental cause for her injuries but her demeanor and the changing history of the injury raised concerns. The reporter noted that they had not been provided with an explanation for the injury by the child's father or stepmother. On 06/02/23, Hoagland told Warren that Children and Youth contacted him about a report. Records from Chester County CYF indicate that their agency contacted Hoagland about bruises on Malinda and spoke to Warren on the phone on the same date. Warren explained that the injury was from bumper cars at the beach over the weekend and that Malinda was also hit in the face with a kickball over the weekend. Warren also stated they don't know exactly what happened and didn't think about sending in a note to the school. Warren claimed that discipline in the home is the loss of electronics for the children. After this conversation, CYF closed their investigation.

Undated Google searches were conducted on Warren's cell phone related to rug burns for the following search phrases:

- how long does a rug burn last
- brown rug burn on face
- what does a rug burn on your head look like
- healing stages of rug burn on the face
- rug burn on face scab is brown
- what does a rug burn scab look like in color
- after a rug burn the (scab) comes off its pink
- is lotion good for a scab that fell off skin

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

- is lotion good for a scab that fell
- What to put on skin after scab falls off
- pink.skin after scab on face

Between 06/06/23-06/07/23, Warren and Hoagland discussed the end of the school year and communications with Warren's son's teacher via text messages. Warren indicated that she sent an end of the year email to Malinda's teacher informing him that Malinda will not be in school the following day. Warren included the text of his response in messages to Hoagland indicating that the teacher said that Malinda was a "truly awesome" kid who did "amazing" during the school year. Her teacher noted that Malinda was motivated and had a positive attitude. Hoagland and Warren mocked Malinda and the teacher's response and discussed that Malinda is fine for other people but a problem at home.

On 06/08/23, Warren and Hoagland discussed ordering food through DoorDash while Hoagland worked and Warren sent requests for herself and her son without requesting anything for Malinda. On the same date, Warren and Hoagland discussed Malinda's activities for the day and Warren told Hoagland that Malinda vacuumed, did the laundry, cleaned the bathroom and was working on other chores. 06/08/23 was the last day of the school year.

On 06/09/23, Hoagland and Warren exchanged messages about Malinda needing a school-issued computer for the summer and Warren indicates that she questioned Malinda about turning it in and Malinda lied. They decided that Malinda will not be allowed to use a laptop from the school in the future and how Malinda lies and admits being irresponsible. Warren told Hoagland that Malinda asked if she could do anything and she told her that they were being held responsible for the cost of the computer. In the following days, Warren and Hoagland continue to discuss contacting the school and Malinda's teacher about emails. On 06/16/23, Malinda's report card is issued and shows good grades for the year, but Hoagland and Warren complained about the school and their grading practices.

Messages on 06/15/23 and 06/20/23 show that food was ordered for Hoagland, Warren and GG with nothing ordered for Malinda. A door dash receipt dated 06/24/23 again shows three meals being delivered.

AOPC 412A - Rev. 12/21



# POLICE CRIMINAL COMPLAINT

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

viii.  <u>07/11/23 to 11/05/23:  Hoagland and Warren engaged in a course of
conduct of Endangering the Welfare of a Child and Involuntary Servitude
through physical and psychological abuse, food deprivation, forced
exercise, and forced stress positions.</u>

Your affiant reviewed the Amazon account purchase history associated with Warren's Gmail account and phone number.  On or about 07/10/23, Warren ordered the Blink security cameras used to monitor and psychologically abuse Malinda.

On 07/11/23, Warren sent Hoagland a message telling him that she (Warren) made Malinda open her diary because she saw a drawing inside and wanted to "make sure its being used for what I told her its for."  Warren told Hoagland that she is "hurt" and "disgusted" by all the lies she was telling about them in her writing.   Warren called a writing about Hoagland beating Malinda with a microphone cord and leaving marks a lie.  Hoagland responded, "Because I smacked her with that wire."  Warren goes on to say:

> All bout how she does my back n feet n all. N how she has all this work to do in this house n went on to name them. Ummm one thing at one point was YAY i didnt have to hold books up today...All bout how we didnt get up sat to take her to her moms when we asked her to wake us up at 4 it goes on n on. WHO TF DOES SHE THINK SHE IS TO WRITE SUCH FOUL SHIT N LIE AT THE SAME TIME. Look man she got pages after pages in there and but not one word in there bout anything she has done or didnt do nothing...

A recovered video from the Blink camera in the playroom, dated 07/11/23 at 7:30 PM, shows Malinda walking laps by the playroom door holding books over her head.  An additional video, dated 07/12/23 at 12:12 PM, shows Malinda standing in a corner holding books over her head.

On 07/17/23, Warren sent a text to Hoagland stating that Malinda hasn't completed her book report.[24]  At 1:51 PM, Warren sends a message saying, "She's in here doing push-ups fuck her n that book report."  A Blink video recovered from Warren's cell phone shows a video recorded at 5:59 PM depicting Malinda standing shirtless in the corner of the kitchen, holding a bag over her head.

A Blink video dated 7/18/23 at 7:18 AM shows Malinda standing facing a corner in the kitchen.  Warren sent Hoagland a text that said, "Well you should come home n see what td ruckus i got going on here with her i guess i won't get no nap again cause she back in same position."

---

[24] A review of Malinda's school records indicates that Malinda was not enrolled in classes during the summer of 2023.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| **Defendant Name** | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Warren and Hoagland continued to message about their frustration with Malinda until Hoagland left work early, at 8:48 AM, at Warren's request to "deal with" Malinda.

On 07/19/23, Warren and Hoagland exchanged messages about Malinda scrubbing the floors, and Warren complained that she only spent a few minutes on the floor and would be doing exercises all day. Messages on the same date indicate that Malinda cleaned all the floors, swept hair from all the rooms, and cleaned both bathrooms. Hoagland suggested she will have to do it all again because she did the tasks too quickly. Warren told him that she keeps finding "stupid shit" for Malinda to do to fill the time until it's time for Malinda to stand and read. Numerous videos recovered from July 2023 depict Malinda standing at the kitchen table reading.

    ix. <u>On or about 08/27/23 through on or about 08/29/23: Simple Assault.</u>

Malinda returned to school for the 2023-2024 school year on 08/28/23. On that date, Warren and Hoagland discussed via text what chores she would do when she got home, including the laundry, garbage, and dishwasher. On 08/29/23 Warren and Hoagland texted about their attempts to cover Malinda's face with concealer. Hoagland indicated that he did his best with the makeup and thanked Warren for assisting after he went to work. Warren told Hoagland she added eyeshadow and fixed the concealer because Hoagland had used too much. Warren assured Hoagland "Wasnt bad could barley tell she had anything on lol."

On 09/04/23, Hoagland sends Warren messages asking if she and her son want milkshakes. A receipt for three milkshakes from Wawa was recovered from Warren's purse dated 09/04/23. A receipt dated 09/05/23 for three meals from McDonald's was recovered from Warren's purse. Both food orders were made when Malinda was at the residence with Warren, Hoagland and Warren's son.

