## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND, as Co-Administrators of the Estate of Malinda Hoagland, | : CIVIL ACTION : : : : |
| v. | : NO. 24-4180 |
| COUNTY OF CHESTER, COUNTY OF MONROE, ADELAIDE GRACE, EVE LARGE, and DOUG WAEGEL | : : : : |

## ORDER

**AND NOW**, this 16th day of December 2025, upon considering the Chester County District Attorney's Motion to quash subpoena (ECF 114), Plaintiff's Response (ECF 116), Defendants Chester County, Eve Large, and Doug Waegel's Response (ECF 118), following today's extensive oral argument (ECF 115) where counsel presented a thoughtful step-by-step approach to the seventeen requested categories of records subpoenaed from the District Attorney's investigative files in an <u>ongoing</u> criminal capital prosecution scheduled for trial against non-parties Rendell Hoagland and Cindy Warren in Chester County on June 8, 2026 along with counsel consenting to amending our September 3, 2025 Order (ECF 99) setting a trial date, leading us to find the parties need to focus on information necessary to address the County of Chester's liability on the only remaining state law claim against it including for purposes of summary judgment and F.R.E 702 Motions consistent with Federal Rule 1 and our November 26, 2025 Order (ECF 106), and further finding photographs and video recordings retained in the investigative files is today relevant to the Chester County parties' liability defenses, is not privileged, and we can mitigate the burden upon the non-party District Attorney Office and protect the integrity of its investigative files mindful of

the limited risk of disclosure of confidential information consisting of a described "significant" amount of video evidence (twenty to thirty hours) which may involve the minor decedent subject to sexual abuse, it is **ORDERED** we **GRANT in part** and **DENY in part** Chester County District Attorney's Motion to quash (ECF 114) requiring we:

1. **QUASH** without prejudice at this stage all of Plaintiffs' subpoenaed document requests other than video footage and photographs in the investigative file to be produced by the District Attorney Office for review to only one designated Rule 53 Special Master to review *in camera* the entirety of the video footage and photographs in the investigative files in the District Attorney's Office on or before **January 9, 2026** without separately using photographic or recording equipment but creating and preserving notes allowing the Rule 53 Special Master to create a chart listing the dates, times, and duration of the videos, dates and times (if ascertainable) of the photographs including persons in the photographs, generally defining the nature of each reviewed material, and whether the Special Master's review of an identified video or photograph shows evidence consistent with "an offense enumerated under section 5551(7)"[1] to be produced by email only to lead trial counsel and lead counsel for the District Attorney Office by no later than **January 15, 2026** subject to:

    a. Lead trial counsel and lead counsel for the District Attorney on the conference today forthwith meeting to confer (not just email) so as to allow Plaintiffs' counsel to file a Notice not exceeding three pages no later than **December 23, 2025** identifying an agreed Rule 53 Special Master paid at his normal hourly rates and payment terms for his reasonable time and expenses in reviewing and preparing a chart of the reviewed materials or, absent an agreed

---

[1] *See* 42 Pa. Cons. Stat. § 8542(b)(9); *see also* 42 Pa. Cons. Stat. § 5551(7).

2

proposed Master, **showing cause** as to why we should not appoint the Hon. Joseph P. Walsh (Ret.) to serve as the Rule 53 Master at his normal hourly rates and payment terms with strict confidentiality obligations precluding him from sharing his notes or impressions with anyone other than the Court if warranted upon a dispute and after notice to the parties;

      b.    Lead trial counsel shall not disclose the Special Master's Chart to anyone other than one disclosed expert including anyone in their offices or to their clients or proposed intervenor or her counsel absent further Order;

      c.    The designated expert shall sign an Stipulation approved by all counsel confirming the heightened confidentiality including not sharing his impressions or notes with anyone other than the lead trial counsel retaining him or her;

      d.    Lead trial counsel are granted leave to move to compel production of limited information shown to the Special Master by no later than **January 26, 2026** but shall file the attachment describing what information they wish to view *in camera* **under seal;**

      e.    The District Attorney's Office shall not, other than upon its consent or under an Order of this Court, produce the subject video and photographic materials being reviewed by the Special Master to any person contrary to its obligations in the state court;

    2.    **AMEND** our September 3, 2025 and November 26, 2025 Orders (ECFs 99, 106) only to grant the parties further leave:

      a.    To complete fact and expert discovery relating to video and photographic information produced for the Special Master's review concerning Chester County's potential liability under state law (but not the other issues including those subject to ongoing discovery under our extant Orders) by **February 13, 2026**

  b. To move for summary judgment and under F.R.E. 702 as to Chester County parties' <u>liability</u> under state law by no later than **February 20, 2026** with responses filed no later than **March 13, 2026** mindful all parties now expect County of Monroe and its agent Adelaide Grace will promptly confer as to further litigation in this Court including providing guidance through stipulation or a Motion for judgment on the pleadings filed no later than **January 5, 2026** (in the event we can mitigate the costs of the Special Master for the parties);

  c. **VACATE** the:

    i. Plaintiffs and Chester County parties' obligations as to damages proofs briefing until further Order;

    ii. The parties' final pretrial and trial obligations until further Order; and,

  3. **DIRECT** the District Attorney Office's lead trial counsel on today's oral argument to file a "Notice of ongoing progress in the criminal trial" not exceeding two pages within three days of resolution through conviction or acquittal in the trial court and otherwise beginning on **January 27, 2026** and every thirty days thereafter until the entry of a verdict or plea disposing of all triable issues in the criminal counts against Rendell Hoagland and Cindy Warren (ECF 114-1) in the trial court.

          _____
          KEARNEY, J.