IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND, as Co-Administrators of the Estate of Malinda Hoagland, | : CIVIL ACTION :  :  :  : |
| v. | : NO. 24-4180 : |
| COUNTY OF CHESTER, COUNTY OF MONROE, ADELAIDE GRACE, EVE LARGE, and DOUG WAEGEL | :  :  : |

# ORDER

**AND NOW**, this 19th day of December 2025, upon considering Tami Miller's Motion for leave to intervene (ECF 110) filed over fifteen months after the Court-appointed Co-Administrators filed this case and less than three months from trial at time of filing (ECF 99), the Court-appointed Co-Administrators' Opposition (ECF 117), Tami Miller's Reply (ECF 123), as well as arguments raised contrary to our Policies under our December 17, 2025 Order (ECF 126), having found the non-party Ms. Miller did not timely move to intervene but instead waited over fifteen months before asking us to intervene, and the Court-appointed Co-Administrators have amply demonstrated (at this stage) adequacy of representation, mindful the non-party has not shown a tangible basis to find her interests will be impaired or affected by the disposition of this action nor has she overcome the presumption of adequate representation given her recovery is similarly situated to the Co-Administrators as confirmed in paragraph 150 of the operative Complaint (ECF 65), in deference to the findings of the Chester County Court of Common Pleas Orphans Court denying the non-party's Motion to disqualify the Co-Administrators' counsel or remove the Plaintiffs as Co-Administrators of the decedent's estate, but also mindful of the

inappropriate vitriol in the competing briefing largely unrelated to counsels' professional obligations to focus on leave under Rule 24, it is **ORDERED** we **DENY** non-party Tami Miller's Motion to intervene (ECF 110) without prejudice to be renewed should the Court-appointed Co-Administrators face a conflict in presenting legal arguments or addressing settlement distributions (if any) or face specific instances where the Court-appointed Co-Administrators' litigation strategy harms the non-party in a manner different than the Co-Administrators. [1]

_____
**KEARNEY, J.**

---

[1] The Supreme Court through Federal Rule of Civil Procedure 24 provides two options for interested parties to intervene in a lawsuit: intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)–(b). Non-party Tami Miller moves to intervene to represent Rondalyn Smith's interests as a beneficiary of Malinda's estate and cites both as a basis for intervention. *See* ECF 110-1. But Ms. Miller and Ms. Smith cannot intervene under either option.

The first option—intervention of right—requires us to allow intervention when (1) the intervenor has "an unconditional right to intervene" from "a federal statute" or (2) the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the [intervenor's] ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)–(2). Ms. Miller and Ms. Smith do not claim a federal statute gives them a right to intervene in the Co-Administrators' suit. *See* ECF 110; ECF 110-1. We focus on whether Ms. Miller and Ms. Smith have shown they have right to intervene because the Co-Administrators cannot adequately represent Ms. Smith's interests.

A person seeking to intervene as a right under Rule 24(a)(2) must show: (1) "a timely application for leave to intervene[,]" (2) "a sufficient interest in the litigation[,]" (3) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action[,]" and (4) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). Ms. Miller moves to intervene fifteen months after the Co-Administrators sued. She has not timely applied for leave to intervene.

And she also has not shown a sufficient interest in the litigation or shown the Co-Administrators are not adequately representing her interests. When a beneficiary seeks to intervene in an

---

administrator's lawsuit the beneficiary's "mere economic interest in the outcome of the litigation is [generally]" an insufficient interest under Rule 24(a)(2).  *See Bautista v. U.S.*, No. 21-18, 2023 WL 4706822, at *5 (D.V.I. July 24, 2023) (quoting *Mountain Top Condo. Ass'n v. Dave Stabber Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)); *see also Est. of Kelly ex rel. Gafni v. Multiethnic Behav. Health, Inc.*, No. 08-3700, 2009 WL 2902350, at *7 (E.D. Pa. Sept. 9, 2009) (finding beneficiaries' "interests are entirely derivative of [the decedent's] rights, which are asserted by the plaintiff, who, as the personal representative of the Estate, is the sole person authorized by state law to prosecute the survival action and wrongful death action"). And we understand estate administrators to be capable of adequately representing the estate beneficiaries' interests in a case like this one where the Co-Administrators identified Ms. Smith as a beneficiary in their operative Complaint. *See Est. of Kelly*, 2009 WL 2902350, at *8 (explaining the beneficiaries' interests "are identical to the interests of the current plaintiff"—the estate administrator—"who serves as the designated representative for those interests" and noting "there is no evidence that the current plaintiff is not diligently prosecuting the suit"); *Bautista*, 2023 WL 4706822, at *7 (explaining the estate administrator brought "this action . . . in her capacity as the personal representative of [the deceased's] estate . . . . [h]er role is to assert the [estate's] rights . . . . [she] stands to gain nothing personally because she is not suing defendants on her own behalf"); ECF 65 at 37 ¶ 150. We deny Ms. Miller's motion to intervene as a right under Rule 24(a)(2).

But the second option under Rule 24—permissive intervention—gives us discretion on whether to allow intervention when (1) the intervenor has "a conditional right to intervene" from "a federal statute" or (2) the intervenor "has a claim or defense that shares . . . a common question of law or fact" with the "main action." Fed. R. Civ. P. 24(b)(1)(A)–(B). Ms. Miller and Ms. Smith again do not claim a federal statute gives them a conditional right to intervene in the Co-Administrators' suit. *See* ECF 110; ECF 110-1. We thus focus on the second option. In deciding whether to allow intervention under this option we "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). We also "consider whether the proposed intervenors will add anything to the litigation" and "whether their interests are already adequately represented." *See Bautista*, 2023 WL 4706822, at *7 (quotation omitted). Whether to allow intervention under Rule 24(b) is ultimately a "'highly discretionary decision' left to" our judgment. *See Est. of Kelly*, 2009 WL 2902350, at *8 (quoting *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992)). The Co-Administrators are adequately representing Ms. Miller and Ms. Smith's interests and allowing them to join the suit today does not add to the litigation in this Court.  We deny Ms. Miller's motion for permissive intervention under Rule 24(b)(2).