UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND**, as Co-Administrators of the Estate of Malinda Hoagland,<br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF CHESTER, COUNTY OF MONROE, ADELAIDE GRACE, EVE LARGE, and DOUG WAEGEL**<br>Defendants. | Civil Action No. 2:24-cv-04180 |

**BRIEF IN SUPPORT OF NON-PARTY CHESTER COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 17, 2025 ORDER GRANTING IN PART AND DENYING IN PART CHESTER COUNTY DISTRICT ATTORNEY'S MOTION TO QUASH SUBPOENA**

Non-party Chester County District Attorney's Office submits this brief in support of its Motion for Reconsideration of the Court's December 17, 2025 Order Granting in Part and Denying in Party its Motion to Quash Plaintiffs' Subpoena.

### I. Background

This case arises from the tragic May 4, 2024 death of 12 year-old Malinda Hoagland. Malinda Hoagland's father, Rendell Hoagland, and his girlfriend, Cindy Warren, are charged with Malinda's murder and are jailed awaiting June 8, 2026 capital murder trials in Chester County. (ECF 114-1 at 82-201) This motion for reconsideration arises from this Court's Order, filed on December 16, 2025 and entered on December 17, 2025, granting in part and denying in part, non-party Chester County District Attorney's Office's ("Movant") Motion to Quash Plaintiffs' November 26, 2025 subpoena, in a civil action related to Malinda's death, seeking the entirety of Movant's criminal investigative file regarding Rendell and Cindy Warren. (ECF 127)

1

Upon Malinda's death at Paoli Hospital, Chester County authorities, including the Movant and local law enforcement, acted swiftly to investigate and charge Rendell and Cindy Warren with Malinda's murder. Malinda's home was searched on May 5th and 6th, 2024 and the final, operative criminal complaint, seeking the death penalty against Rendell and Cindy Warren, was filed on July 25, 2024. (ECF 114-1 at 82, 107, 142) Relevant to this motion, the respective detailed, several hundred-count criminal complaints do not include charges against Rendell or Cindy Warren for crimes of sexual assault. (*Id.*)

Malinda's half-sisters, Emily Lee, Jamie Hoagland, and Abbey Hoagland ("Plaintiffs"), were named co-administrators of Malinda's estate in the first months following Malinda's passing. Then, less than a month after the criminal complaint was filed, they filed this civil action on August 14, 2024. (ECF 1) The Plaintiffs' position as co-administrators of Malinda's estate is currently being contested by Malinda's mother through her power of attorney, in the Chester County Orphans' Court.

After Plaintiffs filed their complaint, all defendants except for defendant Monroe County filed motions to dismiss. Two amended complaints, briefing and oral argument ensued, and resulted in a decision by this Court to, in pertinent part, dismiss all federal §1983 claims against all defendants who challenged those claims. (ECF 87-88) In light of the fact that federal §1983 claims against Monroe County were unchallenged at the pleading stage, the Court elected to exercise its "discretion to retain supplemental jurisdiction over the Sisters' negligence claim on behalf of Malinda's estate based on alleged sexual abuse against Chester County and Directors Large and Waegel of Chester County Children, Youth & Families." (ECF 87 at 2)

With the parties' sixteen-month discovery period nearing its December 15, 2025 close, the Plaintiffs issued a subpoena to Movant on November 26, 2025, seeking compliance by December

2

5, 2025. (ECF 114-1 at 2-6) The subpoena effectively sought everything Movant had to support its ongoing criminal investigation and efforts to convict Rendell and Cindy Warren of Malinda's murder. Aware of no precedent in this Circuit requiring prosecutors to subordinate and compromise their active criminal investigation to a federal civil action, Movant filed to quash the subpoena on the basis that it was an undue burden, and that the materials sought were covered by CHRIA, which constituted "other matter" that falls under Fed. R. Civ. P. 45(d)(3)(A)'s mandate that the court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; […] and (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies…" (ECF 114) The Plaintiffs opposed the motion to quash and the Court held detailed oral argument with the parties and Movant on December 16, 2025.

Oral argument provided Movant, as an uninitiated non-party to the civil action, with critical information it did not previously have. Counsel for Plaintiffs articulated a narrower (but still untenable) need for materials than what was in the subpoena requests. He stated a purported immediate need, only, for any and all photographs and videos in Movant's possession depicting Malinda's treatment and abuse while in Rendell Hoagland and Cindy Warren's custody. Plaintiffs' basis for the narrowed request was an anticipated summary judgment motion from Chester County defendants claiming tort immunity on the Plaintiffs' state law claims.