On 09/11/23, Warren and Hoagland exchanged messages about finding a place to get Malinda her required vaccines after receiving communications from the school district. In the messages, they discussed making up an appointment date and finding a location just to get the vaccine because she "doesn't need a physical."

    x. <u>On or about 10/03/23 through on or about 10/20/23: Aggravated Assault and Simple Assault.</u>

On 10/03/23 Warren forwarded Hoagland a message from Malinda about leaving her jacket at school. Malinda's message read "Indy I'm so sorry but I just realized that I forgot my jacket and I can't go back and get it. I know I felt I was forgetting something but I didn't realize that it was my jacket...I am so sorry and I apologize that I lost it and now I'm scared." Warren told Hoagland that she is not going to respond to Malinda and sent screenshots of additional messages where

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Malinda indicates that she's scared to come home and apologizes for leaving her jacket in her locker.

Malinda was absent from school again on 10/13/23. Blink Video captured from the kitchen shows Malinda doing push-ups at 10:20 PM. While she does push-ups Hoagland walks over and strikes her repeatedly with a black belt.

On 10/17/23 Warren sent Hoagland a screen shot of messages from Malinda referencing jackets and notes. Warren then wrote "Like u see all them three screen shots like bitch im tryna play my picture game tf u writing im scared n all this crap." Malinda was marked for an excused absence on 10/18/23 and 10/19/23 with a note coming in from Hoagland saying Malinda wasn't feeling well. On 10/20/23, Warren sent Hoagland a message saying "Were u able to do her make-up this morning? I was knocked out lol". Hoagland responded, "Yeah I got it done, I think it looked good." On 10/26/23, Hoagland sent Warren a screenshot of Malinda's school photo. In the photo, Malinda is seen wearing a pink hoodie and is wearing makeup. Bruising is visible around her left eye.

> xi. <u>11/06/23 To 03/30/2024: Hoagland and Warren engaged in a course of conduct of Endangering the Welfare of a Child, Kidnapping, and Involuntary Servitude against Malinda by confining her places of isolation away from the protections of society, forcing prolonged periods in forced stress positions, physical and psychological abuse, food deprivation, forced exercise, and failure to seek necessary medical care.</u>

On 11/06/23, Warren had a parent-teacher conference with Malinda's teacher via Zoom. Warren told Hoagland that the teacher complained about Malinda not using her time well and "staring" at her; Warren claimed she responded: "umm only thing i can tell u is shes a idiot." Following this conference, Warren and Hoagland took Malinda back to school and demand to search her locker. Malinda initially said she had forgotten her locker and combination, and Hoagland forced her to ask a teacher. Hoagland then searched her locker, finding food and $1.15. Hoagland discussed this event in his interview with investigators on 05/05/24. Hoagland said they wanted to check her locker, but Malinda brought them to the wrong locker. Hoagland stated that Malinda had a Ziplock bag with 3-4 muffins, sliced apple bags, ranch dip, and a half-eaten candy cane. He also noted a few dollars in the locker and claimed that Malinda was selling food at school. He also stated she was forging her teacher's name on bathroom passes. Hoagland said that he and Warren were upset with the school's response to the incident because they did not acknowledge the gravity of Malinda's actions.

On 11/07/23, Chester County CYF received a Childline report about concerns about Malinda's safety and well-being. The reporter documented the parents' reactions to coming to the school and searching Malinda's locker. The report also indicated that Malinda often came to school

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | | Middle:<br>MARIE | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

hungry and asking for more food and that adults observed Malinda to have bags under her eyes and wear baggy clothing consistently,[25] and further stated that earlier in the school year, Malinda had come to school with an unexplained black eye.

Case notes from CYF and messages between Warren and Hoagland show that on 11/07/23, CYF contacted Hoagland about the report, but Hoagland was unavailable. Hoagland sent the number to Warren, who called. Warren then messaged Hoagland, "It was her desk child n youth she away from her desk"; "I have a feeling they probably on their way here I think its best u come home"; "Im having a very bad feeling bout this." Warren went on to say "Im physically sick"; "Im telling u they r gonna come here Im not feeling well at all u need to leave n come home"; "Im crying n im sick to my stomach." Hoagland left work and returned home at Warren's request.

CYF reports show that the assigned CYF worker spoke to Hoagland and Warren on the night of 11/07/23. According to the reports, Hoagland and Warren denied the concerns in the report. Hoagland explained that they were upset to discover that Malinda had food in her locker and learned that Malinda got extra food at breakfast at school. Per the reports, Hoagland and Warren told CYF that they will no longer give Malinda breakfast at home since she is eating breakfast at school. Hoagland and Warren also expressed their displeasure with the teacher's handling of the event, indicating that the teacher should have asked Malinda if she was okay and should have asked them instead. When asked about the injuries noted in the referral, Hoagland claimed that Malinda was injured jumping on the trampoline. Hoagland claimed that Malinda would be meeting with a counselor to address "the eating issue" and that they would also discuss it at her upcoming doctor's appointment.[26] This report was closed on intake.

Seven Blink Videos were recovered from 11/08/23 showing Malinda doing pushups in the living room. The video's timestamps indicate that she was doing push-ups in the house as early as 8:35 AM, with the last capture of this punishment at 9:27 PM.

On 11/30/23, Malinda attended school in-person for the last time. After that date, all evidence reviewed by your affiant indicates that Malinda had little to no in-person contact with anyone outside the residence at 260 Reid Road, and her contact and communication with others online or over the phone was constantly strictly monitored. Your affiant submits that this isolation for the purpose of furthering and escalating their criminal abuse constitutes Kidnapping under Pennsylvania law.

---

[25] In the interview with Warren's older son, he indicated that Warren had previously dressed a child victim in baggy clothing to hide the effects of the physical abuse and malnourishment.
[26] A review of all available medical records for Malinda revealed no appointments or requests for appointments in 2023. No records exist to suggest that Hoagland or Warren took Malinda to a counselor, made an appointment with a counselor, or contacted a counselor on her behalf at any point between 2021-2024.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

On 12/05/23, Hoagland emailed the principal at North Brandywine Middle School and reported that Malinda was being withdrawn from school.[27] Internal school district emails and attendance records show that Malinda had not attended school since 11/30/23 and did not attend school through 01/02/24.

### xii.   On or about 12/07/23 through on or about 12/9/23: Simple Assault.

Multiple blink videos recovered from Warren's phone dated 12/07/23 and 12/08/23 show Malinda doing pushups in the living room. Messages sent by Warren to Hoagland on 12/08/23 read, "I think that you should come home n deal with your kid," and "Yo I swear on god imma choke this bitch out on god."

Investigators received a screenshot dated 12/09/23 from Warren's sister, Stacey Ellison. Ellison reported taking the screen grab while on FaceTime with Warren and speaking to Malinda. Ellison stated that bruises were visible on Malinda's face at the time. The screenshot shows a large bruise covering the entire left side of Malinda's face, from her mouth to her ear. Ellison stated that she asked Malinda about the injuries and Malinda said she had fallen off a hoverboard.