Counsel for the Plaintiffs believes that the current record is sufficient to defeat summary judgment because the criminal complaint and Movant's affidavit in support of its motion to quash, in his view, supports that there is a genuine issue of material fact as to whether Malinda was sexually abused by Rendell and Cindy Warren such that an exception to Chester County's tort immunity applies. Nevertheless, counsel still requested the photographs and video in anticipation

3

of defendant, Chester County's position that without more there is no genuine issue of material fact on tort immunity of this wholly state law claim.

Oral argument also provided Movant, for the first time, with information regarding the Plaintiffs' immediate litigation strategy. They plan to (i) sever and/or dismiss defendant, Monroe County from the action entirely; in order to (ii) permit this Court to relinquish its supplemental jurisdiction; and (iii) generate a final and appealable order on the Court's prior order granting dismissal of all federal § 1983 claims.  Plaintiffs also indicated that they were not opposed to a stay of this matter, in order to assumedly, serve the interests of justice in both criminal and civil court by permitting the criminal action to conclude without the taint of disclosures. In turn, the stay might permit them to obtain more fulsome materials from the criminal investigation at a later, post-criminal trial date. Since oral argument Movant has obtained information that counsel for the Plaintiffs and for defendant, Monroe County have conferred and dismissal of Monroe County in its entirety is imminent.

Following oral argument, the Court declined to outright quash the entirety of the subpoena as an undue burden or "other matter" under Fed. R. Civ. P. 45(d)(3)(A), and entered a Solomonic Order that Movant, in the context of the discharge of its core functions to "investigate, prosecute, and prevent crimes," on behalf of the citizens of Chester County, still cannot  comply with. That Order requires Movant, before the capital murder trials of Rendell Hoagland and Cindy Warren, to make available to produce for *in camera* review to a designated Rule 53 Special Master, "the entirety of the video footage and photographs in the investigative files in the District Attorney's Office on or before January 9, 2026…" The Rule 53 Special Master is then to:

> [C]reate a chart listing the dates, times, and duration of the videos, dates and times (if ascertainable) of the photographs including persons in the photographs, generally defining the nature of each reviewed material, and whether the Special Master's review of an identified video or photograph shows evidence consistent

    with 'an offense enumerated under section 5551(7) to be produced by email only to lead trial counsel and lead counsel for the District Attorney Office by no later than January 15, 2026…[1]

(ECF 127 at 2)

The Order also contemplates that counsel for the Plaintiffs may both: (1) disclose the Special Master's chart to one disclosed expert; and (2) compel production of materials shown to the Special Master for counsel's own *in camera* by January 26, 2026. (*Id.* at 3)

Movant here seeks reconsideration of the Court's Order in the interests of justice, and seeks that the Court vacates its December 17 Order and/or enters a revised Order quashing the Plaintiffs' subpoena in its entirety.

## II.     Questions Presented

1. Should this Court reconsider its Order granting in part and denying in part Movant's Motion to Quash Subpoena, and vacate that Order and/or quash the subpoena in its entirety as an undue burden upon Movant, in light of the impending divestment of jurisdiction of this matter from this Court?

   Suggested Answer: Yes.

2. Should this Court reconsider its Order granting in party and denying in part Movant's Motion to Quash Subpoena, and vacate that Order and/or quash the subpoena in its entirety, because the materials the Court has ordered Movant to disclose are "other protected matter" under Fed. R. Civ. P. 45(d)(3)(A)?

   Suggested Answer: Yes.

## III.    Legal Argument

### a. Standard for Reconsideration

Under Fed. R. Civ. P. 54 , a district court may reconsider interlocutory orders "when it is 'consonant with justice to do so.'" *Coulston v. City of Phila.,* No. 23-4077, 2025 U.S. Dist. LEXIS

---

[1] The Order appears to place the burden for payment of the Rule 53 Special Master upon both non-party movant and the Plaintiffs. Movant does not believe that it should bear part of the cost of the Special Master.

188421, at *7 (E.D. Pa. Sep. 24, 2025) quoting *Am. Guarantee & Liab. Ins. Co. v. Fojanini*, 99 F. Supp. 2d 558, 560-61 (E.D. Pa. 2000). In light of the information obtained at and after oral argument regarding the impending plan to dismiss defendant, Monroe County from the matter and thus permit this Court to relinquish its remaining supplemental jurisdiction over this action, Movant submits that the Court's "undue burden" analysis should change in favor of Movant and in favor of vacating its Order and/or quashing the subpoena in its entirety. It is therefore consonant with justice to reconsider the Court's December 17th Order.