Recovered videos from 12/12/23 shows Malinda doing push-ups at 4:49 AM. Messages between Hoagland and Warren reference punishment and the fact that Malinda was crying during it, "She balling about push ups smh."

Videos recovered from 12/13/23 through12/15/23 show Malinda doing push-ups morning and night. Multiple messages sent between Hoagland and Warren on 12/15/23 discuss injuries to Malinda's hand and head. Warren tells Hoagland that the scab on Malinda's forehead is "gone" and blames Malinda for the state of the injuries to her hand, complaining that she had picked at the scab.

A video from 12/17/23 at 7:40 PM shows Malinda doing jump squats in the living room.

On 12/19/23, an unlawful absence notice letter was sent to Hoagland about Malinda's absences. An email was sent from the school indicating that Malinda had still not been enrolled in another school.

---

[27] Undated internet searches were conducted by Warren for "home school in pa" and "how do you pull your kid out of school"

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 | |
|---|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN | |

## AFFIDAVIT of PROBABLE CAUSE

On 12/20/23, Warren sent Hoagland a message at 8:02 AM that said, "Now she doing jacks look on cam how dumb she looks." Warren made a clear reference to the use of the leg shackle on Malinda in a message to Hoagland at 8:58 AM on the same date, stating:

> I gave her three pks of oatmeal this morning also. And after she's all done, she's gonna go back on that thing on her foot with her books and sit there and read and write while I lay down and play my games and maybe nap.

Later, Hoagland and Warren discussed via text an email received by Warren about Malinda and Warren says "They didnt tell her all of it but she seems hungry she had food we yelled n she looked scared thats what they told her lol." As the conversation continued, Warren sends Hoagland a screenshot of cupboard locks from Amazon. Hoagland agreed they should purchase them, calling the locks the "overnight system." They discussed how many locks were needed and the need to lock the bread cabinet because of the food stored there. A review of Warren's Amazon account purchase history indicates that Warren purchased the locks on the same date. These locks were recovered from the residence during the search and were still attached to cabinets when police arrived. Hoagland and Warren discussed the combination to the locks and Hoagland indicated that Malinda will not be able to figure it out. On the same date, a Blink thumbnail image from 4:36 PM shows Malinda standing with her arms over her head.

On 12/21/23, Warren sent a message to Hoagland saying she ordered the lock for the fridge. Hoagland responded, "Everything gonna be locked up," after offering to take Warren to dinner. The two joked about who is going to watch Malinda. Warren's Amazon purchase history shows that she ordered a keyed lock for French doors on 12/21/23. This lock was also recovered from the residence during the search warrant by law enforcement.

On 12/27/23, Hoagland and Warren discussed Malinda sleeping on the floor in their text messages. Warren told Hoagland that she allowed Malinda to lay on the floor after he fell asleep, that Malinda "apologized" for keeping her up until 4 AM, and thanked Warren for taking care of her and letting her lay down. Hoagland responded that he was happy Malinda apologized and managed her shower and lotion. Hoagland mentioned that Malinda told him she was scared the night before but was probably "just trying to play on (him)."

Messages sent between Hoagland and Warren on 12/29/23 indicated that Malinda was restrained overnight and restricted from using the bathroom. Warren complained that Malinda woke her up screaming that she needed to go to the bathroom and couldn't hold it any longer. Warren complained that Malinda waited too long, and she was concerned that she would urinate on her while she was using the key to unlock her.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

The leg shackle restraint on Malinda can be seen on video on 12/31/23 at 4:51 PM,[28] This video was recorded using the Blink camera in the playroom and shows Malinda standing with her arms over her head. Malinda was shackled around her ankle with the leg restraint secured to the leg of the air hockey table in the playroom. All future videos of Malinda shackled in the playroom show her leg shackle attached to the same leg of the air hockey table.

On 01/01/24, Malinda was seen on Blink footage in the playroom doing arm raises while chained to the table.

Numerous videos depict Malinda throughout 01/02/24. Video recovered from 01/02/24 at 6:49 AM shows Malinda sleeping on the floor while chained to the air hockey table. By 7:57 AM, Malinda is seen doing arm raises while chained to the air hockey table; multiple videos captured on this date show Malinda continuing to do calisthenics while shackled to that table throughout the morning and afternoon. While the video evidence confirms that Malinda was shackled and doing exercises in the playroom, Hoagland and Warren communicated by text about Malinda. Warren said that she "greased" Malinda up.[29] Hoagland responded with a message referring to Malinda as a "greased little piglet." Malinda is seen standing at the kitchen island at approximately 9:15 PM on that date, eating. Texts on 01/03/24 show Warren and Hoagland talking about Malinda keeping her mind on work, specifically saying "Work not food."

Warren discussed injuries to Malinda in a text on 01/05/24, stating "That cold shower n Vaseline did her good all scabs r off her n look 85% better. Warren and Hoagland again discuss injuries to Malinda via text on 01/05/24 "That cold shower n Vaseline did her good all scabs r off her n look 85% better. Even she came out n said that stuff u had me keep usin worked all scabs r off smh."

Video dated 01/08/24 shows that Malinda attended online school with her leg shackled to the dresser in Warren and Hoagland's bedroom. Multiple Blink videos recovered from the same

---

[28] The dates on which Malinda can specifically be seen shackled are 12/31/23, 01/01/24, 01/02/24, 01/08/24, 01/09/24, 01/11/24, 01/12/24, 01/15/24, 01/16/24, 01/18/24, 01/20/24, 01/23/24, 01/24/24, 01/27/24, 01/28/24, 01/29/24, 01/30/24, 02/04/24, 02/05/24, 02/06/24, 02/07/24, 02/08/24, 02/09/24, 02/10/24, 02/11/24, 02/12/24, 02/13/24, 02/14/24, 02/15/24, 02/16/24, 02/28/24, 03/03/24, 03/05/24, 03/13/24, 03/15/24, 03/17/24, 04/03/24, 04/05/24, 04/10/24, 04/11/24, 04/24/24, 04/25/24, 04/29/24, 04/30/24, 05/02/24 and the day of her death of 05/04/24. Each of these dates constitutes an individual count of Unlawful Restraint and False Imprisonment.

[29] Communications recovered between Warren and Hoagland in late 2023 and 2024 discuss their use of lotion and Vaseline to cover up injuries to Malinda and make them less visible.

---

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

date show that Malinda spent most of the evening shackled to the air hockey table in the playroom doing arm raises.

Blink video from 01/12/24 again shows Malinda attending cyber school while shackled to the dresser and then doing push-ups in the kitchen area after school.

Blink video shows that Malinda spent most of 01/15/24 through 01/16/24 chained to the air hockey table in the playroom. The video shows her doing arm raises throughout both days and sleeping on the floor chained to the table at night. Malinda was captured on video doing schoolwork on 01/16/24 and Warren can be overheard through the camera telling Malinda to smile for the zoom. Malinda is chained to the dresser when Warren addresses her through the camera.