### b. Standard for Motion to Quash Subpoena

Under Fed. R. Civ. P. 45(d)(3)(A), this Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; […] (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

#### i. *Undue Burden Test*

In *Rardon v. Falcon Safety Prods*, a matter that did not involve a subpoena for the materials in an ongoing criminal investigation, the Third Circuit stated that pertinent factors that weigh in an undue burden analysis include, "relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance." Nos. 23-1594, 23-1596, 2023 U.S. App. LEXIS 21865, at *6 (3d Cir. Aug. 21, 2023).

Taken in the order listed in *Rardon*, as this Court will recall, **as stated on the record** by Plaintiffs' counsel, he contacted Monroe County's counsel two weeks ago to discuss the dismissal of Monroe County from this matter. The impending dismissal of defendant Monroe County and subsequent relinquishment of federal jurisdiction by this Court renders the subject of the subpoena—potential evidence of sexual abuse of Malinda that could fit the Plaintiffs' common

6

law negligence claim into a state tort immunity exception—wholly irrelevant to this Court and its concurrent subpoena power. When Monroe County is dismissed this Court will lack jurisdiction to hear the case because there will be no federal claims. There will be no basis for this Court to weigh Movant's CHRIA state confidentiality obligations and privilege against federal subpoena power. Rather, a state court will address CHRIA privilege considerations in context of the Plaintiffs' state law claim at the appropriate time.

The Plaintiffs' immediate need for this material at this time is also obviated by Monroe County's dismissal. The alleged immediate need for the materials is a function of this action's current case management deadlines. The primary tension between Movant and the Plaintiffs in the fulfillment of the subpoena relates to the timing of their purported need—where this case's current civil case management deadlines and accompanying ordered disclosures by Movant threaten to compromise the active investigation and prosecution of the complex dual-capital murder trials of Rendell and Cindy Warren, scheduled for trial on June 8, 2026. An accommodation of the request is unprecedented, and contrary to the interests of Movant and the public at large. *See, e.g. Crawford v. Dominic*, 469 F. Supp. 260, 264 (E.D. Pa. 1979)("[C]learly, the public has the strongest interest in maintaining the confidentiality of police files when those files concern an ongoing criminal investigation."); *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 343 (E.D. Pa. 1973) (analyzing *Wood v. Breier*, 54 F.R.D. 7 (E.D.Wisc.1972) and noting the finding that "the great majority of cases that have considered the discoverability of law enforcement investigations have held that in general such discovery should be barred in ongoing investigations.")

Dismissal of defendant, Monroe County, divestment of this Court's jurisdiction, appeal of the dismissed federal claims against defendants to the Third Circuit, and transfer of the state law claims to state court strikes this Court's imminent case management and trial dates, eliminates the

purported immediate need for the documents sought, and pushes that purported need well beyond the current criminal trial date, easing tensions between Movant (and the public at large's) interests and those contrary needs articulated by the Plaintiffs.

Additionally, and constrained by its CHRIA confidentiality and privilege obligations, Movant notes that the Plaintiffs' articulated need is not one for materials confirmed to exist—it is for materials whose theoretical existence is against the weight of the charges brought by Movant in the criminal trials. The prosecutors of the Chester County District Attorneys' Office brought **five hundred and sixty four** criminal charges against Rendell Hoagland and Cindy Warren and **none of those charges** are sexual assault offenses enumerated under section 5551(7). *See* Exhibit "A" to the Movant's Motion to Quash. Exhibit A to the Motion to Quash are the criminal dockets of both the defendants as the prosecutors have painstakingly charged the defendants with every criminal charge possible. This Court can take judicial notice of the fact that none of the charges are related to any type of sex crime.

If the Court so desires, the Movant can provide a supplemented affidavit of the lead prosecutor detailing the fact that there is no evidence of sexual assault by the criminal defendants otherwise they would have been charged with those offenses. Plaintiffs are trying to engage in a fishing expedition of the pictures of a tortured young child in the hopes of establishing a claim that does not exist. Plaintiffs must not be permitted to require disclosure of such confidential sensitive information when there is simply no evidence of what Plaintiffs are looking for contained in the prosecutors' files.