A review of numerous videos from January through May 2024 indicate that Warren and Hoagland constantly monitored Malinda's attendance and performance at Commonwealth Charter, through physical surveillance, video surveillance, access to her laptop computer, and access to her online schooling records and reports. Warren can be seen or heard in multiple videos asking Hoagland to monitor Malinda when she goes outside to smoke or use the bathroom so that Malinda will never be left unattended while communicating with teachers or classmates.

xlii.  01/23/24- Simple Assault

Blink video and text communications between Hoagland and Warren from 01/23/24 show that Malinda urinated on herself while restrained and was punished with holding books over her head while a shirt was covering her face and head. Hoagland and Warren discuss wounds on Malinda and how her urine will slow the healing process, stating, "And no fucks giving how u got piss on your legs defeating the purpose of all the lotion n medications on her wounds on her legs cause they r soaked in fucken piss." On this date, records from Commonwealth Charter Academy indicate that teachers noticed Malinda was not herself, and a teacher contacted Malinda by chat and asked her if she was "OK." The school contacted Warren on the same date, and Warren reported that Malinda had a GI bug and that everyone else in the home had COVID. A Blink video from this date depicts Warren telling Malinda to turn off her laptop zoom camera so Warren can hit her.

In a Video dated 01/27/24, Warren us the Blink camera to tell Malinda, "keep moving and don't look for breakfast or lunch tomorrow cause you're not getting it. And you won't get dinner either 'cause I'm not getting up." An additional video clip on the same date shows Malinda chained to the air hockey table when Warren enters the room and tells her to shut up, calling Malinda a fucking idiot. 12 video clips go from 1:59 AM on 01/27/24 through 4:01 PM on 01/29/24, depicting Malinda standing while shackled to the air hockey table. In most of the videos,

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | | Middle:<br>MARIE | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Malinda is holding her arms over her head while only partially clothed. In one video, Malinda can be heard tearfully repeating, "I made myself scared of a backscratcher, I made myself scared of a backscratcher, I made myself scared of a cord..."

A cell phone video recovered from Warren's cellular phone created on 01/31/24 shows Malinda standing on the front porch crying with a hood over her face while Warren yells at her through the doorbell camera.

A video recovered from 02/04/24 at 7:59 AM depicts Malinda doing squats while chained to the air hockey table and reading a book.

     xiv.  02/06/24 to 02/08/24- Aggravated Assault, Simple Assault, Possession of Instrument of Crime

A video dated 02/06/24 at 02:57 PM shows Malinda secured to a dresser with a leg shackle, marching in place. A video from the same date at 3:58 PM depicts Malinda shackled to the air hockey table while Warren yells at and berates her through the Blink camera. Malinda is holding her arms in the air in the video. In total, 10 video clips depict Malinda holding this pose from 3:58 PM through 9:02 PM on 02/06/24. Text messages sent between Warren and Hoagland on this date discuss Malinda looking mad and fake crying. Additional video footage recovered on the same date shows Malinda being told to run in place; Malinda can barely stand up and only run in place for a few minutes. Warren kicks Malinda and tells her to get on the ground when she can no longer run. Other videos from this date show Warren hitting Malinda with a belt and saying she can't wait to watch Malinda be beaten by Hoagland. Warren also threatens to strip Malinda down, beat her in the tub, and tells her that Hoagland called her a "scumbag." On this date, Warren conducted a Google Internet search for "Sitting Indian Style." In numerous future videos, Warren and Hoagland force Malinda to sit cross-legged for hours with her hands on her knees and both feet and knees held off the floor.

A recovered video dated 02/07/24 at 1:36 AM is captured in Warren and Hoagland's bedroom. It shows Malinda seated naked from the waist down, cross-legged with her arms overhead, and bruises visible all over her body. Hoagland walked over and hit her in the face and foot. Two additional videos show her continuing to hold this position. Video from 3:04 AM shows Malinda shackled to the air hockey table and sleeping on the floor with no blankets or pillow. At 07:30 am, an additional video shows her still asleep on the floor, followed by a clip at 7:35 AM, where Malinda is seated with her arms in the air while still shackled to the table. Additional videos on 02/07/24 show Malinda chained to the table while walking in place. At 05:53 PM, Warren can be overheard referring to Malinda as a "bitch" and mockingly telling her that she "looks a little tied up at the moment." Malinda repeatedly apologizes and responds that she knows that she is not allowed to move.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Recovered Blink videos from 02/08/24, depict Malinda attending her online classes while chained to the dresser in Hoagland and Warren's bedroom. A video dated 02/08/24 at 11:40 AM shows Malinda doing squats while shackled to the dresser. By 3:46 PM, Malinda had been moved and was seen shackled to the air hockey table, where the video captured her doing squats. A review of all video from that date shows that Malinda was forced to run in place and do squats from 4 PM until almost midnight while shackled to the air hockey table in the playroom. Warren can be overheard addressing Malinda through the video camera and telling Malinda, "Break time is over." Malinda then immediately transitions from walking in place to doing squats.

Videos captured on 02/09/24 show Malinda chained to the dresser and seated on the floor in Warren and Hoagland's bedroom. She was sitting cross-legged and Warren instructed her to stand up and dance the Cha-Cha while laughing at her. Another video from that date shows Malinda chained to the air hockey table, sitting cross-legged while holding her arms overhead.

A video on 02/11/24 shows Malinda chained to the air hockey table, kneeling while Warren yells at her to jump up. Warren threatened Malinda that if she "does it again," Warren will "kick (her) in the teeth." Blink video from the camera in the playroom, dated 02/12/24 at 01:23 AM, shows Malinda chained to the table and sleeping on the bare floor.

A video dated 02/12/24 at 12:00 PM shows Malinda chained to the dresser in Hoagland and Warren's bedroom while holding books above her head for several minutes. During this video, Warren is heard through the Blink camera system telling Malinda that her head is not supposed to be sideways, that she is supposed to have the books over her head, and that she is supposed to be sitting up straight. Additional videos from this date depict Malinda chained to the air hockey table being forced to walk in place while crying.

Video dated 02/13/24 shows Malinda chained to the dresser in Warren and Hoagland's bedroom doing online schoolwork while Hoagland yells at her and calls her a jackass. Hoagland demands that Malinda put her hands on top of her legs and can be seen in the video seated next to Malinda and holding a belt, appearing ready to strike Malinda, while Malinda attends online classes.

### xv.   02/15/24 to 02/17/24: Aggravated Assault, Simple Assault

On 02/15/24, recovered videos from the Blink system show Malinda again chained to the dresser in Hoagland and Warren's bedroom doing schoolwork and attending online classes. Messages sent this day between Warren and Hoagland discuss an assault on Malinda. Warren told Hoagland, "im on cam she decides to just come done n lay her foot sitting up on the floor like wtf." Warren goes on to say that she "cracked" Malinda so hard she was bleeding and "waled her ass." Warren then complained about Malinda getting blood on the carpet.