The materials requested may also be obtainable through other means at the appropriate time. At oral argument on the motion to quash the subpoena, obtaining investigative materials through other means focused upon materials that could have or should have been obtained through

parties to this action in the course of the of discovery in this action, as opposed to non-party Movant via subpoena. It did so because of the time constraints on this action created by the case management and trial deadlines in this case. However, when jurisdiction divests from this Court and those same time constraints are not present, a revised, state court subpoena to Movant served after the conclusion of Rendell Hoagland and Cindy Warren's criminal trials is a potentially viable alternative means of obtaining information sought.

The burden the subpoena places upon Movant and its status as a non-party remain as they did at time of filing the motion to quash, but bear repeating. Even under the attempted protections of the current Order, Movant must choose between compliance with its CHRIA obligations under Pennsylvania state law and the threat of contempt from this Court. Aside from this burden, and the threat of compromising Movant's capital murder trials against Rendell and Cindy Warren that pre-criminal trial disclosures of any kind pose, there is the fact that trial in this action is currently scheduled to begin four months prior to the criminal trials. Counsel for Plaintiffs has not represented that he and his designated expert will refrain from referencing at civil trial any descriptions of investigative materials by the Special Master or photographs or videos he moves to compel to view *in camera* himself, and the Court's Order is silent on reference to or use of those materials in open civil trial, conducted prior to the criminal trials. Without such protection in place, the power of the Court's Order to guard against compromise of the criminal trials is minimal.

Finally, the Third Circuit does not present *Rardon's* undue burden factors as exhaustive. *Rardon*, 2023 U.S. App. LEXIS 21865, at *6 ("Pertinent factors weighed in the undue burden analysis *include* relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance.") (emphasis added.) And *Rardon*'s non-exhaustive factors are

9

derived from persuasive authority from other circuits. *Id*. at fn.6 citing *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022); *Jordan v. Comm'r, Miss. Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020); *In re Mod. Plastics Corp*., 890 F.3d 244, 251 (6th Cir. 2018).

In light of the complexity of this action, this Court might similarly borrow from persuasive out-of-circuit authority in the Seventh Circuit, to incorporate "the totality of the circumstances" into its reconsidered undue burden analysis. *See, e.g. Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("[T]he court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it…") The totality of the circumstances in this action weigh heavily against any disclosure, even as provided in the Court's Order. The Court will soon be divested of jurisdiction and the action will be sent to state court where there will be ironclad CHRIA protection against disclosure of any contents of Movant's active investigation and efforts to criminally prosecute Rendell Hoagland and Cindy Warren for Malinda Hoagland's murder. There is also now a Chester County Orphans' Court action, raising questions regarding the Plaintiffs' right to bring suit on behalf of Malinda Hoagland's estate. Conceivably then, this Court's Order requiring Movant to release the contents of an active investigation and capital murder prosecutions, to the Plaintiffs' counsel, could be one that orders confidential material released to individuals that ultimately do not represent Malinda Hoagland's estate.

The totality of the circumstances—the impending easing of the immediacy of the need through divestment of federal jurisdiction, the contested claims upon administration of the estate of Malinda Hoagland, the seriousness of the capital murder investigation, and the Hobson's Choice Movant is left with—violate CHRIA, compromise its capital murder investigation and convictions and violate its core duty to "investigate, prosecute, and prevent crimes," in Chester County versus

defying the subpoena—all weigh in favor of reconsidering the Court's Order and vacating the Court's Order and/or quashing the subpoena in its entirety.

### ii. *The Court Should Quash the Entirety of the Subpoena as Confidential "Other Matter" Protected from Disclosure under Fed. R. Civ. P. 45(d)(3)(A)(iii)*

Fed. R. Civ. P. 45(d)(3)(A), states that this Court "*must* quash or modify a subpoena that:…(iii) requires disclosure of privileged or *other protected matter*, if no exception or waiver applies…" CHRIA privilege does not imbue Movant with *per se* privilege in federal court. However, courts in this Circuit have acknowledged CHRIA confidentiality as a basis to quash subpoenas as "other protected matter" under Rule 45(d)(3)(A)(iii), in far less sensitive criminal matters, even when those less sensitive matters were no longer being actively investigated. *See, e.g*. *Shetayh v. State Farm Fire & Cas. Co.,* No. 5:20-cv-00693, 2020 U.S. Dist. LEXIS 217367, at *10 (E.D. Pa. Nov. 19, 2020) ("State Farm does not dispute, and case law confirms, that investigative information is "confidential." As such, this Court finds that it is "protected matter" under Rule 45."); *Etzle v. Glova*, No. 3:22-CV-00139, 2023 U.S. Dist. LEXIS 47039, at *16 (M.D. Pa. Mar. 20, 2023)("Although CHRIA does not create a blanket privilege to remove the material from the scope of discoverable matter under Federal Rule 26, the confidentiality duties imposed by CHRIA make the material 'protected matter' that may be quashed pursuant to Federal Rule 45. By prohibiting the disclosure of the material, this Court gives due consideration to comity, satisfies the concerns of Pennsylvania General Assembly has about maintaining the confidentiality of documents that relate to a criminal investigation, and enforces the text of Rule 45.")