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 | |
|---|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN | |

## AFFIDAVIT of PROBABLE CAUSE

On 02/16/24, Warren and Hoagland again discussed Malinda's wounds. Warren informed Hoagland that she had to clean Malinda's foot because the "bandaid was saturated." After complaining about Malinda's attempts to fix her hair before school, Hoagland wrote, "no kicking and moving today, right down on the floor" (referring to Malinda attending online classes). Warren went on to write:

"I didnt give her the chance to start in tired n id fuck her up if she did. I told her lay that leg out straight so its not bending n shit coming out all over the place. Other foot i told her tuck n hands on her legs. If she moves or u see her moving she will fucken br turned into a pretzel."

Warren goes on to brag that she will give Malinda a "a puncher wound that wont stop bleeding."

On the same date, Warren can be heard on video telling Malinda, who is chained to the dresser and completing her online schooling, that she had ordered supplies for Hoagland to "stitch" up the wound on Malinda's leg. A review of Warren's Amazon account purchase history indicates that Warren made a purchase for "Emergency Wound Closure Strips - 4pk - 2 Types Laceration Closure Kit - Stitchless & Easy to Use - Butterfly Bandages".

At 1:40 PM, Warren texted Hoagland that she needed to take Malinda to the room so she can have time to relax. After Warren forced Malinda to use the bathroom, she joked about how Malinda "gimped" down the hall. Investigators recovered the leg shackles used to restrain Malinda from the residence on Reid Road inside Hoagland and Warren's bedroom. One of the leg shackles had a blue cloth sewn onto the chain of the shackle. A forensic examination of the shackle revealed a presumptive positive test for blood.

On 02/26/24, Hoagland and Warren have a text discussion about Hoagland's older daughter wanting to visit. Hoagland said that he will tell her that they need two weeks before the visit and that they need to get Malinda "looking better" before the visit.

### xvi. 02/26/24 to 02/28/24: Simple Assault

At 07:53 AM on 02/28/24, a Blink video on Warren's phone shows Malinda chained to the air hockey table while Warren yells at her. A recovered video from later that day shows Malinda standing and holding a book. Your affiant observed Malinda to have a visible black eye in the video. During the video, Warren can be overheard addressing Malinda through the cameras, yelling, "Dad will take the weekend away. I'll kill you, like straight dog shit, throw you out. Get your ass moving."

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

The video recovered, dated 03/05/24, captured Malinda reading in the playroom while chained to the air hockey table. Warren can be heard telling Malinda, "There's a third person in that room" (referring to the surveillance camera). Warren went on to tell Malinda that she knows that Malinda started moving after she left the room, and she planned to tell Hoagland. Warren said, "He can see what he makes of it. When your dad comes in, he's going to beat your ass with a belt."

On 03/17/24, a video captured by the Blink system shows Malinda marching in place while shackled in the playroom. Warren can be heard addressing Malinda through the camera, telling her she will blacken her eye and strip her naked after she observes Malinda touch her eye when watching her. In the video, Warren states, "Don't look for dinner from us because you want to pick at your skin; you'll get a piece of bread."

On 03/18/24, Warren texted Hoagland and told him that the "bump" on Malinda had turned shiny. Hoagland confirmed receipt of the message, but the two had no further discussions about treatment or concern for Malinda.

A review of Warren's Google search history revealed that, on 03/23/24, Warren conducted a Google search for "when I stand up, my foot turns purple." On 03/24/24, Warren searched for "ringworm" and "my little (wound) is leaking brown fluid."

Your affiant viewed multiple Google searches conducted on Warren's device on 03/25/24, including:

- Symptoms of anemia in children pictures
- symptoms of iron deficiency in teenage girl
- 5 weird signs of iron deficiency
- iron levels for 12 year old girl
- why do my 12 year old girl have yellow legs[30]
- why do my legs look yellowish
- urgent care near me
- how to make your 12 year old girl gain weight

On 03/26/24, a recovered Blink video from Warren's phone depicts Malinda and Warren's son locked out of the house and standing on the front porch. Warren conducted multiple Google searches on this date for the following:

- can a 12 year old take amoxicillin 500mg
- Septic wound pictures

---

[30] An undated search was conducted on Hoagland's phone for "yellowish pale skin."

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | | Middle: MARIE | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

- how can i get a wound like a hole to close
- stubborn wound that won't heal
- best ointment for open wounds

Warren conducted an additional search on 03/26/24 for "Can you recover from frostbite." An undated search for "Blacken toes on a kid" was conducted on Hoagland's cell phone.

    xvii.  <u>04/01/24 through 04/28/24: Hoagland and Warren engaged in a course of Conduct of Endangering the Welfare of Children and Involuntary Servitude through physical and psychological abuse, use of forced stress positions and extreme physical exercise, extreme food deprivation, forced labor, and exercise.</u>

On 04/01/24, Warren and Hoagland exchanged text messages about Malinda's deteriorating physical condition, and Warren joked about Malinda's distended abdomen, telling Hoagland, "Her stomach no shit is sooooo soooo hard n over Protruding over her underwear I couldn't believe it...like popes out rt in the middle." As the discussion continued, Warren expressed surprise that Malinda could eat any food with her condition.

A video dated 04/03/24 at 05:18 AM shows Malinda chained to the air hockey table in the living while picking at her hands and eating the skin.

Text messages between Warren and Hoagland dated 04/04/24 discuss purchasing ointment for Malinda's foot. A review of additional messages and Warren's Google search history indicated that Malinda had an infected and "leaking" wound to her foot.

    xviii.  <u>04/05/24: Simple Assault</u>

A review of text communications between Hoagland and Warren on 04/05/24 indicated that Hoagland watched Malinda when Warren stepped out and threw shoes at Malinda while she was shackled because she had forgotten to put shoes away. Warren responded that she took the shoes away and told Malinda she could only have Crocs. Warren joked that Malinda could not get to the shoes because they were in an area of the playroom she could not reach while shackled. Warren expressed frustration that Malinda went "right for" food on the counter but had not remembered to move her shoes.

Blink Video from 04/09/24 captured on the surveillance camera in Malinda's bedroom was recovered. It shows Malinda shackled to the desk in her bedroom doing schoolwork. In text messages exchanged between Warren and Hoagland on that date, Warren informed Hoagland that Malinda completed her schoolwork in an hour and joked that she should have taken the laptop to the playroom and let her do the work while shackled there. Texts between Warren and

 **POLICE CRIMINAL COMPLAINT**

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | Last: WARREN | |

## AFFIDAVIT of PROBABLE CAUSE

Hoagland later the same date discuss Malinda being forced to ride her bike as a "workout" for 45 minutes. Warren repeatedly tells Hoagland that she laughed so hard she hurt her ribs because Malinda asked not to ride the bike, cried as she rode, and repeatedly fell off.

A review of the Blink video recovered on 04/10/24 shows Malinda standing in the playroom, shackled to the air hockey table, and picking at her hands.

A video recovered from Warren's phone shows Malinda shackled to her desk and marching in place on 04/11/24.

A review of Warren's Google search history revealed that Warren conducted a Google search on 04/15/24 for "why does my feet turn blue and black when they are cold."