Separate from the undue burden imposed upon Movant in complying with the Court's Order, Movant offers that the Court should reconsider its December 17, 2025 Order because the material Movant has been ordered to disclose constitutes CHRIA privileged materials that are "protected matter" that this Court must quash under Fed. R. Civ. P. 45(d)(3)(A)(iii). It is therefore

consonant with justice to reconsider the Order and vacate it and/or quash the subpoena in its entirety.

**IV.     Conclusion**

In consideration of the undue burden that the Court's December 17, 2025 Order places upon Movant in light of oral argument and post-oral argument developments in this action, and the fact that the materials Movant has been ordered to disclose are "protected matter" under Fed. R. Civ. P. 45(d)(3)(A)(iii), movant and non-party, Chester County District Attorney's Office, requests that this Court, consonant with justice for Movant and the citizens of Chester County, reconsider its December 17, 2025 Order and vacate it and/or quash Plaintiffs' subpoena in its entirety.

Respectfully submitted,

DATED: December 22, 2025       By:     */s/Michael B. Pullano, Esquire*
                                       Michael B. Pullano, Esquire
                                       Michael.Pullano@lewisbrisbois.com
                                       Alexander D. MacMullan, Esquire
                                       Alexander.MacMullan@lewisbrisbois.com
                                       Lewis Brisbois Bisgaard & Smith, LLP
                                       575 E. Swedesford Road, Suite 102
                                       Wayne, PA 19087
                                       Phone: 215-977-4100
                                       Fax: 215-977-4101

                                       *Attorneys for Non-Party*
                                       *Chester County District Attorney's Office*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMILY LEE, JAMIE HOAGLAND, ABBEY HOAGLAND**, as Co-Administrators of the Estate of Malinda Hoagland,<br>            Plaintiffs,<br><br>v.<br><br>**COUNTY OF CHESTER, COUNTY OF MONROE, ADELAIDE GRACE, EVE LARGE, and DOUG WAEGEL**<br>            Defendants. | Civil Action No. 2:24-cv-04180 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Non-party Chester County District Attorney's Office's Motion for Reconsideration of the Court's December 17, 2025 Order Granting in Part and Denying in Part its Motion to Quash Plaintiffs' Subpoena, supporting Brief, and proposed Order has been served upon the following counsel of record via ECF notification:

| | | |
|---|---|---|
| Thomas Bosworth, Esq.<br>Terrance R. DeAngelo, Esq.<br>Benjamin J. Phelps, Esq.<br>Isaac Santiago, Esq.<br>Bosworth Law, LLC<br>123 S. Broad Street, Suite 1620<br>Philadelphia, PA 19109<br>*Attorney for Plaintiffs* | David J. MacMain<br>Stephen G. Rhoads<br>MacMain Leinhauser PC<br>433 W. Market Street, Suite 200<br>West Chester, PA 19382<br>*Attorney for Defendants,<br>County of Chester,<br>Eve Large and Doug Waegel* | Gerard J. Geiger, Esq.<br>Newman Williams, P.C.<br>712 Monroe Street<br>P.O. Box 511<br>Stroudsburg, PA 18360-0511<br>*Attorney for Monroe County<br>Defendants* |

DATED: December 22, 2025        By:    */s/Michael B. Pullano, Esquire*
                                            Michael B. Pullano, Esquire
                                            Michael.Pullano@lewisbrisbois.com
                                            Alexander D. MacMullan, Esquire
                                            Alexander.MacMullan@lewisbrisbois.com
                                            Lewis Brisbois Bisgaard & Smith, LLP
                                            575 E. Swedesford Road, Suite 102
                                            Wayne, PA 19087
                                            Phone: 215-977-4100

Fax: 215-977-4101

*Attorneys for Non-Party*
*Chester County District Attorney's Office*

2