> xix.  04/17/24 to 04/26/24: Aggravated Assault, Simple Assault, Possession of Instrument of Crime

In communications with Hoagland on 04/17/24, Warren reported that Malinda had cereal and dumped some in the sink. Warren sent a photo of Malinda holding the cereal in her hand to Hoagland and told him that remnants of her cereal were left in the sink after she cleaned the bowl. Later the same day, Warren informed Hoagland that while Malinda cleaned, Warren used two fingers to pinch her every time she "said something dumb."

A review of Warren's search history revealed that, on 04/21/24, Warren conducted a Google search for "I got soap in my eye, and it's red." On 04/22/24, Warren searched for "soap in eyes all red and puffy." On 04/23/24, Warren texted Hoagland a photo of eye wash and complained that Malinda would not keep her eyes open, so she had to hold her eyelid open to use it. Warren conducted additional Google searches for the following.

- how do you flush your eyes with eye wash solution
- whats a good eye wash for soap
- i got dish soap in my eye
- Can soap in eyes cause blindness

Investigators interviewed neighboring campers from the Jellystone campground who stated that, on the weekend of 04/26/24, they heard two people arguing at the Hoagland campsite. A witness reported hearing one say to the other "why don't you put more soap in your daughter's eyes?" The other replied, "I will bring her out here." The same witness reported being told by someone else at their campsite that Malinda's eyes were swollen and possibly bruised that weekend.

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Your affiant viewed a video from 04/24/24, which depicted Malinda marching in place while shackled to the air hockey table. Warren can be heard mocking and berating Malinda through the camera, telling her that she and Hoagland had been watching and saw her pick at her face. Malinda denied the claim, and Warren said she would bring the video in. Warren can be heard telling Malinda, "If I win, I get to punch you in the throat so hard, you're going to fall on the floor and die." A second video from that date shows Warren in the room yelling at Malinda (who is shackled to the air hockey table) because the shackle was over her pant leg instead of against her skin.

      xx.  04/25/24- Simple Assault

A video was recorded through the Blink surveillance system of Malinda running in place in her bedroom at 10:13 AM on 04/25/24. Warren can be heard yelling at Malinda through the camera, saying that Malinda cannot stop running and that Malinda saw her take a break to move her hair. Malinda can be heard apologizing. Warren shared the video with Hoagland and told him Malinda had missed an assignment or submitted it late. Warren then wrote, "She got slapped upside her face'll tell you that my body hurts nnu sounding like a robot. I got up n round housed her." Warren later complained that she had given Malinda "three pks of oatmeal" and Malinda stopped running when she heard Warren and Hoagland on the phone.

A review of text messages between Hoagland and Warren indicate that Hoagland left work around 2 PM on 04/26/24 and traveled to Jellystone campground. Your affiant confirmed their presence on that date with location data from cellular phones indicating they arrived at the campground around 5 PM.

A recovered text message exchange between Warren and Hoagland on 04/27/24 indicates that Hoagland had left the campground with Malinda because Hoagland and Warren were fighting. At 5:13 AM, Warren sent messages to Hoagland, reading, "Make sure u save this convo u. Burnt ur kid, imma save mine." Warren told Hoagland that her sister, Ellison, has a recording of Malinda saying that Hoagland tried to kill her.

Geolocation data from the phones of Hoagland and Warren on 04/28/24 indicates that they left the area and were in Commons Drive in East Sadsbury township by 1:16 PM on that date. Your affiant found a receipt from 1:27 PM on that date for the Arby's at that location. The receipt indicates the purchase of two sandwiches, a kid's Chicken fingers, and three drinks. By 1:44, location data shows their arrival back at 260 Reid Road.

 **POLICE CRIMINAL COMPLAINT**

## AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

xxi. <u>04/29/24 through 05/04/24: Murder in the First Degree, Kidnapping, Endangering the Welfare of Children, Involuntary Servitude - Hoagland and Warren conspired to kill and engaged in a course of conduct intended to cause the death of Malinda through physical and psychological abuse, forced labor, extreme food deprivation, and extreme failure to seek medical care.</u>

Multiple videos depicting Malinda's abuse were recovered from 04/29/24 during the analysis of Warren's phone. In the earliest video on that date, Warren yelled at Malinda through the microphone on the Blink camera to "get online" (referring to Malinda logging into her online classes). In that video, Malinda can be seen running in place while shackled. On that date, Hoagland and Warren exchanged messages, discussing Warren's frustration with Malinda sleeping through her alarm. At 9:37 AM on that date, Warren sent Hoagland a message that reads, "She sounds dead lol."

An additional Blink video, from around noon on the same date, captured Malinda sitting at the desk in her bedroom with her computer off, communicating with Warren via the Blink camera, begging, "I shouldn't live, I'm sorry. Please Respond" and "I'm not going to act stupid. I'm not going to make you mad. I know I ruined everything. Please allow me to change it."

Blink video from 04/30/24 at 8:42 AM shows Malinda chained to the air hockey table and marching in place. In messages exchanged on the same date, Warren reported that she was leaving the house to escape Malinda's behavior. In additional messages on that date, Warren and Hoagland discussed ordering swimsuits and mocked Malinda's body.

Blink video and Zoom recording from the Commonwealth Charter Academy on Thursday 05/02/24 depict Malinda volunteering to read aloud in class at around 8:35 AM. Malinda had difficulty with some of the words, and it appears Malinda had trouble seeing the screen. In a text message exchange following this event, Warren and Hoagland discussed Malinda's response in class and the teacher attempting to help her. Warren told Hoagland that she would email Malinda's teachers and explain that she was injured over the weekend when she got sand in her face at the campground to explain her eyesight issues. Records from Commonwealth Charter Academy confirm that Warren sent an email to Malinda's teacher acknowledging that Malinda's eyesight was blurry due to injury and claiming that she and Hoagland were treating her with eye wash.

Hoagland discussed Malinda's appearance and interactions during this 04/29/24 Zoom session at multiple points during his interviews with investigators. He said this was an event that caused him and Warren to be concerned about Malinda's well-being. Hoagland claimed that Malinda's eyesight would be assessed during an appointment allegedly scheduled for 05/16/24. A review of the specific Zoom, as recorded by Commonwealth Charter, depicts Malinda, showing that

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed: 07/25/24 | OTN # | Live Scan # | Complaint/Incident Number CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First: CINDY | Middle: MARIE | | Last: WARREN |

## AFFIDAVIT of PROBABLE CAUSE

only her eyes and above could be seen by school staff on that date. In reviewing the video, your affiant noted that Malinda appeared to have makeup on and could be seen struggling to read to such an extent that the teacher attempted to enlarge the screen to help her read. On the same date at 10:40 AM, Warren sent Hoagland a photo of Malinda with a bruise on her eye and snot coming out of her nose.

Text messages and timesheets indicate that on Friday, 05/03/24, Hoagland left work early. Hoagland, Warren, Malinda, and Warren's son then traveled to the campground at approximately 2:00 PM. In his interview with investigators on 05/24/24, Hoagland claimed that the "kids" were excited about the campground pool and that they went to the pool at approximately 4:00 PM and stayed until 7:00 PM. Hoagland claimed that Malinda suffered injuries to her face when she was knocked over by another child at the pool during that visit. Investigators identified and interviewed witnesses who observed Malinda at the pool with Warren and Hoagland and noted that the parents and boy were sitting on chairs with towels. In contrast, Malinda was observed wearing a sweatshirt and dripping wet. Other witnesses near the campsite reported seeing Malinda standing outside the camper in damp clothing on the evening of 05/03/24. In his interview, Hoagland claimed that Malinda rode her bike and hit a tree shortly after midnight on 05/04/24. He did not report any loss of consciousness and claimed that Malinda played games and played with the dog after the injury. In both Hoagland and Warren's initial statements to the police, they claimed that Malinda woke up Saturday and had breakfast without issue. In his interview on 05/06/24, Hoagland admitted those claims were false when confronted with the existence of video evidence from that date.

Call records show that Warren repeatedly called Malinda's mother throughout the night of 05/03/24 into the morning of 05/04/24. In a follow-up interview with Rhondalyn Smith, Malinda's mother, investigators learned that Warren yelled at Smith during these calls.

After reviewing all available evidence, your affiant knows that Malinda became unconscious at some point between 12:52 and 4:28 AM on 05/04/24. No evidence exists to suggest that Malinda ever regained consciousness after that time. In messages recovered after having been deleted from Warren's phone, Warren told Hoagland to "come back" at approximately 12:51 AM on 05/04/24. Warren then told Hoagland that Malinda "got worse" after he left. After reviewing all available evidence, your affiant became aware that Hoagland transported Malinda's unconscious body from the campground in Lancaster back to 260 Reid Road, arriving at the Reid Road location at approximately 4:00 AM on 05/04/24.

Location data from Hoagland's cellular phone indicates that he left the campground at approximately 3:22 AM and arrived at Reid Road at 4:08 AM. Warren and Hoagland began texting around 04:28 AM. These texts establish that Warren watched Malinda through the camera system. Warren told Hoagland that Malinda had moved as soon as he left the playroom, where Malinda had again been shackled to the table.

POLICE CRIMINAL COMPLAINT

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Investigators recovered a blink video from Hoagland's phone dated 05/04/24 and recorded at 04:37 AM. The video depicts Malinda unconscious and chained to the air hockey table while Warren berated her through the Blink camera. Warren referred to Malinda as a bitch and told Malinda that she did not believe she's sleeping. Warren threatened Malinda, telling her, "Don't worry about it, your dads gonna drag you right back to me like a puppet on a fuckin string bitch, stay right there. I love it, I love it." A thumbnail image[31] captured around this time shows Hoagland carrying Malinda into the room.

Location data shows that Hoagland left Reid Road at approximately 4:48 AM and returned to the Campground at 5:40 AM.

A review of the messages between Hoagland and Warren indicates that Warren and Hoagland began exchanging messages again at 5:26 PM on 05/04/24. Warren and Hoagland discussed how Hoagland searched pharmacies in the area to purchase smelling salts. Google searches recovered from Warren's phone from 05/04/24 provide insight into Malinda's condition and Warren and Hoagland's understanding. These searches include:

- 4:49 PM       hospital near me
- 5:28 PM       where can i buy smelling salts
- 5:34 PM       ammonia sticks cvs
- 5:43 PM       can someone be knocked out for hours

Beginning At 5:32 PM, Hoagland and Warren discussed via text the need to take Malinda to a hospital:

Hoagland:     Guess best thing we call for an ambulance
Warren:        They say they sell smelling salt in vitamin stores
Warren:        I think u should just run her not call an ambulance[32]
Hoagland:     Okay
Warren:        Lord she making noise again

At 6:00 PM, Hoagland sent Warren a photo of Boom Boom mint nasal sticks, and Warren agreed to try those on Malinda. Location data associated with the timestamps on the messages place Hoagland driving around the Quarryville area.

---

[31] The video associated with this thumbnail was deleted and was not recovered.
[32] An undated internet search was conducted from Hoagland's cell phone for "chop near me." Your affiant is aware that CHOP is an acronym for Children's Hospital of Philadelphia

AOPC 412A - Rev. 12/21

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

At 7:27 PM, after Hoagland, Warren, Warren's son, and Malinda arrive home from the campground, a call to 911 is finally made from Hoagland's cell phone.

### VI. HOAGLAND AND WARREN'S ACTIONS MEET THE MEDICAL DEFINITION OF TORTURE

Following the initiation of the investigation into the death of Malinda Hoagland, Stephanie Anne Deutsch, MD, was contacted to obtain an expert opinion on the cause of and circumstances surrounding Malinda's death. Dr. Deutsch is a board-certified child abuse pediatrician and the medical director of the CARE (Child At Risk Evaluation) program at Nemours Hospital for Children. Dr. Deutsch is a national expert in the field of child torture. She evaluated the relevant material, including photo and video evidence and medical reports, and summarized her findings in a report dated 07/18/24.

Dr. Deutsch determined that, to a reasonable degree of medical certainty, Malinda was a victim of fatal child torture, as defined by the existing medical literature.[33] According to literature, torture is marked by an experience of profound physical abuse, psychological maltreatment, and neglect. The torture of Malinda by Warren and Hoagland resulted in her death by fatal starvation and multiple blunt impact injuries.

Dr. Deutsch found that Malinda endured a longitudinal experience of multiple physical assaults causing physical pain, emotional distress, psychological abuse, and bodily injury/death. Malinda experienced psychological abuse through isolation, intimidation, humiliation, shaming, and threats of harm. The element of neglect was seen through deprivation of nutrition and failure to seek care for medical needs.

Dr. Deutsch indicated that the initial explanations provided of Malinda colliding with another child on a water slide and falling off her bicycle do not plausibly nor adequately account for her physical condition at death.

Dr. Deutsch discussed the references made by Warren and Hoagland (in their text communications and in the recovered video) to beating or otherwise harming Malinda. Hoagland and Warren specifically discuss whooping her ass, throwing her in the shower by her neck, stepping on her toes, kicking her teeth out, knocking her out, breaking her bones, slashing her fingers, and pouring hot sauce down her throat as methods of abuse employed against

---

[33] Knox B, Starling S, Feldman K, Kellogg N et al. Child torture as a form of child abuse. Journal Child Adol Trauma (2014) 7:37-49

 **POLICE CRIMINAL COMPLAINT**

**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>07/25/24 | OTN # | Live Scan # | Complaint/Incident Number<br>CC-24-00812 |
|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN |

## AFFIDAVIT of PROBABLE CAUSE

Malinda.   Deutsch's findings specifically indicate that the injuries Malinda sustained are consistent with the types of assaults described in text messages and referenced in the video recordings, even if the assault itself was not recorded.  Dr. Deutsch further concluded that fractures found during the skeletal survey were consistent with stress fractures, as would be seen in endurance athletes or people holding stress positions for extended periods.

Dr. Deutsch found that Malinda experienced particularly cruel, callous psychological maltreatment by Warren and Hoagland for years. She was the target of frequent taunts, berating, and derogatory name-calling, humiliated (forced to position-hold while scantily clad, forced to dance the cha cha, shamed over urinary incontinence, incessantly degraded about her intelligence and school performance), threatened with injury, (including possible beatings, broken bones, choking) and even death.  Deutsch noted the corroborative video footage depicting the profound emotional distress and psychological injury Malinda experienced because of her torture, including tearful, desperate pleas made by Malinda to Warren to just to give her "another chance" in the days before her death. The psychological impact on Malinda of Warren and Hoagland's torture is a crucial element of the type of abuse endured by Malinda, which meets all aspects of the medical definition of torture.

Dr. Deutsch noted that Hoagland and Warren paid little attention to the gravity of Malinda's physical condition.   Malinda experienced presumed cardiac arrest at home with possible observation/appreciation of agonal respirations, but Hoagland and Warren failed to seek medical intervention for more than twelve hours. Video footage continues to support the malicious treatment of Malinda by Warren even while Malinda lay dying, after being shackled to the air hockey table by Hoagland as Warren berates her.

### VII.   INVESTIGATIVE CONCLUSION

On 05/04/24, Malinda was pronounced deceased at Paoli Memorial Hospital.  Her death was ruled a homicide by the Chester County Coroner's office.   The forensic pathologist who conducted the autopsy cited starvation and blunt force trauma as Malinda's cause of death. The investigation that followed her death revealed that Hoagland and Warren had beaten and starved Malinda as part of an extreme pattern of torture. Hundreds of videos, photographs, text messages, and witness accounts depict the torture of Malinda, which led to her death. Hoagland and Warren were responsible for the care of the child but instead systematically tortured the child to death through starvation, forced physical exercise and stress positions, and an escalating pattern of physical abuse.

A substantial amount of evidence exists that demonstrates that the defendants, Rendell Hoagland and Cindy Warren, conspired to abuse and torture Malinda and that their abuse and

AOPC 412A - Rev. 12/21



POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/25/2024 | OTN/LiveScan Number | | Complaint<br>1014 | Incident Number<br>CC-24-00812 |
|---|---|---|---|---|---|
| Defendant Name | First:<br>CINDY | Middle:<br>MARIE | | Last:<br>WARREN | |

## AFFIDAVIT OF PROBABLE CAUSE

torture escalated over time. The starvation of Malinda was coordinated by locking food away from Malinda and confining her to the home and in certain areas within the house to prevent her access to food, water, and safety.

Beatings by both defendants were documented on video and referenced in messages they sent each other. The injuries to Malinda are documented in videos, photographs, and text messages, as well as having been seen and reported to authorities by mandated reporters. Over 75 external bruises and injuries were noted at the autopsy, and every major organ system was damaged from blunt force trauma. Multiple broken bones in various stages of healing were noted. The starved condition of the victim exacerbated the bruises and breaks.

The defendants had a duty of care, protection, and support toward the victim and instead systematically psychologically, physically, and emotionally abused her while depriving her of the necessities needed to sustain life. As Malinda's condition worsened, they not only failed to seek medical intervention for obvious signs of malnutrition, but they also failed to seek emergency medical assistance for more than fourteen hours as Malinda lay dying. Instead, Hoagland drove her from Quarryville to West Caln Township and chained her to a table while Warren monitored and berated her through the surveillance system. Communications between Hoagland and Warren on the day of Malinda's death indicate that both understood the severity of her condition but chose to let her die rather than risk detection.

Therefore, based on the above, I ask that this Court authorize all charges listed on the face sheets, including Murder in the First Degree.

I, __BERNARD S MARTIN__, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_(Signature of Affiant)_

Sworn to me and subscribed before me this 15th day of July 2024

7/25/2024 Date

My commission expires first Monday of January, 2028

AOPC 411C - Rev. 12/21

# EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA          :   IN THE COURT OF COMMON PLEAS

                                      :   CHESTER COUNTY, PENNSYLVANIA

                    vs.               :   CRIMINAL ACTION

CINDY WARREN                          :   NO.  CR-0002702-2024

## ORDER OF COURT

AND NOW, this _17th_ day of _January_, 2025, upon

consideration of the attached Stipulation, it is hereby ORDERED and DECREED that all terms

and conditions of said Stipulation are incorporated herein and shall be complied with; the failure to

do so may result in a finding of Contempt and punishment including a fine, incarceration or such

other remedy as the court deems appropriate.

                              BY THE COURT:

                              _____

                              The Honorable Ann Marie Wheatcraft

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS

:   CHESTER COUNTY, PENNSYLVANIA

vs.

:   CRIMINAL ACTION

CINDY WARREN   :   NO.  CR-00002702-2024

## **STIPULATION**

It is hereby agreed upon that the Commonwealth shall provide disclosure, discovery, inspection and production of the electronic evidence which includes videos of the child victim to the defense as follows:

1. The Commonwealth shall provide a copy of the electronic evidence containing videos of the child victim, specifically the forensic extraction of defendant Warren's cell phone and the Google production which contained video evidence of the child victim, to Defense Counsel within ten (10) days of the date of this Order;

2. Defense Counsel, the Defendant, or any other representative of Defendant shall not make any additional copies of the video (or any transcript thereof, or the substance of any portion thereof), except that a copy may be provided to a person which Defense Counsel, in the exercise of reasonable professional judgment, deems necessary for the proper preparation of the defense; however, Defense Counsel shall not provide Defendant with a copy of the video, except as provided in Paragraph 3 herein below.  Due to the nature of the video evidence, any person viewing, inspecting, or otherwise possessing the video

evidence must immediately return their copy of said evidence to Defense Counsel upon conclusion of their review or inspection.

3. Defendant may be permitted to view the video evidence only in the presence of Defense Counsel.

4. Any person (other than Defendant) to be granted access to said copy of the video (or any transcript thereof, or the substance of any portion thereof) by Defense Counsel, shall first sign a written agreement that he or she has received a copy of this Order, that he or she submits to the Court's jurisdiction with respect to it, and that he or she understands that they will be subject to the Court's contempt powers for any violation of the Order;

5. Defense Counsel shall retain the original of any such agreement signed by a person granted access to a copy of the video (or any transcripts thereof, or the substance of any portion thereof) and shall provide a true and correct copy of such agreement to the assigned Judge, if requested to do so by the Court.

6. The copy of the video (or any transcripts thereof, or the substance of any portion thereof) shall not be used for any purpose other than to prepare for the defense in the above-captioned case;

7. The copy of the video (or any transcripts thereof, or the substance of any portion thereof) shall not be publicly exhibited, shown or displayed; used for educational, research or demonstrative purposes; or used in any other fashion, except in judicial proceedings in the above-captioned case;

8. No copy of the video (or any transcripts thereof, or the substance of any portion thereof) shall be divulged to any person not authorized to view the video; and

9. Upon completion of all post-conviction appeals, any and all copies of the video shall be returned to the Commonwealth.


Erin P. O'Brien
First Assistant District Attorney

Date 1/17/25


Stephen Delano
Attorney for Defendant

Date 1/10/25


Sameer Barkawi
Attorney for Defendant

Date 1/10/25